**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN BIBB, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SESEN BIO, INC., THOMAS R. CANNELL, and MONICA FORBES,<br><br>Defendants. | CASE No.: 1:21-cv-07025-AKH<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JOSEPH P. NOLFF TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>ORAL ARGUMENT REQUESTED |
| MICHAEL CIZEK, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SESEN BIO, INC., THOMAS R. CANNELL, and MONICA FORBES,<br><br>Defendants. | CASE No.: 1:21-cv-07309-AKH<br><br><u>CLASS ACTION</u> |

SCOTT MARKMAN, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

    v.

SESEN BIO, INC., THOMAS R. CANNELL, and MONICA FORBES,

    Defendants.

CASE No.: 1:21-cv-08308-AKH

<u>CLASS ACTION</u>

Joseph P. Nolff ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    consolidating the above-captioned actions;

(b)    appointing Movant as Lead Plaintiff for the class of all persons and entities that purchased or otherwise acquired Sesen Bio, Inc. ("Sesen Bio" or the "Company") securities between December 21, 2020 and August 17, 2021, inclusive (the "Class Period"); and

(c)    approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

<b><u>INTRODUCTION AND BACKGROUND</u></b>

This action, *Bibb v. Sesen Bio, Inc., et al.*, Case No. 1:21-cv-07025-AKH (the "*Bibb* Action"), was commenced on August 19, 2021, against Sesen Bio, Thomas R. Cannell, and Monica Forbes ("Defendants") for violations under the Exchange Act. That same day, an early notice pursuant to the PSLRA was published advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto.

1

A related action, captioned *Cizek v. Sesen Bio, Inc., et al.*, Case No. 1:21-cv-07309-AKH (the "*Cizek* Action"), was filed on August 31, 2021. Another related action, captioned *Markman v. Sesen Bio, Inc., et al.*, Case No. 1:21-cv-08308-AKH (the "*Markman* Action" and collectively with the *Bibb* Action and *Cizek* Action, the "Related Actions"), was filed on October 7, 2021. The Related Actions allege the same violations under the Exchange Act against the same Defendants during the same Class Period.

Defendant Sesen Bio is a late-stage clinical company that purports to advance targeted fusion protein ("TFP") therapeutics for cancer treatments. Its most advanced product candidate is Vicineum (VB4-845), a locally administered TFP developed as a treatment of bacillus Calmette-Guérin ("BCG")-unresponsive non-muscle invasive bladder cancer ("NMIBC"). On December 21, 2020, the Company announced that it had submitted its Biologics License Application ("BLA") to the U.S. Food and Drug Administration ("FDA") for Vicineum for the treatment of BCG-unresponsive NMIBC.

The complaints allege that during the Class Period, Defendants made false and misleading statements and/or failed to disclose the: (1) Sesen Bio's clinical trial for Vicineum had more than 2,000 violations of trial protocol, including 215 classified as "major"; (2) three of Sesen Bio's clinical investigators were found guilty of "serious noncompliance," including "back-dating data"; (3) Sesen Bio had submitted the tainted data in connection with the BLA for Vicineum; (4) Sesen Bio's clinical trials showed that Vicineum leaked out into the body, leading to side effects including liver failure and liver toxicity, and increasing the risks for fatal, drug-induced liver injury; (5) as a result of the foregoing, the Company's BLA for Vicineum was not likely to be approved; (6) as a result of the foregoing, there was a reasonable likelihood that Sesen Bio would be required to conduct additional trials to support the efficacy and safety of Vicineum; and (7) as a result of the foregoing, defendants' positive statements about the

Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On August 13, 2021, Sesen Bio announced that the FDA declined to approve its BLA for Vicineum in its current form. The FDA provided certain "recommendations specific to additional clinical/statistical data and analyses in addition to Chemistry, Manufacturing and Controls (CMC) issues pertaining to a recent pre-approval inspection and product quality." On this news, the Company's share price fell $2.80, or 57%, to close at $2.11 per share on August 13, 2021, on usually heavy trading volume.

On August 16, 2021, Sesen Bio further revealed that "it appears that [the Company] will need to do a clinical trial to provide the additional efficacy and safety data necessary for the FDA to assess the benefit-risk profile, which is the basis for approval." As a result, the Company expected that it could not resubmit its BLA until 2023. On this news, the Company's share price fell $0.89, or 42%, to close at $1.22 per share on August 16, 2021, on unusually heavy trading volume.

Then, on August 18, 2021, before the market opened, the health and medicine news site *STAT* published an article "Sesen Bio trial of cancer drug marked by misconduct and worrisome side effects, documents show." Citing "hundreds of pages of internal documents" and "three people familiar with the matter," the article detailed that the clinical trial for Vicineum was "marked by thousands of violations of study rules, damning investigator conduct, and worrying signs of toxicity the company did not publicly disclose."

On this news, the Company's share price fell $0.20, or 13%, to close at $1.31 per share on August 18, 2021, on usually heavy trading volume. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's shares, Plaintiff and other Class members have suffered significant losses and damages.

**ARGUMENT**

## I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned Related Actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost $394,367.94 in connection with his purchases of Sesen Bio securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Sesen Bio securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

## C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

## 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Securities Act by issuing false and misleading statements about Sesen Bio's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

## 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Sesen Bio securities and is therefore extremely motivated to pursue claims in this action.

7

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movant's ability and desire to represent the Class fairly and adequately has been discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

Movant resides in Florida and is a sophisticated investor with over 20 years of investing experience. Movant was recently appointed as lead plaintiff in another securities class action, *Tate v. Aterian, Inc.*, Case No. 1:21-cv-04323-VM (S.D.N.Y.); therefore, he fully understands his responsibilities as lead plaintiff and is capable of representing the claims of the Class vigorously.

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Accordingly, Movant has the largest financial interest in this case of any timely lead plaintiff, and the Court should appoint Movant as Lead Plaintiff for the Class.

### III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching Movant's and class members' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto.

As the firm's resume reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *Id.* Indeed, Rosen Law is one of the preeminent securities class action law firms in the country. Rosen Law has served as sole and co-lead counsel in numerous cases around the country has recovered hundreds of millions of dollars for investors. *Id*. In 2019 alone, the ISS Institutional Securities Class Action Services ranked Rosen as the Number 3 securities class action firm both in terms of amount recovered for investors—$438,340,000—and the number of settlements—12.[2]   Founding partner, Laurence Rosen was also recognized by Law360 as a Titan of Plaintiffs Bar for 2020.[3]

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

---

[2] https://www.issgovernance.com/file/publications/ISS-SCAS-Top-50-of-2019.pdf. at p. 6-9.
[3] https://www.law360.com/articles/1254748/titan-of-the-plaintiffs-bar-rosen-law-firm-s-laurence-rosen.

**CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving Movant's selection of Rosen Law as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.


Dated: October 18, 2021                    Respectfully submitted,

                                           **THE ROSEN LAW FIRM, P.A.**

                                           /s/ Phillip Kim
                                           Phillip Kim, Esq. (PK 9384)
                                           Laurence M. Rosen, Esq. (LR 5733)
                                           275 Madison Avenue, 40th Floor
                                           New York, New York 10016
                                           Telephone: (212) 686-1060
                                           Fax: (212) 202-3827
                                           Email: pkim@rosenlegal.com
                                           Email: lrosen@rosenlegal.com

                                           *[Proposed] Lead Counsel for Lead Plaintiff*
                                           *and Class*


10

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim

11