**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| RYAN BIBB, Individually And On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br> vs. <br><br> SESEN BIO, INC., THOMAS R. CANNELL, and MONICA FORBES <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:21-cv-07025-AKH |
| MICHAEL CIZEK, Individually And On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br> vs. <br><br> SESEN BIO, INC., THOMAS R. CANNELL, and MONICA FORBES <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:21-cv-07309-AKH |

(*Additional Case Caption Continued On Following Page*)


**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CURTIS CINELLI FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

|  |  |
|---|---|
| SCOTT MARKMAN, Individually And On Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br>        vs.<br><br>SESEN BIO, INC., THOMAS R. CANNELL, and MONICA FORBES<br><br>                  Defendants. | Case No. 1:21-cv-08308-AKH |

**KAHN SWICK & FOTI, LLC**
Kim E. Miller (NY-6996)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
E-Mail: kim.miller@ksfcounsel.com

-and-

Lewis S. Kahn
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
E-Mail: lewis.kahn@ksfcounsel.com

*Counsel for Lead Plaintiff Movant Curtis Cinelli*
*and Proposed Lead Counsel for the Class*

**TABLE OF CONTENTS**

**Page:**

I.      PRELIMINARY STATEMENT ................................................................................... 1

II.     PROCEDURAL BACKGROUND.............................................................................. 2

III.    FACTUAL BACKGROUND.................................................................................... 3

IV.     ARGUMENT ............................................................................................................ 5

    A.      The Court Should Consolidate the Related Actions ..................................... 5

    B.      Mr. Cinelli is the Presumptive "Most Adequate Plaintiff" and
         the Court Should Appoint Him Lead Plaintiff................................................ 6

        1.      Mr. Cinelli Filed a Timely and Procedurally Complete
            Motion for Lead Plaintiff.................................................................... 7

        2.      Mr. Cinelli Has the Largest Known Financial Interest
            in the Relief Sought ............................................................................ 8

        3.      Mr. Cinelli "Otherwise Satisfies" the Prima Facie
            Requirements of Rule 23 .................................................................... 8

    C.      Mr. Cinelli's Claims Are Typical of the Claims of
         All the Class Members.................................................................................... 9

    D.      Mr. Cinelli Will Adequately Represent the Class.......................................... 9

    E.      THE COURT SHOULD APPROVE MR. CINELLI'S
        CHOICE OF LEAD COUNSEL ................................................................... 10

V.      CONCLUSION....................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s):**

**Cases**

*Daniels v. City of N.Y.*,
198 F.R.D. 409 (S.D.N.Y. 2001) ............................................................................................ 10

*Ferrari v. Impath*,
No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ............................ 10

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.*,
No. 16-cv-0349, 2016 U.S. Dist. LEXIS 139215 (S.D.N.Y. Oct. 4, 2016) .............................. 8

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
288 F.R.D. 26 (S.D.N.Y. 2012) ............................................................................................... 8

*In re Lucent Techs. Sec. Litig.*,
194 F.R.D. 137 (D.N.J. 2000) ................................................................................................ 12

*In re Nortel Networks Corp.*,
No. 01-cv-1855, 2002 U.S. Dist. LEXIS 1633 (S.D.N.Y. Feb. 4, 2002) ................................ 12

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) .......................................................................................... 6

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990) ................................................................................................... 5

*Kux-Kardos v. VimpelCom, Ltd.*,
151 F. Supp. 3d 471 (S.D.N.Y. 2016) ...................................................................................... 5

*Primavera Familienstiftung v. Askin*,
173 F.R.D. 115 (S.D.N.Y. 1997) .............................................................................................. 6

*Rossini v. Ogilvy & Mather, Inc.*,
798 F.2d 590 (2d Cir. 1986) ................................................................................................... 10

*Sofran v. Labranche & Co.*,
220 F.R.D. 398 (S.D.N.Y. 2004) .............................................................................................. 7

*Wilder v. Bernstein*,
499 F. Supp. 980 (S.D.N.Y. 1980) ......................................................................................... 10

**Statutes**

15 U.S.C. § 78u-4(a)(1) ............................................................................................................. 7

15 U.S.C. § 78u-4(a)(2) ............................................................................................................. 8

15 U.S.C. § 78u-4(a)(3)(A) ..................................................................................................... 7, 8

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................................... passim

ii

**Rules**

Fed. R. Civ. P. 23(a)(3) .......................................................................................................... 10

Fed. R. Civ. P. 23(a)(4) .......................................................................................................... 11

Fed. R. Civ. P. 42 ...................................................................................................................... 6

Fed. R. Civ. P. 6 ........................................................................................................................ 8

Curtis Cinelli ("Mr. Cinelli" or the "Movant") respectfully submits this Memorandum of Law in support of his motion to: (1) consolidate the Related Actions; (2) appoint Mr. Cinelli as Lead Plaintiff in this action filed against Sesen Bio, Inc. ("Sesen" or the "Company") and other related Defendants, pursuant to Section 21D(a)(3)B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act ("PLSRA"); (3) approve Mr. Cinelli's selection of the law firm of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

## I.    PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995, as amended, 15 U.S.C. §78u-4(a)(3)(B) (the "PSLRA"), provides that a court must appoint as lead plaintiff of a securities class action the "'most adequate plaintiff.'" 15 U.S.C. §78u-4(a)(3)(B)(i). Mr. Cinelli believes he is the most adequate plaintiff here because he timely moved to be lead plaintiff, has the largest financial interest in the litigation, and satisfies the representative requirements set forth in Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). For the reasons summarized herein and discussed more fully below, Mr. Cinelli's Motion should be approved in its entirety.

Mr. Cinelli fully understands his duties and responsibilities to the Class. He is willing and able to oversee the vigorous prosecution of this action. As described in the Certification and Loss Chart attached to the Declaration of Kim E. Miller in Support of Curtis Cinelli's Motion to Be Appointed Lead Plaintiff and to Approve Proposed Lead Plaintiff's Selection of Counsel ("Miller Decl.") at Exhibit A (Cinelli PSLRA Certification) and Exhibit B (Cinelli Loss Chart), Mr. Cinelli has suffered substantial losses as a result of his purchases of Sesen securities between December 21, 2020 and August 17, 2021, inclusive (the "Class Period"). *See* Miller Decl. at Ex. A, Ex. B. To

the best of his knowledge, Mr. Cinelli has sustained the largest losses of any investor(s) seeking to be appointed Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, Mr. Cinelli's Declaration, submitted herewith, demonstrates his intent to serve as Lead Plaintiff in this matter, including his cognizance of the duties of serving in that role. *See* Miller Decl. at Exhibit D (Cinelli Declaration). Moreover, Mr. Cinelli satisfies both the applicable requirements of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 23 of the Federal Rules of Civil Procedure.

Accordingly, Mr. Cinelli respectfully submits this memorandum of law in support of his motion, pursuant to 15 U.S.C. § 78u-4(a)(3)(B), for an Order: (1) consolidating the Related Actions; (2) appointing Mr. Cinelli as Lead Plaintiff in this action; and (3) approving his selection of the law firm of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel for the Class.

## II.     PROCEDURAL BACKGROUND

The first lawsuit against Defendants, *Ryan Bibb, et al., v. Sesen Bio, Inc., et al.*, No. 1:21-cv-0705-AHK (the "*Bibb* Action"), was filed in the Southern District of New York on August 19, 2021. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on the same day, the first notice that a class action had been initiated against Defendants was published on *Business Wire*, a widely circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than October 18, 2021. *See* Miller Decl. at Exhibit C (Statutory Notice).

Thereafter, on August 31, 2021, the second lawsuit against Defendants, *Michael Cizek, et al., v. Sesen Bio, Inc., et al.*, No. 1:21-cv-07309-AHK (the "*Cizek* Action"), alleging substantially similar claims as the *Bibb* Action, was filed this District. On October 7, 2021, the third lawsuit against Defendants, *Scott Markman, et al., v. Sesen Bio, Inc., et al.*, No. 1:21-cv-08308-AHK (the

2

"*Markman* Action"), also alleging substantially similar claims as the *Bibb* Action, was filed in this District.

Mr. Cinelli is a Class Member who has timely filed this motion within the 60-day period following publication of the August 19, 2021 Notice. *See* Miller Decl. at Ex. C.

### III.   FACTUAL BACKGROUND[1]

Sesen is a late-stage clinical company purporting to advance TFP therapeutics for cancer treatments. ¶ 21. Its most advanced product candidate is Vicineum. *Id.* Sesen is a Delaware company with principal executive offices located in Cambridge, Massachusetts. ¶ 17. Sesen's common stock trades on the NASDAQ exchange under the ticker symbol "SESN." *Id.*

On December 21, 2020, the first day of the Class Period, the Company announced that it had submitted a "completed Biologics License Application" to the FDA for Vicineum. ¶ 22. Its press release stated, among other things, that the "BLA is supported by the pivotal Phase 3 VISTA trial, which the Company believes demonstrates a strong benefit-risk profile. The BLA also includes positive chemistry, manufacturing and controls (CMC) data that the Company believes validates the analytical comparability between clinical and commercial supply." *Id.* On February 1, 2021, the Company announced that it has a "productive Application Orientation Meeting" with the FDA regarding the BLA for Vicineum. ¶ 23. Defendant Dr. Thomas Cannell, Sesen's Chief Executive Officer ("CEO"), stated in a press release "[w]e are very pleased with the outcome of Friday's 90-minute meeting the FDA," and that Sesen was "encouraged by the high level of time and engagement the FDA has demonstrated toward our review." *Id.*

Throughout the Class Period Defendants continued to tout the strength of the Vicineum BLA. But those and other statements were materially false and/or misleading and failed to disclose

---

[1] These facts were derived from the Complaint filed in the *Bibb* Action. All "¶ __" references herein are to the *Bibb* Complaint.

material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose that: (1) Sesen's clinical trial for Vicineum had more than 2,000 violations of trial protocol, including 215 classified as "major"; (2) that three of Sesen Bio's clinical investigators were found guilty of "serious noncompliance," including "back-dating data"; (3) that Sesen Bio had submitted the tainted data in connection with the BLA for Vicineum; (4) that Sesen Bio's clinical trials showed that Vicineum leaked out into the body, leading to side effects including liver failure and liver toxicity, and increasing the risks for fatal, drug-induced liver injury; (5) that, as a result of the foregoing, the Company's BLA for Vicineum was not likely to be approved; (6) that, as a result of the foregoing, there was a reasonable likelihood that Sesen Bio would be required to conduct additional trials to support the efficacy and safety of Vicineum; and (7) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. ¶ 38.

The truth began to emerge on August 13, 2021, when Sesen announced that it had received a Complete Response Letter ("CRL") from the FDA declining to approve its BLA for Vicineum. ¶ 39. On this news, the Company's share price fell $2.80, or 57%, to close at $2.11 per share on August 13, 2021, on unusually heavy trading volume. ¶ 40. On August 16, 2021, Sesen held a conference call to discuss the CRL with analysts and investors. ¶ 41. During the call Defendant Cannell revealed that Sesen would "need to do a clinical trial to provide the additional efficacy and safety data necessary for the FDA to assess the benefit-risk profile" of Vicineum, "which is the basis for approval." ¶ 41. On this news, the Company's share price fell $0.89, or 42%, to close at $1.22 per share on August 16, 2021, on unusually heavy trading volume. ¶ 42.

4

Finally, on August 18, 2021, before the market opened, *STAT* published an article entitled "Sesen Bio trial of cancer drug marked by misconduct and worrisome side effects, documents show." ¶ 44. The *STAT* article revealed, for the first time, the major VISTA trial protocol violations, serious and continued noncompliance of VISTA clinical investigators, "and worrying sings of toxicity the company did not publicly disclose." *Id.* On this news, the Company's share price fell $0.20, or 13%, to close at $1.31 per share on August 18, 2021, on unusually heavy trading volume. ¶ 47.

## IV.   ARGUMENT

### A.   The Court Should Consolidate the Related Actions

Pursuant to the PSLRA, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Pursuant to Rule 42(a), "[t]he Court enjoys 'broad discretion to determine whether consolidation is appropriate.'" *Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 475 (S.D.N.Y. 2016) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); Wright & Miller, *Consolidation—Discretion of Court*, 9A FED. PRAC. & PROC. CIV. § 2383 (3d ed.) ("[D]istrict court is given broad discretion to decide whether consolidation under Rule 42(a) would be desirable and the district judge's decision inevitably is highly contextual.").

Courts have recognized that securities class actions are ideally suited for consolidation pursuant to Fed. R. Civ. P. 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of the parties and witnesses for inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned. *See Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Consolidating shareholder class actions streamlines and simplifies pre-trial and discovery proceedings, including

5

motions, class action issues, clerical and administrative duties, and generally reduces the confusion and delay that result from prosecuting related actions separately before two or more judges. *Id.*; *see also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286 (E.D.N.Y. 1998) (same).

The *Bibb* Action, *Cizek* Action, and *Markman* Action, all pending before the United States District Court for the Southern District of New York, make substantially similar allegations on behalf of a similar class of shareholders. In light of these legal principles and the numerous commonalities shared by the actions, consolidation is appropriate under Rule 42(a).

### B.  Mr. Cinelli is the Presumptive "Most Adequate Plaintiff" and the Court Should Appoint Him Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1), 78u-4(a)(3)(B). It provides that, within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service informing class members of their right to move the Court, within sixty (60) days of the publication, for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i); *see generally Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court must then consider any motion made by class members and appoint as lead plaintiff that movant the Court determines to be most capable of adequately representing the interests of class members. *See generally Sofran*, 220 F.R.D. at 401. Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

(aa)   has either filed the complaint or made a motion in response to a notice [published by a complainant];

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil

6

Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. Cinelli respectfully submits that he should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 1.   Mr. Cinelli Filed a Timely and Procedurally Complete Motion for Lead Plaintiff

Under the PSLRA, the first plaintiff to file an action must publish notice advising members of the putative plaintiff class of the pending action in a widely circulated national business-oriented publication or wire service and members of the putative class have sixty days from the date of publication to move the court to serve as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)-(B). Here, notice was published on *Business Wire* on August 19, 2021, and specified that applications for appointment as Lead Plaintiff were to be made no later than October 18, 2021. *See* Miller Decl. at Ex. C.[2] Thus, the notice satisfied the PSLRA's requirements. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).

In light of the fact that the original notice was published on August 19, 2021, the appropriate deadline for application to be lead plaintiff is October 18, 2021. *See* Miller Decl. at

---

[2] Publication by a national press release firm like *Business Wire* is an adequate means for meeting the PSLRA statutory requirement that notice be published in a widely circulated national business-oriented wire service. *See, e.g.*, *In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16-cv-0349, 2016 U.S. Dist. LEXIS 139215, at *9 (S.D.N.Y. Oct. 4, 2016) (holding publication in *Business Wire* "satisfie[d] the requirements of 15 U.S.C. § 78u-4(a)(3)(A)(i)"); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 32 (S.D.N.Y. 2012) (characterizing *Business Wire* as "a widely-circulated, national, business-orientated news reporting wire service" and accepting publication therein for purposes of satisfying the SPLRA's [sic] notice requirement).

Ex. C; Fed. R. Civ. P. 6. Mr. Cinelli has therefore timely filed his motion. Moreover, with that motion, he has signed and submitted the required Certification in which he certifies his trading history during the Class Period and confirms his willingness and ability to serve as Lead Plaintiff, thereby satisfying the certification requirement set forth in 15 U.S.C. § 78u-4(a)(2)(A). *See* Miller Decl. at Ex. A. Additionally, Mr. Cinelli has executed a Declaration detailing, *inter alia*, his biographical information, professional credentials, and investment experience. *See* Miller Decl. at Ex. D. Accordingly, Mr. Cinelli has filed a timely and procedurally complete motion for lead plaintiff in response to a notice that satisfies the statutory requirements.

### 2. Mr. Cinelli Has the Largest Known Financial Interest in the Relief Sought

During the Class Period, as evidenced by the accompanying signed Certification, Mr. Cinelli purchased Sesen securities on the NASDAQ in reliance upon Defendants' materially false and misleading statements and omissions and was injured thereby. *See* Miller Decl. at Ex. A. In addition, Mr. Cinelli incurred a substantial loss on his transactions in Sesen securities. *See* Miller Decl. at Ex. B. To the best of his knowledge, Mr. Cinelli thus has the largest financial interest in the relief sought. Therefore, Mr. Cinelli satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 3. Mr. Cinelli "Otherwise Satisfies" the Prima Facie Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, lead plaintiffs must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As outlined above, to be afforded the presumption in step two, a movant need only make a *prima facie* showing that it is otherwise typical and adequate. That *prima facie* determination should be based on the information the movant has provided in its pleadings and

declarations only, and rebuttal evidence introduced by competing movants should specifically not be considered during this second step analysis. Here, Mr. Cinelli easily satisfies these minimal, *prima facie* requirements.

### C.   Mr. Cinelli's Claims Are Typical of the Claims of All the Class Members

Under Federal Rule of Civil Procedure 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiffs' claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001) (citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980)); *see also Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004) (same).

In this case, the typicality requirement is met because Mr. Cinelli's claims are identical, non-competing, and non-conflicting with the claims of the other class members. Mr. Cinelli and all the other Class Members: (1) purchased Sesen securities during the Class Period; (2) purchased Sesen securities in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (3) suffered damages by purchasing artificially inflated securities and then suffered harm when the truth was revealed and the inflation was removed from the unit price. Mr. Cinelli's claims are typical of those of other Class Members since his claims and the claims of other Class Members resulted from the same illegal practices.

### D.   Mr. Cinelli Will Adequately Represent the Class

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the

interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of the movants to the existence of any conflicts between the interests of the movants, on the one hand, and the members of the Class, on the other hand. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflicts between the named plaintiff and the other class members; and (2) if the proposed class representative's choice of counsel can prosecute vigorously on behalf of the class. *See* 15 U.S.C. § 78u-4(a)(3)(B).

Here, Mr. Cinelli is an adequate representative of the Class. As evidenced by the injuries suffered by Mr. Cinelli, who purchased Sesen securities at prices that were artificially inflated by Defendants' materially false and misleading statements and was harmed when the truth was revealed and the artificial inflation was removed from the price of those securities, his interests are clearly aligned with the members of the Class, and there is no evidence of any antagonism between Mr. Cinelli's interests and those of the other members of the Class. Furthermore, Mr. Cinelli has retained competent and experienced counsel to prosecute these claims. Mr. Cinelli's proposed Lead Counsel is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Thus, Mr. Cinelli *prima facie* satisfies the commonality, typicality, and adequacy requirements of Rule 23 for the purposes of this motion.

### E.   THE COURT SHOULD APPROVE MR. CINELLI'S CHOICE OF LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed lead plaintiffs shall, subject to court approval, select and retain counsel to represent the class they seek to represent. Courts have refrained from disturbing lead plaintiffs' choice of counsel unless it is necessary to "protect the interests of the class." *In re Lucent Techs. Sec. Litig.*, 194 F.R.D. 137, 155 (D.N.J. 2000) (citation omitted); *see also In re Nortel Networks Corp.*, No. 01-cv-1855, 2002 U.S. Dist. LEXIS 1633, at *2 (S.D.N.Y. Feb. 4, 2002) (same).

Here, Mr. Cinelli has selected KSF to be Lead Counsel for the Class. As reflected in its firm resume, KSF is more than qualified to work as lead counsel to prosecute the claims of the class. *See* Miller Decl. at Exhibit E (KSF Resumé). With lawyers in Louisiana, New York, and California dedicated to the practice of class action and individual investor securities and corporate governance litigation, KSF is one of the nation's premier boutique securities litigation law firms. KSF has represented stockholders as lead or co-lead counsel in numerous class and derivative litigations, many of which have resulted in substantial recoveries on behalf of stockholders, amounting to hundreds of millions of dollars. *Id.*

Notably, KSF has achieved numerous litigation successes serving as lead, co-lead, or executive committee counsel in other securities class actions. *See* Miller Decl. at Ex. E, citing *In re Chicago Bridge & Iron Co. N.V. Secs. Litig.*, No. 17-cv-1580 (S.D.N.Y) (plaintiffs' motion for class certification was granted on March 23, 2020); *Abramson v. NewLink Genetics Corp., et al.*, No. 16-cv-03545 (S.D.N.Y.) (in which the Second Circuit vacated in part the District Court's dismissal of plaintiffs' complaint on July 13, 2020).

KSF also served as special counsel and court-appointed Co-Counsel to the lead plaintiff in *The Erica P. John Fund, Inc. v. Halliburton Company, et al.*, No. 02-cv-1152 (N.D. Tex.), which settled for $100 million. Prior to settlement, the *Halliburton* case itself had twice been to the United States Supreme Court. In the first instance, plaintiffs won 9-0. In the second instance, the Halliburton defendants challenged the "fraud on the market theory," the fundamental theory on which all class action securities litigation rests. Despite the Halliburton defendants' protestations, the Supreme Court sided with the plaintiffs and upheld that theory. As the aforementioned cases demonstrate, KSF possesses the requisite experience and knowledge litigating complex securities cases.

11

Thus, the Court may be assured that, in granting this motion, the Class will continue to receive legal representation of the highest caliber.

## V.    CONCLUSION

For all of the foregoing reasons, Curtis Cinelli respectfully requests that this Court: (1) consolidate the Related Actions; (2) appoint Mr. Cinelli to serve as Lead Plaintiff in this class action lawsuit; (3) approve Mr. Cinelli's selection of KSF as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: October 18, 2021                   Respectfully submitted,

                                          **KAHN SWICK & FOTI, LLC**


                                          */s/ Kim E. Miller*
                                          Kim E. Miller (KM-6996)
                                          250 Park Avenue, 7th Floor
                                          New York, NY 10177
                                          Telephone: (212) 696-3730
                                          Facsimile: (504) 455-1498
                                          E-Mail: kim.miller@ksfcounsel.com

                                          -and-

                                          Lewis S. Kahn
                                          1100 Poydras Street, Suite 3200
                                          New Orleans, LA 70163
                                          Telephone: (504) 455-1400
                                          Facsimile: (504) 455-1498
                                          E-Mail: lewis.kahn@ksfcounsel.com

                                          *Counsel for Lead Plaintiff Movant Curtis Cinelli*
                                          *and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on October 18, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to non-CM/ECF participants indicated on the attached Manual Notice List.

*/s/ Kim E. Miller*
Kim E. Miller

13