**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RYAN BIBB, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SESEN BIO, INC., THOMAS R. CANNELL, and MONICA FORBES,<br><br>Defendants. | Case No. 1:21-cv-07025 (AKH)<br><br><u>CLASS ACTION</u> |
| MICHAEL CIZEK, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SESEN BIO, INC., THOMAS R. CANNELL, and MONICA FORBES,<br><br>Defendants. | Case No. 1:21-cv-07309 (AKH)<br><br><u>CLASS ACTION</u> |
| SCOTT MARKMAN, Individually and On Behalf of All Others Similar Situated,<br><br>Plaintiff,<br><br>v.<br><br>SESEN BIO, INC., THOMAS R. CANNELL, and MONICA FORBES,<br><br>Defendants. | Case No. 1:21-cv-08308 (AKH)<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF CESAR BUSTAMANTE'S MOTION FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL SELECTION**

# TABLE OF CONTENTS

SUMMARY OF ARGUMENT.................................................................................................1

FACTUAL BACKGROUND ...............................................................................................2

PROCEDURAL BACKGROUND .........................................................................................5

ARGUMENT ....................................................................................................................6

   I.    The Cases Should Be Consolidated...............................................................6

   II.   Movant Should Be Appointed Lead Plaintiff.................................................7

      A.   Movant Is Willing to Serve as Class Representative.............................8

      B.   Movant Has the "Largest Financial Interest" in the Related Actions..............8

      C.   Movant Otherwise Satisfies the Requirements of Rule 23 ......................9

         1.   Movant's Claims Are Typical .....................................................10

         2.   Movant Is an Adequate Representative ........................................10

   III.   Lead Plaintiff's Selection of Counsel Should Be Approved ........................11

CONCLUSION ................................................................................................................11

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ................................................................................9, 11

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*,
    269 F.R.D. 291 (S.D.N.Y. 2010) ...............................................................................10

*In re eSpeed, Inc. Sec. Litig.*,
    232 F.R.D. 95 (S.D.N.Y. 2005) .................................................................................10

*Ferrari v. Impath, Inc.*,
    No. 03 Civ. 5667, 2004 WL 1637053 (S.D.N.Y. July 20, 2004) ...............................6

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990) .....................................................................................6

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
    No. 08 Civ. 7281, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008).............................10

*Martingano v. Am. Int'l Grp., Inc.*,
    No. 06 Civ. 1625, 2006 WL 1912724 (E.D.N.Y. July 11, 2006)...............................6

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
    275 F.R.D. 187 (S.D.N.Y. 2011).................................................................................7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008) .....................................................................8, 9

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001)..................................................................................6

**Statutes**

15 U.S.C. § 78j-2(b) .............................................................................................................1

15 U.S.C. § 78t(a)..................................................................................................................1

15 U.S.C. § 78u-4, *et seq.*........................................................................................1, 7, 8, 11

**Rules**

17 C.F.R. § 240.10b-5 ...........................................................................................................1

Fed. R. Civ. P. 23 ......................................................................................1, 2, 8, 9

Fed. R. Civ. P. 42 ............................................................................................6, 7

**Other Authorities**

D. Garde, *Sesen Bio trial of cancer drug marked by misconduct and worrisome side effects, documents show*, STAT NEWS (Aug. 18, 2021), https://www.statnews.com/2021/08/18/sesen-bio-trial-of-cancer-drug-marked-by-misconduct-documents-show/ ..................................................................4

*Edited Transcript of Business Update Call*, SESEN BIO, INC. (Aug. 16, 2021), https://ir.sesenbio.com/static-files/cb6d46da-104c-4721-bfc3-f38c18711b71 .........................4

*Sesen Bio Receives Complete Response Letter from FDA for Vicineum^{TM} (oportuzumab monatox-qqrs)*, BUSINESS WIRE, INC. (Aug. 13, 2021, 2:40 PM), https://www.businesswire.com/news/home/20210813005377/en/ ..........................................3

Lead Plaintiff Movant Cesar Bustamante ("Bustamante" or "Movant") respectfully submits this memorandum of law in support of his motion for: (i) the consolidation of the above-captioned actions; (ii) the Movant's appointment pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* ("PSLRA") as Lead Plaintiff for the proposed class in the above-captioned actions; (iii) the Court's approval of Movant's selection of the law firm of Kirby McInerney LLP ("Kirby McInerney") as Lead Counsel for the proposed class; and (iv) such other and further relief as the Court may deem just and proper.

## SUMMARY OF ARGUMENT

Presently pending in this District are three related securities class actions brought pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j-2(b) and 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Sesen Bio, Inc. ("Sesen" or the "Company"), Thomas R. Cannell, and Monica Forbes (collectively, the "Defendants"), for violations of federal securities laws on behalf of all persons and entities who purchased or otherwise acquired Sesen securities between December 21, 2020 and August 17, 2021, both dates inclusive (the "Class Period"). [1]

Pursuant to the PSLRA, the movant with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff," or the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the court shall appoint the most adequate plaintiff as lead plaintiff absent proof of that movant's inadequacy or atypicality.

Movant believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial loss suffered as a result of Defendants'

---

[1] The Class Periods alleged in the above-captioned related actions are the same.

wrongful conduct as alleged in these actions. Specifically, Movant purchased 89,449 shares of Sesen during the Class Period, with a total Class Period expenditure of $517,558.84. Movant sold 81,479 Sesen shares during the Class Period, with total proceeds during the Class Period of $472,955.79. The net shares purchased total 7,970 and the net Class Period expenditures total $44,603.05. Movant suffered total Class Period investment losses of $37,311.85 when shares are matched on a last-in, first-out basis ("LIFO"). *See* Exhibit ("Ex.") 3 to the accompanying Declaration of Thomas W. Elrod, dated October 18, 2021 ("Elrod Decl.").[2]

In addition, for purposes of this motion, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Movant respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Movant's selection of the law firm of Kirby McInerney as lead counsel for the class should be approved because the firm has substantial experience in securities class actions and the resources to efficiently prosecute this action.

## **FACTUAL BACKGROUND**

Sesen is a late-stage clinical company that purports to advance targeted fusion protein ("TFP") therapeutics for cancer treatments.[3] Its most advanced product candidate is Vicineum (VB4-845), a locally administered TFP developed as a treatment for Bacillus Calmette-Guérin ("BCG") unresponsive non-muscle invasive bladder cancer ("NMIBC"). Sesen reported preliminary efficacy data from its ongoing Phase 3 clinical trial for Vicineum, the VISTA trial, in

---

[2] All exhibit references herein refer to the Elrod Decl.

[3] The factual allegations in this section are derived from the complaints filed in the above-captioned related actions.

August 2019.  Sesen is headquartered at 245 First Street, Suite 1800, Cambridge, MA 02142. Sesen securities traded on the Nasdaq Stock Market ("NASDAQ") under ticker symbol "SESN" during the Class Period.

On December 21, 2020, the Company announced that it had submitted its Biologics License Application ("BLA") to the U.S. Food and Drug Administration ("FDA") for Vicineum for the treatment of BCG-unresponsive NMIBC.  On July 14, 2021, Sesen announced that it had a productive Late-Cycle Meeting with the FDA on July 13, 2021 regarding the Company's BLA. Sesen stated that it was "very pleased" with the outcome of the meeting and that the FDA confirmed that there was no Advisory Committee meeting planned.  The Company and the FDA also discussed remaining questions concerning manufacturing facility inspections, product quality information requests, and additional information related to Chemistry, Manufacturing, and Controls ("CMC"), and a timeline to submit additional supporting information was agreed upon. Before the FDA's denial, the Company fueled its optimism through its press releases, SEC filings, and announcements by stating that it had productive meetings with the FDA, strengthened its leadership team, and hired 34 of 35 sales representatives before Vicineum's August 18, 2021 Prescription Drug User Fee Act ("PDUFA") date.

On August 13, 2021, Sesen announced that the FDA declined to approve its BLA for Vicineum in its current form.  In relevant part, the press release stated that the FDA provided certain "recommendations specific to additional clinical/statistical data and analyses in addition to . . . []CMC[] issues pertaining to a recent pre-approval inspection and product quality."[4]

On this news, the Company's share price declined by $2.80 per share, or approximately

---

[4] *Sesen Bio Receives Complete Response Letter from FDA for Vicineum*[TM] *(oportuzumab monatox-qqrs)*, BUSINESS WIRE, INC. (Aug. 13, 2021, 2:40 PM), https://www.businesswire.com/news/home/20210813005377/en/.

57%, from closing at $4.91 per share on August 12, 2021 to close at $2.11 per share on August 13, 2021.

Then, on August 16, 2021, Sesen Bio further revealed that "[i]t appears that [the Company] will need to do a clinical trial to provide the additional efficacy and safety data necessary for the FDA to assess the benefit-risk profile, which is the basis for approval."[5] As a result, the Company expected that it could not resubmit its BLA until 2023.

On this news, the Company's share price declined by $0.89 per share, or approximately 42.2%, from closing at $2.11 per share on August 13, 2021 to close at $1.22 per share on August 16, 2021.

On August 18, 2021, before the market opened, the health and medicine news site *STAT* published an article entitled "Sesen Bio trial of cancer drug marked by misconduct and worrisome side effects, documents show." The article cited "hundreds of pages of internal documents" and "three people familiar with the matter," detailing that the clinical trial for Vicineum was "marked by thousands of violations of study rules, damning investigator conduct, and worrying signs of toxicity the company did not publicly disclose."[6]

On this news, the Company's share price declined by $0.20 per share, or approximately 13.2%, from closing at $1.51 per share on August 17, 2021 to close at $1.31 per share on August 18, 2021.

Then, on August 20, 2021, the Company announced that it had withdrew its marketing authorization application to the European Medicines Agency ("EMA") for Vicineum. On this

---

[5] *Edited Transcript of Business Update Call*, SESEN BIO, INC. (Aug. 16, 2021), https://ir.sesenbio.com/static-files/cb6d46da-104c-4721-bfc3-f38c18711b71.

[6] D. Garde, *Sesen Bio trial of cancer drug marked by misconduct and worrisome side effects, documents show*, STAT NEWS (Aug. 18, 2021), https://www.statnews.com/2021/08/18/sesen-bio-trial-of-cancer-drug-marked-by-misconduct-documents-show/.

news, the Company's share price declined by $0.11 per share, or approximately 9.9%, from closing at $1.11 per share on August 19, 2021 to close at $1.00 per share on August 20, 2021.

Throughout the Class Period, Defendants allegedly made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that Sesen's clinical trial for Vicineum had more than 2,000 violations of trial protocol, including 215 classified as "major"; (2) that three of Sesen's clinical investigators were found guilty of "serious noncompliance," including "back-dating data"; (3) that Sesen had submitted the tainted data in connection with the BLA for Vicineum; (4) that Sesen's clinical trials showed that Vicineum leaked out into the body, leading to side effects including liver failure and liver toxicity, and increasing the risks for fatal, drug-induced liver injury; (5) that, as a result of the foregoing, the Company's BLA for Vicineum was not likely to be approved; (6) that, as a result of the foregoing, there was a reasonable likelihood that Sesen would be required to conduct additional trials to support the efficacy and safety of Vicineum; and (7) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

## PROCEDURAL BACKGROUND

On August 19, 2021, plaintiff Ryan Bibb commenced a securities class action lawsuit in this District against Sesen and certain of its officers, captioned *Bibb v. Sesen Bio, Inc. et al.*, No. 21 Civ. 7025 (S.D.N.Y.) (the "*Bibb* Action"). The *Bibb* Action is brought on behalf of persons and entities who purchased Sesen securities from December 21, 2020 to August 17, 2021.

On August 31, 2021, plaintiff Michael Cizek commenced a substantially similar action in this District against Sesen and certain of its officers, captioned *Cizek v. Sesen Bio, Inc. et al.*, No. 21 Civ. 7309 (S.D.N.Y.) (the "*Cizek* Action").

On October 7, 2021, plaintiff Scott Markman commenced a substantially similar action in this District against Sesen and certain of its officers, captioned *Markman v. Sesen Bio, Inc. et al.*, No. 21 Civ. 8308 (S.D.N.Y.) (the "*Markman* Action," and together with the *Bibb* and *Cizek* Actions, the "Related Actions"). Each of the Related Actions is brought on behalf of the persons or entities who purchased Sesen securities during the same Class Period.

**ARGUMENT**

**I.     The Cases Should Be Consolidated**

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42. "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.*, No. 06 Civ. 1625, 2006 WL 1912724, at *1 (E.D.N.Y. July 11, 2006) (internal quotations omitted) (citing *Ferrari v. Impath, Inc.*, No. 03 Civ. 5667, 2004 WL 1637053, at *2 (S.D.N.Y. July 20, 2004)) ("In securities class action cases . . . courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports[,] if there are common questions of law and fact and [if] the defendant will not be prejudiced."). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

Here, each of the Related Actions presents similar factual and legal issues, as each involves the same subject matter and presents the same legal issues. Each of the Related Actions alleges violations of the Exchange Act by the same defendants, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct during the same Class Period. Because these actions arise from the same facts and circumstances and involve the

same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

**II.        Movant Should Be Appointed Lead Plaintiff**

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B).  The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

(aa)    has either filed the complaint or made a motion in response to a notice . . . ;

(bb)    in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interests of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Movant is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### A.      Movant Is Willing to Serve as Class Representative

Movant has made a timely motion in response to a PSLRA early notice. On August 19, 2021, pursuant to Section 21D(a)(3)(A)(i) of the Exchange Act, notice was published in connection with the first-filed of the Related Actions notifying investors of an October 18, 2021 deadline to seek lead plaintiff appointment. *See* Ex. 1. As a purchaser of Sesen securities during the Class Period, Movant is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in the attached certification, Movant attests that he has reviewed the complaint filed in connection with the *Bibb* Action and is willing to serve as representative of the class. *See* Ex. 2. Accordingly, Movant satisfies the first requirement to serve as lead plaintiff for the class.

### B.      Movant Has the "Largest Financial Interest" in the Related Actions

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class . . . ."  15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant

8

believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Movant purchased 89,449 shares of Sesen during the Class Period, with a total Class Period expenditure of $517,558.84. Movant sold 81,479 Sesen shares during the Class Period, with total proceeds of $472,955.79. The net shares purchased total 7,970 and the net Class Period expenditures total $44,603.05. Movant suffered total Class Period investment losses of $37,311.85 when shares are matched on a LIFO basis. *See* Ex. 3.

To the best of his knowledge, Movant is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Movant believes he has the "largest financial interest in the relief sought by the [c]lass[,]" and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### C. Movant Otherwise Satisfies the Requirements of Rule 23

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) (citation omitted). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of

Rule 23] relevant to the determination . . . ." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010) (citations omitted). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 08 Civ. 7281, 2008 WL 4974839, at *4-5 (S.D.N.Y. Nov. 24, 2008).

### 1. Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Movant alleges that Defendants' material misstatements and omissions concerning Sesen's business, operational, and financial results violated the federal securities laws. Movant, like all members of the class, purchased Sesen securities during the Class Period in reliance on Defendants' alleged misstatements and omissions and/or in reliance on the integrity of the market for Sesen's securities, and was damaged thereby. Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### 2. Movant Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297 (citations omitted). Movant has demonstrated his adequacy by retaining competent and

experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Ex. 3. Movant is not aware of any conflict between his claims and those asserted on behalf of the class. As such, Movant is well-equipped to represent the class.

## III.        Lead Plaintiff's Selection of Counsel Should Be Approved

The PSLRA vests the authority to select and retain counsel in the appointed Lead Plaintiff, subject to court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant*, 264 F.3d at 274. Accordingly, the court should not interfere with the choice of counsel unless necessary to "protect the interests of the class[.]" 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Kirby McInerney to pursue this litigation on his behalf and will retain the firm as Lead Plaintiff's Lead Counsel in the event the Movant is appointed Lead Plaintiff. As reflected by the firm's résumé, Kirby McInerney possesses extensive experience and expertise in securities litigation, and the firm has the necessary skills and resources to efficiently and effectively prosecute this action. *See* Ex. 4. As a result of Kirby McInerney's extensive experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable them to prosecute this action expeditiously. Thus, the Court may be assured that, by granting the Movant's motion, the class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, Cesar Bustamante respectfully requests that the Court grant his motion and enter an order: (i) consolidating the Related Actions; (ii) appointing Movant as Lead Plaintiff; (iii) approving Movant's selection of Kirby McInerney LLP as Lead Counsel for the class; and (iv) granting such other and further relief as the Court may deem just and proper.

Dated: October 18, 2021

**KIRBY McINERNEY LLP**

/s/ *Thomas W. Elrod*
Thomas W. Elrod
Ira M. Press
250 Park Avenue, Suite 820
New York, NY 10177
Telephone: (212) 371-6600
Email: telrod@kmllp.com
ipress@kmllp.com

*Counsel for Movant Cesar Bustamante and*
*Proposed Lead Counsel for the Proposed Class*