**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RYAN BIBB, Individually and On Behalf of All Others Similarly Situated, | ) ) ) Civil Action No. 1:21-cv-07025-AKH |
| Plaintiff, | ) ) <u>CLASS ACTION</u> |
| v. | ) ) ) |
| SESEN BIO, INC., THOMAS R. CANNELL, and MONICA FORBES, | ) ) ) |
| Defendants. | ) ) ) |

| | |
|---|---|
| MICHAEL CIZEK, Individually and On Behalf of All Others Similarly Situated, | ) ) ) Civil Action No. 1:21-cv-07309-AKH |
| Plaintiff, | ) ) <u>CLASS ACTION</u> |
| v. | ) ) ) |
| SESEN BIO, INC., THOMAS R. CANNELL, and MONICA FORBES, | ) ) ) |
| Defendants. | ) ) ) |

(*caption continues on following page*)


**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION**
**OF MAURICE HARRIS FOR APPOINTMENT AS LEAD PLAINTIFF,**
**APPROVAL OF HIS SELECTION OF LEAD COUNSEL,**
**<u>AND CONSOLIDATION OF RELATED ACTIONS</u>**

|  |  |
|---|---|
| SCOTT MARKMAN, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 1:21-cv-08308-AKH |
| Plaintiff, | CLASS ACTION |
| v. | |
| SESEN BIO, INC., THOMAS R. CANNELL, and MONICA FORBES, | |
| Defendants. | |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

SUMMARY OF THE RELATED ACTIONS ........................................................................... 2

ARGUMENT ............................................................................................................................ 5

    A.      Harris Is The Most Adequate Plaintiff. ...................................................................... 5

          1.      Harris believes he has the largest financial interest in the relief sought by the class. ........................................................................................................................6

          2.      Harris satisfies the requirements of Rule 23. ...........................................................7

    B.      Harris Selected Well-Qualified Lead Counsel To Represent The Class. ........................ 9

    C.      Consolidation Of The Related Actions Is Warranted. ..................................................... 10

CONCLUSION........................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Chilton v. Chiumento Grp.*,
   365 F. App'x 298 (2d Cir. 2010) ................................................................................. 6

*City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*,
   20-cv-9132 (AJN), 2021 WL 396343 (S.D.N.Y. Feb. 4, 2021) .................................. 6

*Dura Pharmaceuticals, Inc. v. Broudo*,
   544 U.S. 336 (2005) .................................................................................................... 6

*Jakobsen v. Aphria, Inc.*,
   18 Civ. 11376 (GBD), 2019 WL 1522598 (S.D.N.Y. Mar. 27, 2019) ................................. 9, 10

*Lax v. First Merchants Acceptance Corp.*,
   No. 97 C 2715, 1997 WL 461035 (N.D. Ill. Aug. 11, 1997) ....................................... 6

*Sallustro v. CannaVest Corp.*,
   93 F. Supp. 3d 265 (S.D.N.Y. 2015) .......................................................................... 6

*Stitt v. On Deck Capital, Inc.*,
   15 Civ. 6126 (AT), 2016 WL 889535 (S.D.N.Y. Feb. 17, 2016) .................................... 7, 8, 10

**Statutes**

15 U.S.C. § 78 ....................................................................................................... passim

17 C.F.R. § 240.10b-5 ................................................................................................ 1

**Rules**

Fed. R. Civ. P. 23 .............................................................................................. 1, 2, 7, 8

Fed. R. Civ. P. 42 .................................................................................................... 1, 10

Maurice Harris respectfully submits this memorandum of law in support of his motion: (1) to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995; (2) for approval of his selection of Gibbs Law Group LLP as Lead Counsel for the class; (3) for consolidation of all related securities class actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; and (4) for any such further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

The above-captioned related securities class actions allege that Sesen Bio, Inc., and certain of its senior officers (collectively, "Defendants") defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). Specifically, the related actions allege that from December 21, 2020 to August 17, 2021, (the "Class Period"), Defendants misrepresented the clinical trial results for Sesen Bio's key bladder cancer treatment candidate and the likelihood that the FDA would approve the treatment, concealing thousands of violations of trial protocol, serious misconduct by trial investigators, and deadly side effects.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). To do so, the Court determines which movant has the "largest financial interest" in the relief sought by the class in this litigation, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons set forth below, Harris is the "most adequate plaintiff" by virtue of, among other things, the $770,287.15 in losses that he incurred on his investments in Sesen Bio securities

during the Class Period.  Harris also satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the class, and he will fairly and adequately represent the class. Harris understands the Lead Plaintiff's obligations to the class under the PSLRA and is willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to guarantee vigorous prosecution of this action.  *See* Declaration of Javier Bleichmar, Ex. A, Declaration of Maurice Harris, ¶5.  Harris is a single plaintiff that selected Gibbs Law Group—a single law firm with substantial experience in successfully prosecuting securities class actions—to serve as Lead Counsel for the class.  The appointment of Harris will ensure that the class receives the most efficient and zealous representation and obtains the best possible result in this important case. Accordingly, Harris respectfully requests that the Court appoint him Lead Plaintiff and otherwise grant his motion.

## SUMMARY OF THE RELATED ACTIONS

Sesen Bio is a drug company that develops targeted fusion protein (TFP) medicines for the treatment of cancer.  ¶2.[1]  Sesen Bio's most advanced product candidate is named Vicineum, a TFP treatment for bacillus Calmette-Guérin-unresponsive non-muscle invasive bladder cancer.  *Id*.

Throughout the Class Period, Defendants made numerous materially false and misleading statements about Sesen Bio's clinical trial program for Vicineum and the likelihood that the FDA would approve the treatment.  For instance, on December 21, 2020, the first day of the alleged Class Period, Sesen Bio announced that it had submitted a "completed Biologics License Application" to the FDA for Vicineum "supported by the pivotal Phase 3 Vista trial, which the Company believes demonstrates a strong benefit-risk profile" and that "[o]ur strong non-clinical

---

[1] All citations to ¶__ refer to the complaint filed in *Bibb v. Sesen Bio, Inc.*, 1:21-cv-07025 (S.D.N.Y.) ("*Bibb*"), ECF No. 1.

and clinical data, in addition to our positive comparability data, give us confidence in the regulatory path forward." ¶22. Defendants further represented that they "believe Vicineum has a favorable risk-benefit profile which positions it to be best-in-class, and we are encouraged by the high level of time and engagement the FDA has demonstrated toward our review" (¶23), and that side effects "were determined by the clinical investigators to be manageable and reversible." ¶27.

These statements were materially false and misleading. In truth, the Company knew yet concealed that the clinical trial program for Vicineum was plagued by thousands of violations of trial protocol and serious misconduct by investigators working on the trial, including the manipulation of data. ¶¶10, 44-46. Additionally, the Company's clinical trials showed that Vicineum caused deadly side effects, including potentially fatal liver failure and liver toxicity. *Id*. As a result, the trial program for Vicineum endangered enrolled patients, the Company submitted tainted data to the FDA, and Vicineum was not likely to be approved by the FDA. *Id*.

On August 13, 2021, the Company disclosed that it received a Complete Response Letter from the FDA, in which the FDA stated that it "has determined that it cannot approve the BLA for Vicineum in its present form and has provided recommendations specific to additional clinical/statistical data and analyses in addition to Chemistry, Manufacturing and Controls (CMC) issues pertaining to a recent pre-approval inspection and product quality." ¶39. This news caused the price of Sesen Bio's stock to decline $2.80 per share, or 57%, from $4.91 per share on August 12, 2021, to $2.11 per share on August 13, 2021. ¶40.

On August 16, 2021, Sesen Bio held a conference call to discuss the Complete Response Letter with investment analysts. During the call, Sesen Bio's chief executive officer, Defendant Thomas R. Cannell, disclosed that "it appears that [Sesen Bio] will need to do [an additional] clinical trial to provide the additional efficacy and safety data necessary for the FDA to assess the

3

benefit-risk profile, which is the basis for approval." ¶41. According to Cannell, Sesen Bio expected it would not resubmit its BLA until 2023. *Id.* This news caused the price of Sesen Bio's stock to decline $0.89 per share, or 42%, from $2.11 per share on August 13, 2021, to $1.22 per share on August 16, 2021. ¶42.

Then, before the market opened on August 18, 2021, the health and medicine news website *STAT* published an article titled "Sesen Bio trial of cancer drug marked by misconduct and worrisome side effects, documents show." ¶44. The article cited "hundreds of pages of internal documents" including "safety reports, raw data, and communications between employees" that "suggest a seismic difference between the company's public statements and the realities of the drug's development." *Id.*

Specifically, *STAT* revealed that the clinical trial for Vicineum was "marked by thousands of violations of study rules … including 215 classified as 'major' according to company documents." *Id.* *STAT* further revealed that the trial program was "plagued by serious investigator misconduct that threatened the integrity of the data" and jeopardized the health of the enrolled patients. ¶46. According to *STAT*, Sesen Bio hired a firm named Copernicus to monitor the trial program. *Id.* Copernicus uncovered that "three doctors in the study were guilty of 'serious noncompliance,' 'continued noncompliance,' and actions that 'placed subjects at risk of harm.'" *Id.* One doctor "was found to be back-dating information gathered from his clinic" and another "had his clinic closed … after his hospital's disciplinary committee concluded he had engaged in 'disgraceful, dishonorable, or unprofessional behavior.'" *Id.* *STAT* also revealed that "according to internal company documents," the Vicineum trial program uncovered "worrying signs of toxicity the company did not publicly disclose," such as "a serious risk of fatal, drug-induced liver

4

injury." ¶¶44-45. This news caused the price of Sesen Bio's stock to decline $0.20 per share, or 13%, from $1.51 per share on August 17, 2021, to $1.31 per share on August 18, 2021. ¶47.

ARGUMENT

Under the PSLRA, any class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). On August 19, 2021, Plaintiff Ryan Bibb filed the first of the related actions alleging that Defendants defrauded investors during the period of December 21, 2020 through August 17, 2021. *See Bibb*, ECF No. 1 at ¶1. On the same day, counsel for Mr. Bibb published a notice on *Business Wire*, which alerted investors to the pendency of the action and set the deadline to seek Lead Plaintiff status by October 18, 2021. *See* Bleichmar Decl. Ex. B.[2] Accordingly, Harris satisfies the PSLRA's 60-day requirement through the filing of this motion.

**A.    Harris Is The Most Adequate Plaintiff.**

Harris respectfully submits that he is entitled to be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-

---

[2] On August 31, 2021, Plaintiff Michael Cizek filed a substantially related securities class action against Sesen Bio which alleges that Defendants defrauded investors during the same period of December 21, 2020 through August 17, 2021. *See Cizek v. Sesen Bio, Inc.*, 1:21-cv-07309 (S.D.N.Y.). Additionally, on October 7, 2021, Plaintiff Scott Markman filed a substantially related securities class actions against Sesen Bio which also alleges that Defendants defrauded investors during the period of December 21, 2020 through August 17, 2021. *See Markman v. Sesen Bio, Inc.*, 1:21-cv-08308 (S.D.N.Y.).

5

4(a)(3)(B)(iii)(I); *see also Chilton v. Chiumento Grp.*, 365 F. App'x 298, 299 (2d Cir. 2010) (discussing qualifications for Lead Plaintiff presumption).

     **1.     Harris believes he has the largest financial interest in the relief sought by the class.**

Harris believes that he has the largest financial interest in the relief sought by the class and thus should be appointed Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Harris incurred a recoverable loss of $770,287.15 from his investments in Sesen Bio securities during the Class Period as assessed under the Supreme Court's ruling in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005) ("*Dura* loss").  "Though *Dura* concerned a motion to dismiss a securities class action, courts [in this District] nonetheless apply *Dura* when considering the financial interest for the purposes of appointing a lead plaintiff."  *City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*, 20-cv-9132 (AJN), 2021 WL 396343, at *3 (S.D.N.Y. Feb. 4, 2021) (collecting cases).  This is because "courts should consider only those losses that will actually be recoverable in the class action . . . and make determinations of largest financial interest only based on the facts alleged in the complaint."  *Id.* (quotations omitted).

Courts in this district also often rely on the "last in, first out" or "LIFO" method to determine the movant with the largest financial interest, while a small minority consider the "first in, first out" or "FIFO" method.  *See Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 270 & n.5 (S.D.N.Y. 2015).  Under both the LIFO and FIFO methodologies Harris also incurred a $770,287.15  loss on his investments in Sesen Bio securities.

In addition to losses, courts often consider various other metrics, typically referred to as "*Lax* factors," to further analyze a movant's financial interest when warranted.  *See Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997) (identifying (1) total number of shares purchased; (2) number of net shares purchased; (3) total net

funds expended; and (4) approximate losses suffered, as four factors for courts to consider when determining the largest financial interest).  Harris's financial interest under the four *Lax* factors is indicated in the chart below.

| Shares Purchased | Net Shares Purchased | Net Funds Expended | Loss |
|---|---|---|---|
| 255,171 | 255,171 | $1,079,046.76 | $770,287.15 |

To the best of Harris's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in this litigation.[3]  Accordingly, Harris believes that he has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

**2.      Harris satisfies the requirements of Rule 23.**

In addition to possessing the largest financial interest in the outcome of the litigation, Harris otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as Lead Plaintiff, the movant must make only "a preliminary showing" that it satisfies the adequacy and typicality requirements of Rule 23.  *Stitt v. On Deck Capital, Inc.*, 15 Civ. 6126, (AT), 2016 WL 889535, at *2 (S.D.N.Y. Feb. 17, 2016).  Here, Harris satisfies both requirements.

Harris's claims are typical of the claims of other purchasers of Sesen Bio securities. Typicality exists where each class member's claim "arise[s] from the same course of events, and the other class members make similar legal arguments to prove liability."  *Id.*  Here, Harris's and all other class members' claims arise from the same course of events and their legal arguments to

---

[3] Harris's PSLRA-required Certification is attached as Exhibit C to the Bleichmar Decl. submitted herewith.  A chart setting forth calculations of Harris's financial interest is attached as Exhibit D to the Bleichmar Decl.  Harris's PSLRA certification and loss calculation provide all the trading information necessary to calculate his financial interest under all possible metrics and does not presuppose that there is only one valid methodology.

prove Defendants' liability are nearly identical.  Like all other class members, Harris: (1) purchased Sesen Bio securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged as a result.  *Id.* at *3 (typicality satisfied when movant "claims that [defendant] issued false and misleading statements that caused the company's shares to trade at an artificially inflated price [and] claims arise from the same course of conduct affecting each member of the proposed class").  As such, Harris is a typical class representative.

Harris likewise satisfies the adequacy requirement of Rule 23.  Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  In order for the class's interests to be fairly and adequately represented, a Lead Plaintiff must not have interests that are antagonistic to the class that it seeks to represent, must have a sufficient interest in the outcome of the case to ensure vigorous advocacy, and must retain counsel that is capable and qualified to vigorously represent the interests of the class.  *See On Deck Capital*, 2016 WL 889535, at *2.  Harris satisfies these elements because his substantial financial stake in the litigation provides the ability and incentive to vigorously represent the class's claims.  Harris's interests are perfectly aligned with those of the other class members and are not antagonistic in any way.  There are no facts to suggest any actual or potential conflict of interest or other antagonism between Harris and other class members.

Indeed, Harris is committed to discharge his obligations as a Lead Plaintiff under the PSLRA to oversee and supervise the litigation separate and apart from counsel and submitted a sworn declaration as to his willingness and ability to fulfill those duties.  *See* Bleichmar Decl., Ex. A.  What's more, Harris's declaration provides the Court with additional information supporting his bona fides, including explaining who he is, that he is an experienced investor, and given his

8

substantial financial interest in the litigation, that he intends to continue to actively oversee counsel, confer with counsel regarding litigation strategy, attend important court proceedings, hearings, depositions and mediations, and review and authorize the filing of important litigation documents. *See Id*. ¶¶2-6.

Further, Harris has demonstrated his adequacy through his selection of a single experienced law firm, Gibbs Law Group, as Lead Counsel to represent the class in this action. As discussed more fully below, Gibbs Law Group is highly qualified in the area of securities and financial fraud class action litigation and has repeatedly demonstrated an ability to conduct complex litigation effectively.

**B.      Harris Selected Well-Qualified Lead Counsel To Represent The Class.**

The PSLRA provides that the Lead Plaintiff is to select and retain counsel to represent the class it seeks to represent, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel." *Jakobsen v. Aphria, Inc.*, 18 Civ. 11376 (GBD), 2019 WL 1522598, at *5 (S.D.N.Y. Mar. 27, 2019). Indeed, the Lead Plaintiff's choice of counsel is not to be disturbed unless doing so is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Gibbs Law Group is highly experienced in prosecuting complex litigation generally and securities and other financial litigation in particular. The firm and its lawyers have developed a reputation for excellence among courts nationwide and have achieved highly favorable resolutions in securities and other financial fraud class actions. *See* Gibbs Law Group Firm Resume, attached as Ex. E to the Bleichmar Decl. (listing the firm's relevant experience including in *In re Peregrine Fin. Group Customer Litig.*, No. 12-cv-5546 (N.D. Ill.) (resolutions delivered more than $75 million to investors); *In re Chase Bank USA, N.A. "Check Loan" Contract Litigation*, No. 09-2032

9

(N.D. Cal). (recovered $100 million); *Roth v. Aon Corp.*, No. 04-cv-06835 (N.D. Ill.) ($30 million); and *Deora v. NantHealth*, No. 2:17-cv-1825 (C.D. Cal.) ($16.5 million)).

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Harris's selection of Gibbs Law Group as Lead Counsel for the class.

## C.    Consolidation Of The Related Actions Is Warranted.

There are at least three related actions pending in this district against Defendants:

| Case | Civil No. | Date Filed |
|---|---|---|
| *Bibb v. Sesen Bio, Inc.* | 1:21-cv-07025-AKH | August 19, 2021 |
| *Cizek v. Sesen Bio, Inc.* | 1:21-cv-07309-AKH | August 31, 2021 |
| *Markman v. Sesen Bio, Inc.* | 1:21-cv-08308-AKH | October 7, 2021 |

These actions present virtually identical factual and legal issues because they each allege claims under Sections 10(b) and 20(a) of the Exchange Act against identical Defendants, relating to identical periods of time, and are premised upon similar misstatements regarding Sesen Bio's clinical trial program for its cancer treatment Vicineum and the likelihood that the FDA would approve the treatment. Rule 42(a) grants broad discretion to consolidate cases that involve common questions of law or fact, as here. *See On Deck Capital*, 2016 WL 889535, at *2 (consolidating cases "alleging the same violations of the Exchange Act, by similar parties, and based on the same conduct"); *Aphria*, 2019 WL 1522598, at *1 (same). Accordingly, consolidation is appropriate under Rule 42(a).

## CONCLUSION

For the reasons discussed above, Harris respectfully requests that the Court: (1) appoint him to serve as Lead Plaintiff; (2) approve his selection of Gibbs Law Group as Lead Counsel for the class; (3) consolidate all related actions pursuant to Rule 42(a); and (4) grant any such further relief as the Court may deem just and proper.

Dated:  October 18, 2021

Respectfully Submitted,

**BLEICHMAR FONTI & AULD LLP**

*/s/ Javier Bleichmar*
Javier Bleichmar
7 Times Square, 27th Floor
New York, New York 10036
Telephone: (212) 789-1340
Facsimile:  (212) 205-3960
jbleichmar@bfalaw.com

*Local Counsel for Proposed Lead Plaintiff Maurice Harris*

**GIBBS LAW GROUP LLP**
David Stein (*pro hac vice forthcoming*)
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ds@classlawgroup.com

*Counsel for Proposed Lead Plaintiff Maurice Harris, and Proposed Lead Counsel for the Class*

11