**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RYAN BIBB, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>SESEN BIO, INC., THOMAS R. CANNELL, and MONICA FORBES,<br><br><br>    Defendants. | Case No. 1:21-cv-07025-AKH<br><br>Hon. Alvin K. Hellerstein |
| MICHAEL CIZEK, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>SESEN BIO, INC., THOMAS R. CANNELL, and MONICA FORBES,<br><br><br>    Defendants. | Case No. 1:21-cv-07309-AKH<br><br>Hon. Alvin K. Hellerstein |
| SCOTT MARKMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>SESEN BIO, INC., THOMAS R. CANNELL, and MONICA FORBES,<br><br><br>    Defendants. | Case No. 1:21-cv-08308-AKH<br><br>Hon. Alvin K. Hellerstein |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF MOISES JACOBS, M.D., FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

**PAGE**

I.    PRELIMINARY STATEMENT ......................................................................................... 1

II.   STATEMENT OF FACTS ............................................................................................. 3

III.  ARGUMENT ................................................................................................................ 5

    A.    The Related Actions Should Be Consolidated ......................................................... 5

    B.    Dr. Jacobs Is The "Most Adequate Plaintiff" And Should Be Appointed To Serve As Lead Plaintiff ....................................................................................................... 6

        1.    Dr. Jacobs Has Met The Procedural Requirements Of The PSLRA .......... 7

        2.    Dr. Jacobs Has The Largest Financial Interest .......................................... 7

        3.    Dr. Jacobs Satisfies The Requirements Of Federal Rule 23 ...................... 8

            a.    Dr. Jacobs's Claims Are Typical Of Those Of The Class .............. 8

            b.    Dr. Jacobs will Fairly and Adequately Protect the Interests of the Class ................................................................................................ 9

    C.    Dr. Jacobs's Selection Of Counsel Should Be Appointed Lead Counsel ............. 10

IV.   CONCLUSION ............................................................................................................. 11

## TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Atwood v. Intercept Pharms., Inc.*,
299 F.R.D. 414 (S.D.N.Y. 2014) ........................................................................... 5

*Glauser v. EVCI Career Colls. Holding Corp.*,
236 F.R.D. 184 (S.D.N.Y. 2006) ........................................................................... 6

*Gronich v. Omega Healthcare Investors, Inc.*,
Nos. 17 Civ. 8983 and 9024 (NRB), 2018 WL 1626078 (S.D.N.Y. Mar. 27, 2018) ..... passim

*In re Barrick Gold Corp. Sec. Litig.*,
Nos. 17 Civ. 3507 and 3815 (NRB), 2017 WL 4862779 (S.D.N.Y. Oct. 4, 2017) ............. 5, 9

*In re Forcefield Energy Inc. Sec. Litig.*,
Nos. 15 Civ. 3020, 3141 and 3279 (NRB), 2015 WL 4476345 (S.D.N.Y. July 22, 2015) ..... 8

*Kux-Kardos v. VimpelCom, Ltd.*,
151 F. Supp. 3d 471 (S.D.N.Y. 2016) ................................................................... 6

*Lipetz v. Wachovia Corp.*,
No. 08 Civ. 6171 (RJS), 2008 WL 4615895 (S.D.N.Y. Oct. 10, 2008) ................................. 9

*Porzio v. Overseas Shipholding Grp.*,
Nos. 12 Civ. 7948, 8547 and 9363 (SAS), 2013 WL 407678 (S.D.N.Y. Feb. 1, 2013) .......... 5

**Statutes**

15 U.S.C. § 78u-4(a)(3) ........................................................................................ 1

15 U.S.C. § 78u-4(a)(3)(A)(i) ............................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii) ....................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(ii) ............................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(iii) .............................................................................. 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ......................................................................... 2, 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) .................................................................... 8

15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................... 10

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................... 2, 8

Fed. R. Civ. P. 42 ................................................................................................................... 1, 5

Moises Jacobs, M.D. ("Dr. Jacobs"), respectfully submits this memorandum of law in support of his motion, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order: (i) consolidating the above-captioned actions into one action for all purposes (the "Action"); (ii) appointing Dr. Jacobs to serve as Lead Plaintiff in the Action; and (iii) approving Dr. Jacobs's selection of Berman Tabacco as Lead Counsel for the class.

## I.    PRELIMINARY STATEMENT

Pending before the Court are three related securities class actions[1] brought on behalf of purchasers of Sesen Bio, Inc. ("Sesen" or the "Company") common stock during the Class Period (defined below) against the Company and certain of its executive officers, Thomas R. Cannell ("Cannell") and Monica Forbes ("Forbes") (collectively, "Defendants").  Consolidation of the actions is appropriate because the three cases raise substantially identical issues of law and fact. All three actions allege that Defendants violated Sections 10(b) and 20(a) of the Exchange Act by issuing false and misleading statements between December 21, 2020 and August 17, 2021, inclusive (the "Class Period"), and, as a result, class members suffered significant losses from the same wrongdoing.  Moreover, consolidation will promote judicial efficiency and conserve the resources of the Court and the parties.  *See* Fed. R. Civ. P. 42.

---

[1] Following the filing of the first-filed action in this Court, captioned *Bibb v. Sesen Bio, Inc., et al.*, No. 1:21-cv-07025-AKH (S.D.N.Y. Aug. 19, 2021) ("*Bibb*"), a virtually identical complaint was filed in this Court captioned *Cizek v. Sesen Bio, Inc., et al.*, No. 1:21-cv-07309-AKH (S.D.N.Y. Aug. 31, 2021) ("*Cizek*").  A third, substantially similar complaint has also been filed in this Court on behalf of the same Class, against the same defendants, asserting the same claims based on the same operative facts, captioned *Markman v. Sesen Bio, Inc., et al.*, No. 1:21-cv-08308-AKH (S.D.N.Y. Oct. 7, 2021) ("*Markman*").

Pursuant to the PSLRA, the Lead Plaintiff should be the movant who possesses the largest financial interest in the outcome of the Action and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Dr. Jacobs believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff in this Action. As set forth in more detail below, Dr. Jacobs has a significant financial interest in the relief sought in the Action, having purchased 210,025 shares of Sesen common stock during the Class Period, for total expenditures of $687,352 and sustained losses of approximately $404,645 under a first in, first out ("FIFO") analysis or $352,679 under a last in, first out ("LIFO") analysis.[2]

In addition to asserting the largest financial interest in this litigation, Dr. Jacobs readily satisfies the relevant requirements of Rule 23 because his claims are typical of all other members of the Class, and because Dr. Jacobs will fairly and adequately represent the Class. Moreover, Dr. Jacobs has further demonstrated his adequacy through his selection and retention of Berman Tabacco, a law firm that has recovered billions of dollars through its prosecution of securities fraud class actions and has the expertise and resources necessary to handle litigation of this complexity and scale as Lead Counsel for the class.

Accordingly, Dr. Jacobs respectfully requests that the Court consolidate the related actions, appoint Dr. Jacobs to serve as Lead Plaintiff, and approve his choice of Berman Tabacco as Lead Counsel.

---

[2] A copy of Dr. Jacobs's PSLRA certification is attached as **Exhibit B** to the Declaration of Joseph J. Tabacco, Jr. in Support of the Motion of Moises Jacobs, M.D., for Consolidation, Appointment as Lead Plaintiff and Approval of his Choice of Lead Counsel (the "Tabacco Declaration" or "Tabacco Decl."), filed herewith. The certification sets forth Dr. Jacobs's transactions in Sesen securities during the Class Period. In addition, charts reflecting calculations of the financial losses Dr. Jacobs suffered from his trading in Sesen securities are attached as **Exhibit C** to the Tabacco Declaration.

## II.    STATEMENT OF FACTS

Sesen is a late-stage clinical company that purports to advance targeted fusion protein ("TFP") therapeutics for cancer treatments.  Its most advanced product candidate is Vicineum (VB4-845), a locally-administered TFP developed for the treatment of a particular form of bladder cancer known as bacillus Calmette-Guérin ("BCG")-unresponsive non-muscle invasive bladder cancer ("NMIBC").  Sesen is incorporated under the laws of Delaware with its principal executive offices located in Cambridge, Massachusetts, and its stock trades on the Nasdaq Global Market ("NASDAQ") under the ticker symbol "SESN."

At all relevant times, Defendant Cannell served as the Company's Chief Executive Officer ("CEO") and Defendant Forbes served as the Company's Chief Financial Officer ("CFO").

The *Bibb*, *Cizek*, and *Markman* complaints allege that, during the Class Period, Defendants misled investors and thereby artificially inflated the price of Sesen's securities by publicly issuing false and/or misleading statements and/or omitting to disclose material facts necessary to make Defendants' statements not misleading.  *See*, *e.g.*, Class Action Complaint for Violations of the Federal Securities Laws ("Complaint" or "Complaints") at *Bibb-Cizek* ¶ 55; *Markman* ¶¶ 10, 61-63.[3]  Defendants' statements and omissions were materially false and/or misleading because they failed to disclose material adverse information and/or misrepresented the truth about Sesen's business, operations, and prospects.  *Id.*  Specifically, the Complaints allege that, throughout the Class Period, Defendants failed to disclose to investors that (1) Sesen's clinical trial for Vicineum had more than 2,000 violations of trial protocol, including 215 classified as "major"; (2) three Sesen clinical investigators were reported to the U.S. Food and Drug Administration ("FDA") for

---

[3] The paragraph numbering in the *Bibb* and *Cizek* Complaints is identical.  Accordingly, references to *Bibb-Cizek* ¶ __ herein are to either the *Bibb* or *Cizek* Complaint.  References to *Markman* ¶ __ herein are to the *Markman* Complaint.

"serious noncompliance" that put trial participants at risk of harm, including "back-dating data"; (3) Sesen had submitted tainted data to the FDA in connection with the Biologics License Application ("BLA") for Vicineum; (4) Sesen's clinical trials showed that Vicineum leaked into the body, leading to side effects including liver failure, liver toxicity, and increased risks of fatal, drug-induced liver injury; (5) as a result of the foregoing issues, that the Company's BLA for Vicineum was not likely to be approved; (6) as a result of the foregoing issues, there was a reasonable likelihood that Sesen would be required to conduct additional trials to support the safety and effectiveness of Vicineum; and (7) as a result of the foregoing issues, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Bibb-Cizek* ¶ 10; *Markman* ¶ 10.  The Complaints further allege that, because of Defendants' false statements and omissions, Sesen's stock traded at artificially inflated prices during the Class Period.  *Bibb-Cizek* ¶¶ 54, 56, 58; *Markman* ¶¶ 61-63.

The Complaints further allege that news about this fraud started to be revealed through a series of disclosures.  On August 13, 2020, Sesen announced that the FDA declined to approve the BLA for Vicineum in its current form.  *Bibb-Cizek* ¶ 4; *Markman* ¶ 5.  On this news, the price of the Company's stock fell $2.80 per share to close at $2.11 per share, a drop of approximately 57% on unusually heavy trading volume.  *Bibb-Cizek* ¶ 5; *Markman* ¶ 5.  On August 16, 2020, Sesen further revealed that "it appears that [the Company] will need to do a clinical trial to provide the additional efficacy and safety data necessary to the FDA to assess the benefit-risk profile, which is the basis for approval."  *Bibb-Cizek* ¶ 6; *see also Markman* ¶¶ 8, 45.  On this news, the price of the Company's stock fell by $0.89 per share to close at $1.22 per share, a drop of approximately 42% on unusually heavy volume.  *Bibb-Cizek* ¶ 7; *Markman* ¶ 47.  On August 18, 2021, before the market opened, the health and medicine news site *STAT* published an article entitled, "Sesen

4

Bio trial of cancer drug marked by misconduct and worrisome side effects, documents show," which cited "hundreds of pages of internal documents" and "three people familiar with the matter" to report that the clinical trial for Vicineum was "marked by thousands of study rules, damning investigator conduct, and worrying signs of toxicity that the company did not publicly disclose." *Bibb-Cizek* ¶ 8; *Markman* ¶ 49. On this news, the Company's stock price fell $0.20 to close at $1.31 per share, a drop of approximately 13% on unusually heavy trading volume. *Bibb-Cizek* ¶ 9; *Markman* ¶ 52.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.*

Courts have broad discretion under Rule 42(a) of the Federal Rules of Civil Procedure to consolidate actions, and this Court has repeatedly consolidated securities cases where the matters contain the same factual and legal issues. *See*, *e.g.*, *Atwood v. Intercept Pharms., Inc.*, 299 F.R.D. 414, 415 (S.D.N.Y. 2014); *In re Barrick Gold Corp. Sec. Litig.*, No. 17 Civ. 3507 (NRB), 2017 WL 4862779, at *1 (S.D.N.Y. Oct. 4, 2017); *Gronich v. Omega Healthcare Investors, Inc.*, No. 17 Civ. 8983 (NRB), 2018 WL 1626078, at *1 (S.D.N.Y. Mar. 27, 2018). "Consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports." *Porzio v. Overseas Shipholding Grp.*, No. 12 Civ. 7948 (SAS), 2013 WL 407678, at *3 n.30 (S.D.N.Y. Feb. 1, 2013) (quoting *Glauser v. EVCI Career Colls. Holding Corp.*,

236 F.R.D. 184, 186 (S.D.N.Y. 2006)).  Consolidation of *Bibb*, *Cizek*, and *Markman*, the three related actions pending in this Court, is appropriate as the Complaints in all three actions assert the same claims, on behalf of the same putative class, based on the same factual allegations.  *See* Section II, *supra*.  The core common factual and legal questions asserted by each of the actions are whether Defendants' misrepresentations and omissions violated the federal securities laws and whether, as a result, Sesen's stock price was artificially inflated during the Class Period.  *Bibb-Cizek* ¶ 52; *Markman* ¶ 56.

Some courts in this District also consider judicial economy when deciding whether cases should be consolidated.  *Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 475 (S.D.N.Y. 2016).  Here, judicial economy favors consolidation given the complete overlap of common questions of law and fact between all three cases.  As such, the Court should consolidate the *Bibb*, *Cizek*, and *Markman* actions and any other matters filed subsequent to this motion that assert claims against Defendants arising from substantially similar facts and alleging similar violations of law.

**B.    Dr. Jacobs Is The "Most Adequate Plaintiff" And Should Be Appointed To Serve As Lead Plaintiff**

The PSLRA sets forth procedures for the selection of the lead plaintiff in class actions brought under the Exchange Act and directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action either (1) 60 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate, whichever date is later.  15 U.S.C. § 78u-4(a)(3)(A)(i), (B)(i) & (B)(ii).  The court appoints the presumptively most adequate plaintiff to serve as lead plaintiff and presumes that the lead plaintiff is the person, entity or group that: "(aa) has either filed the complaint or made a motion in response to a notice . . .; (bb) in the determination of the court, has the largest

6

financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Dr. Jacobs satisfies all three of these criteria and is entitled to the presumption that he is the most adequate plaintiff to represent the class and should therefore be appointed Lead Plaintiff.

### 1.    Dr. Jacobs Has Met The Procedural Requirements Of The PSLRA

On August 19, 2021, counsel in the *Bibb* action published a notice over *Business Wire* (the "Notice") pursuant to Section 21D(a)(3)(A)(i) of the PSRLA, which announced that a securities class action had been filed against Defendants and advised investors in Sesen securities that they had 60 days (until October 18, 2021) to file a motion to be appointed as Lead Plaintiff.  *See* Tabacco Decl. **Ex. A**.

Dr. Jacobs filed the instant motion within the 60-day deadline pursuant to the Notice and has attached a certification attesting that he is willing to serve as a class representative for the class and provide testimony at depositions and trial, if necessary.   *See* Tabacco Decl. **Ex. B**. Accordingly, Dr. Jacobs has satisfied the first, procedural, requirement to serve as Lead Plaintiff for the class.

### 2.    Dr. Jacobs Has The Largest Financial Interest

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii).  Although the PSLRA does not define the term "largest financial interest," courts often place the greatest emphasis on the approximate loss suffered by the movant.  *Gronich*, 2018 WL 1626078, at *2.

At the time of this filing, Dr. Jacobs believes that he has the largest financial interest in the relief sought by the proposed class and is the presumptive Lead Plaintiff.  During the Class Period,

Dr. Jacobs purchased 210,025 shares of Sesen common stock during the class period, for total expenditures of $687,352 and incurred losses of $404,645 calculated on a FIFO basis and $352,679 calculated on a LIFO basis.[4] *See* Tabacco Decl. **Ex. D**. Dr. Jacobs is unaware of any other investor who intends to file a motion for appointment as Lead Plaintiff in this Action that has suffered larger losses than him.

### 3.       Dr. Jacobs Satisfies The Requirements Of Federal Rule 23

The PSLRA requires that the movant with the largest financial interest must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In an action under the PSLRA, a movant seeking appointment as Lead Plaintiff need only make a preliminary showing that he, she, or it will satisfy the typicality and adequacy requirements of Rule 23. *In re Forcefield Energy Inc. Sec. Litig.*, No. 15 Civ. 3020 (NRB), 2015 WL 4476345, at *2 (S.D.N.Y. July 22, 2015).

### a.       Dr. Jacobs's Claims Are Typical Of Those Of The Class

The typicality requirement is satisfied "where the presumptive lead plaintiff's claims arise from the same conduct from which the other class members' claims and injuries arise." *Gronich*, 2018 WL 1626078, at *3. Dr. Jacobs's claims are typical of those of the Class, because like all other Class members, Dr. Jacobs: (1) purchased or otherwise acquired Sesen securities during the Class Period; (2) at artificially inflated prices caused by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages as facts about Defendants'

---

[4] FIFO and LIFO are the two principal accepted methods for calculating approximate losses for purposes of appointing a lead plaintiff under the PSLRA. Under the FIFO method, sales are offset against the movant's inventory of stock acquisitions, starting with the earliest and moving chronologically forward (hence, "first in, first out"). Under the alternative LIFO method, the sales are offset against the movant's inventory of stock acquisitions, starting with the latest and moving chronologically backward (hence, "last in, first out").

8

alleged misconduct were revealed. *See id.; In re Barrick Gold Corp. Sec. Litig.*, 2017 WL 4862779, at \*2. Accordingly, Dr. Jacobs is a typical class representative.

### b. Dr. Jacobs will Fairly and Adequately Protect the Interests of the Class

The adequacy of representation requirement is satisfied where (1) there is no conflict between the proposed lead plaintiff and the members of the class, (2) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy, and (3) class counsel is qualified, experienced and generally able to conduct the litigation. *In re Barrick Gold Corp. Sec. Litig.*, 2017 WL 4862779, at \*2. Dr. Jacobs's interests are perfectly aligned with the other members of the class and are not antagonistic in any way. There are no facts indicating that there are any conflicts of interest between Dr. Jacobs and other class members. Indeed, Dr. Jacobs has the same interest as all members of the class: to maximize the recovery from Defendants.

Dr. Jacobs has submitted a sworn Certification and a Declaration affirming his willingness to serve as, and to assume the responsibilities of, class representative. *See* Tabacco Decl. **Exs. B and C**. Dr. Jacobs's Declaration – which sets forth his residence, professional background, education, and investment experience – establishes his *prima facie* adequacy showing and enables the Court and absent class members to independently assess Dr. Jacobs's ability to satisfy Rule 23's prerequisites.

Moreover, because of Dr. Jacobs's substantial financial stake in the litigation, class members can be assured that he has the incentive to vigorously represent their interests. *See Lipetz v. Wachovia Corp.*, No. 08 Civ. 6171 (RJS), 2008 WL 4615895, at \*3 (S.D.N.Y. Oct. 10, 2008) (noting investor's "substantial financial stake in the litigation" suggests that it would vigorously prosecute claims on behalf of the class).

9

Additionally, as explained below, Dr. Jacobs's proposed Lead Counsel is highly qualified, experienced, and able to conduct this complex litigation in an efficient and professional manner. Therefore, Dr. Jacobs meets the adequacy requirement of Rule 23.

Taken together, Dr. Jacobs meets the typicality and adequacy requirements of Rule 23 and should be appointed Lead Plaintiff.

### C.    Dr. Jacobs's Selection Of Counsel Should Be Appointed Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v); *Gronich*, 2018 WL 1626078, at \*4 ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'").    Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel, unless it is "necessary to protect the interests of the plaintiff class."  *See* H.R. Rep. No. 104-369, at 35(1995) (Conf. Rep.), *as reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Dr. Jacobs has selected Berman Tabacco as Lead Counsel.  Berman Tabacco is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous matters on behalf of investors, throughout the United States, including cases in this District as detailed in the firm's resume.  *See* Tabacco Decl. **Ex. E**.  Berman Tabacco is one of the country's premier class action law firms with nearly 40 years of experience prosecuting securities litigation cases.  *Id.*  The firm has been ranked as a "Top Ten Plaintiffs' Firm" by *Benchmark Litigation* for the past six consecutive years.  *Id.*  Since the passage of the PSLRA, Berman Tabacco recovered billions of dollars on behalf of defrauded investors, including: *In re BP PLC Sec. Litig.*, No. 10-md-2185 (S.D. Tex.) (as co-lead counsel for the Ohio Public Employees Retirement System, the firm reached a $175 million settlement);  *In re IndyMac*

10

*Mortgage-Backed Sec. Litig.*, No. 09-cv-04583-LAK (S.D.N.Y.) (representing the Wyoming State Treasurer and the Wyoming Retirement System and reaching settlements worth $346 million); *In re 2008 Fannie Mae Sec. Litig.*, No. 08-civ-07831-PAC (S.D.N.Y) (representing the Massachusetts Pension Reserves Investment Management Board and achieving a $170 million settlement). *Id.* Berman Tabacco has the skill and knowledge necessary to enable them to prosecute this Action effectively and expeditiously.

Thus, the Court can be assured that, by approving Dr. Jacobs's selection of Lead Counsel, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Dr. Jacobs's selection of Berman Tabacco as Lead Counsel for the Class.

## IV.   CONCLUSION

For the foregoing reasons, Dr. Jacobs respectfully requests that the Court: (1) consolidate all related Actions; (2) appoint Dr. Jacobs to serve as Lead Plaintiff in this Action; and (3) approve Dr. Jacobs's selection of Berman Tabacco as Lead Counsel for the Class.

Dated:  October 18, 2021                             Respectfully submitted,

**BERMAN TABACCO**


By:  /s/ *Joseph J. Tabacco, Jr.*

Joseph J. Tabacco, Jr. (JT1994)
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: jtabacco@bermantabacco.com

11

Patrick T. Egan (PE-6812)
Leslie R. Stern
Steven J. Buttacavoli
**BERMAN TABACCO**
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: pegan@bermantabacco.com
        lstern@bermantabacco.com
        sbuttacavoli@bermantabacco.com

*Counsel for Movant Moises Jacobs, M.D.*

12