UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| RYAN BIBB, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:21-cv-07025-AKH |
| | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| SESEN BIO, INC., THOMAS R. CANNELL, and MONICA FORBES, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | x | |
| MICHAEL CIZEK, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:21-cv-07309-AKH |
| | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| SESEN BIO, INC., THOMAS R. CANNELL, and MONICA FORBES, | : | |
| | : | |
| Defendants. | : | |
| | x | |
| SCOTT MARKMAN, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:21-cv-08308-AKH |
| | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| SESEN BIO, INC., THOMAS R. CANNELL, and MONICA FORBES, | : | |
| | : | |
| Defendants. | : | |
| | x | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF
RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

4845-7137-8431.v1

## I.   INTRODUCTION

The above-captioned cases are putative securities class actions on behalf of investors who purchased or otherwise acquired Sesen Bio, Inc. ("Sesen Bio" or the "Company") securities between December 21, 2020 and August 17, 2021 (the "Class Period") alleging violations of the Securities Exchange Act of 1934 (the "1934 Act") against defendants.[1]   Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).   As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve virtually identical legal and factual issues.

Additionally, the PSLRA states that the Court "shall appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."   15 U.S.C. §78u-4(a)(3)(B)(i).  Julio C. Hernandez respectfully submits that he is the presumptively most adequate plaintiff in this case because he filed a timely motion in response to a notice, has the largest financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. Hernandez's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class is reasonable and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

---

[1]   The Related Actions are *Bibb v. Sesen Bio, Inc.*, No. 1:21-cv-07025 (filed on 8/19/21); *Cizek v. Sesen Bio, Inc.*, No. 1:21-cv-07309 (filed on 8/31/21); and *Markman v. Sesen Bio, Inc.*, No. 1:21-cv-08308 (filed on 10/7/21).

- 1 -

## II.    FACTUAL BACKGROUND

With its principal executive offices located in Cambridge, Massachusetts, Sesen Bio is a late-stage clinical company that purports to advance targeted fusion protein ("TFP") therapeutics for cancer treatments.  Its most advanced product candidate is Vicineum, a locally administered TFP developed as a treatment of bacillus Calmette-Guérin ("BCG")-unresponsive non-muscle invasive bladder cancer ("NMIBC").

Sensen Bio reported preliminary efficacy data from its ongoing Phase 3 clinical trial for Vicineum in August 2019.  On December 21, 2020, the Company announced that it had submitted its Biologics License Application ("BLA") to the U.S. Food and Drug Administration ("FDA") for Vicineum for the treatment of BCG-unresponsive NMIBC.

The complaints allege that throughout the Class Period, defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, defendants failed to disclose to investors: (1) that Sesen Bio's clinical trial for Vicineum had more than 2,000 violations of trial protocol, including 215 classified as "major"; (2) that three of Sesen Bio's clinical investigators were found guilty of "serious noncompliance," including "back-dating data"; (3) that Sesen Bio had submitted the tainted data in connection with the BLA for Vicineum; (4) that Sesen Bio's clinical trials showed that Vicineum leaked out into the body, leading to side effects including liver failure and liver toxicity, and increasing the risks for fatal, drug-induced liver injury; and (5) that, as a result of the foregoing: (i) the Company's BLA for Vicineum was not likely to be approved; (ii) there was a reasonable likelihood that Sesen Bio would be required to conduct additional trials to support the efficacy and safety of Vicineum; and (iii) defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

- 2 -

On August 13, 2021, Sesen Bio announced that the FDA declined to approve its BLA for Vicineum in its current form.  The FDA provided certain "recommendations specific to additional clinical/statistical data and analyses in addition to Chemistry, Manufacturing and Controls (CMC) issues pertaining to a recent pre-approval inspection and product quality."  *Bibb*, ECF No. 1 at ¶39; *Cizek*, ECF No. 1 at ¶39; *Markman*, ECF No. 1 at ¶43.  On this news, the Company's share price fell 57%, to close at $2.11 per share on August 13, 2021.

On August 16, 2021, Sesen Bio further revealed that "it appears that [the Company] will need to do a clinical trial to provide the additional efficacy and safety data necessary for the FDA to assess the benefit-risk profile, which is the basis for approval."  *Bibb*, ECF No. 1 at ¶41; *Cizek*, ECF No. 1 at ¶41; *Markman*, ECF No. 1 at ¶45 .  As a result, the Company expected that it could not resubmit its BLA until 2023.  On this news, the Company's share price fell 42%, to close at $1.22 per share on August 16, 2021.

Then, on August 18, 2021, before the market opened, the health and medicine news site STAT published an article entitled "Sesen Bio trial of cancer drug marked by misconduct and worrisome side effects, documents show."  Citing "hundreds of pages of internal documents" and "three people familiar with the matter," the article detailed that the clinical trial for Vicineum was "marked by thousands of violations of study rules, damning investigator conduct, and worrying signs of toxicity the company did not publicly disclose."  *Bibb*, ECF No. 1 at ¶44; *Cizek*, ECF No. 1 at ¶44; *Markman*, ECF No. 1 at ¶49 .  On this news, the Company's share price fell 13% to close at $1.31 per share on August 18, 2021.

As a result of defendants' wrongful acts and omissions, and the declines in the price of Sesen Bio securities as detailed herein, Mr. Hernandez and other class members have suffered significant losses and damages.

4845-7137-8431.v1

III.    ARGUMENT

      A.    **This Court Should Consolidate the Related Actions**

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. Fed. R. Civ. P. 42(a).

The Related Actions present virtually identical factual and legal issues, alleging the same violations of the 1934 Act against the same defendants during the same Class Period. Because these Related Actions are based on the same factual and legal issues, the same discovery will pertain to the different cases. Thus, consolidation is appropriate here.

      B.    **Mr. Hernandez Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on August 19, 2021. *See* Declaration of David A. Rosenfeld in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel, Ex. 1 ("Rosenfeld Decl.").

     Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

- 4 -

(AA) has either filed the complaint or made a motion in response to a notice . . .;

(Bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Mr. Hernandez meets these requirements and should be appointed Lead Plaintiff.

### 1. Mr. Hernandez's Motion Is Timely

The August 19, 2021, statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff by October 18, 2021. *See* Rosenfeld Decl., Ex. 1. Because Mr. Hernandez's motion has been filed by the statutory deadline, he is eligible for appointment as lead plaintiff.

### 2. Mr. Hernandez Has a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by his Certification and loss chart, Mr. Hernandez purchased 274,888 shares of Sesen Bio common stock during the Class Period and suffered approximately $768,825 in losses as a result of defendants' alleged misconduct. *See* Rosenfeld Decl., Exs. 2, 3. To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Mr. Hernandez meets the PSLRA's prerequisite of having the largest financial interest.

### 3. Mr. Hernandez is Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this early stage of litigation, only typicality and adequacy are pertinent. *See Lopez v. CTPartners Exec. Search Inc.*, 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015).

4845-7137-8431.v1

"A lead plaintiff's claims are typical where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* (citation omitted). "A lead plaintiff is adequate where he 'does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent.'" *Id.* (citation omitted).

Mr. Hernandez satisfies the typicality requirement as he seeks to represent a class of similarly situated purchasers of Sesen Bio securities and suffered a loss as a result of defendants' alleged misconduct. Indeed, like all other class members, Mr. Hernandez: (1) purchased Sesen Bio securities during the Class Period; (2) was adversely affected by defendants' false and misleading statements and omissions; and (3) suffered damages thereby. In other words, Mr. Hernandez's claims arise from the same alleged misconduct and are based on the same legal theory as the claims of other class members. Consistent with the PSLRA, Mr. Hernandez's Certification sets forth his transactions in Sesen Bio securities during the Class Period. Mr. Hernandez has not conflated his own financial interest with the Sesen Bio transactions of any third-party entities in which he may have invested. As such, Mr. Hernandez has a significant direct interest in the outcome of this action, ensuring he will vigorously represent the class.

Mr. Hernandez also satisfies the adequacy requirement. He is a student in his senior year at the University of Miami, majoring in International Relations and Political Science. After learning about and following the stock market for approximately six years, Mr. Hernandez began investing in March 2020. Mr. Hernandez is also familiar with selecting and overseeing counsel. *See* Rosenfeld Decl., Ex. 4 at ¶1. Finally, as further detailed below and in his Declaration, Mr. Hernandez retained

- 6 -

qualified and experienced proposed lead counsel to vigorously prosecute the case on behalf of the class. *Id.* at ¶6.

Because Mr. Hernandez filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated his typicality and adequacy, the Court should adopt the presumption that he is the "most adequate plaintiff."

**C.      The Court Should Approve Mr. Hernandez's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Mr. Hernandez has selected Robbins Geller to serve as lead counsel in this case.[2]

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including this Court, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH, ECF No. 502 at 42-43

---

[2]      For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

4845-7137-8431.v1

(S.D.N.Y. July 30, 2015) (Hellerstein, J.) (commending Robbins Geller for its work in achieving $400 million settlement on the eve of trial: "Without the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems. So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . . You did a really good job. Congratulations."); *Lopez*, 2015 WL 2431484, at *3 ("Having reviewed [Robbins Geller's] submissions as to its pertinent background and experience, including its experience litigating securities class actions, the Court finds that it is well qualified to serve as lead counsel.); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (Preska, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers. They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law. I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute. . . . Counsel, you can all be proud of what you've done for your clients. You've done an extraordinarily good job.").

Notably, in 2020, Robbins Geller recovered more than $1.4 billion on behalf of investors as sole lead counsel in securities class action cases, including $1.02 billion in *Am. Realty* and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.). And, in 2021, Robbins Geller, as sole lead counsel, has secured final approval of a $1.21 billion recovery in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.). Robbins Geller attorneys have obtained the largest securities fraud class action recovery in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict

- 8 -

for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]

As such, Mr. Hernandez's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## IV.   CONCLUSION

The Related Actions are virtually identical and should be consolidated.  In addition, Mr. Hernandez has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, Mr. Hernandez respectfully requests that the Court grant his motion.

DATED:  October 18, 2021                Respectfully submitted,

                                        ROBBINS GELLER RUDMAN
                                          & DOWD LLP
                                        SAMUEL H. RUDMAN
                                        DAVID A. ROSENFELD

                                        *s/ David A. Rosenfeld*
                                        DAVID A. ROSENFELD

---

[3]     *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4845-7137-8431.v1

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

4845-7137-8431.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on October 18, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
  & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4845-7137-8431.v1

# Mailing Information for a Case 1:21-cv-07025-AKH Bibb v. Sesen Bio, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Javier Bleichmar**
  jbleichmar@bfalaw.com

- **Thomas W. Elrod**
  telrod@kmllp.com,ecf@kmllp.com

- **William Bernard Federman**
  wbf@federmanlaw.com,ngb@federmanlaw.com,law@federmanlaw.com

- **Phillip C. Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com,info@glancylaw.com,greg-linkh-2000@ecf.pacerpro.com

- **Kim Elaine Miller**
  kim.miller@ksfcounsel.com,dawn.hartman@ksfcounsel.com,kimmiller225@yahoo.com

- **Justin Solomon Nematzadeh**
  justin.nematzadeh@gmail.com,2642722420@filings.docketbird.com

- **William Michael Regan**
  william.regan@hoganlovells.com,bill-regan-0012@ecf.pacerpro.com,douglas.crosno@hoganlovells.com,nymanagingclerk@hoganlovells.com

- **Joseph J. Tabacco , Jr**
  jtabacco@bermantabacco.com,ysoboleva@bermantabacco.com

- **Allison Michele Wuertz**
  allison.wuertz@hoganlovells.com,nymanagingclerk@hoganlovells.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)