**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RYAN BIBB, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:21-cv-07025-AKH |
| Plaintiff, | |
| v. | |
| SESEN BIO, INC., THOMAS R. CANNELL, and MONICA FORBES, | |
| Defendants. | |
| MICHAEL CIZEK, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:21-cv-07309-AKH |
| Plaintiff, | |
| v. | |
| SESEN BIO, INC., THOMAS R. CANNELL, and MONICA FORBES, | |
| Defendants. | |
| SCOTT MARKMAN, individually and on behalf of all others similarly situated, | Case No. 1:21-cv-08308-AKH |
| Plaintiff, | |
| v. | |
| SESEN BIO, INC., THOMAS R. CANNELL, and MONICA FORBES, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF RYAN BIBB, RODNEY SAMAAN,
LIONEL DRESHAJ, AND BENJAMIN DRESHAJ'S MOTION FOR CONSOLIDATION
OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL
<u>OF LEAD COUNSEL</u>**

Ryan Bibb, Rodney Samaan, Lionel Dreshaj, and Benjamin Dreshaj (the "Sesen Investor Group") respectfully submits this memorandum of law in support of its motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing the Sesen Investor Group as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving the Sesen Investor Group's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.  PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities that purchased or otherwise acquired Sesen Bio, Inc. ("Sesen" or the "Company") securities between December 21, 2020 and August 17, 2021, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff" as lead plaintiff—*i.e.* the plaintiff most capable of adequately representing the interests of class members. The PSLRA also provides a presumption that the most adequate plaintiff is the person or group of persons with the largest financial interest in the relief sought by the class who otherwise satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure.

The Sesen Investor Group believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on its financial losses suffered as a result of the defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, the Sesen Investor Group satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as its claims are typical of other class members' claims and it is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the

PSLRA's lead plaintiff provision, the Sesen Investor Group respectfully submits that it is the presumptively most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, the Sesen Investor Group's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.     FACTUAL BACKGROUND

Sesen is a late-stage clinical company that purports to advance targeted fusion protein ("TFP") therapeutics for cancer treatments. Its most advanced product candidate is Vicineum, a locally administered TFP developed as a treatment of bacillus CalmetteGuérin ("BCG")-unresponsive non-muscle invasive bladder cancer ("NMIBC"). Sesen Bio reported preliminary efficacy data from its ongoing Phase 3 clinical trial for Vicineum, the VISTA trial, in August 2019. On December 21, 2020, Sesen announced that it had submitted its Biologics License Application ("BLA") to the U.S. Food and Drug Administration ("FDA") for Vicineum for the treatment of BCG-unresponsive NMIBC.

On August 13, 2021, Sesen announced that the FDA declined to approve its BLA for Vicineum in its current form. The FDA provided certain "recommendations specific to additional clinical/statistical data and analyses in addition to Chemistry, Manufacturing and Controls (CMC) issues pertaining to a recent pre-approval inspection and product quality." On this news, the Company's share price fell $2.80, or 57%, to close at $2.11 per share on August 13, 2021.

Then, on August 16, 2021, Sesen further revealed that "it appears that [the Company] will need to do a clinical trial to provide the additional efficacy and safety data necessary for the FDA to assess the benefit-risk profile, which is the basis for approval." As a result, the Company expected that it could not resubmit its BLA until 2023. On this news, the Company's share price fell $0.89, or 42%, to close at $1.22 per share on August 16, 2021.

Then, on August 18, 2021, before the market opened, the health and medicine news site STAT published an article entitled "Sesen Bio trial of cancer drug marked by misconduct and worrisome side effects, documents show." Citing "hundreds of pages of internal documents" and "three people familiar with the matter," the article detailed that the clinical trial for Vicineum was "marked by thousands of violations of study rules, damning investigator conduct, and worrying signs of toxicity the company did not publicly disclose." On this news, the Company's share price fell $0.20, or 13%, to close at $1.31 per share on August 18, 2021, on unusually heavy trading volume.

The complaint filed in this action alleges that the defendants made materially false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, and prospects, including: (1) that Sesen's clinical trial for Vicineum had more than 2,000 violations of trial protocol, including 215 classified as "major"; (2) that three of Sesen's clinical investigators were found guilty of "serious noncompliance," including "back-dating data"; (3) that Sesen had submitted the tainted data in connection with the BLA for Vicineum; (4) that Sesen's clinical trials showed that Vicineum leaked out into the body, leading to side effects including liver failure and liver toxicity, and increasing the risks for fatal, drug-induced liver injury; (5) that, as a result of the foregoing, the Company's BLA for Vicineum was not likely to be approved; (6) that, as a result of the foregoing, there was a reasonable likelihood that Sesen would be required to conduct additional trials to support the efficacy and safety of Vicineum; and (7) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of the defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiffs and the class have suffered significant losses and damages.

## III.    PROCEDURAL BACKGROUND

On August 19, 2021, Plaintiff Ryan Bibb, a member of the Sesen Investor Group, commenced the first securities fraud class action against Sesen and certain of its executive officers, captioned *Bibb v. Sesen Bio, Inc., et al.*, Case No. 1:21-cv-07025 (the "*Bibb* Action"). It is brought on behalf of persons and entities that purchased or otherwise acquired Sesen securities during the Class Period.

On August 31, 2021, Plaintiff Michael Cizek filed a substantially similar action, captioned *Cizek v. Sesen Bio, Inc., et al.*, Case No. 1:21-cv-07309 (the "*Cizek* Action"). It is also brought on behalf of persons and entities that purchased or otherwise acquired Sesen securities during the Class Period.

On October 7, 2021, Plaintiff Scott Markman filed a substantially similar action, captioned *Markman v. Sesen Bio, Inc., et al.*, Case No. 1:21-cv-08308 (the "*Markman* Action," and together with the *Bibb* Action and the *Cizek* Action, the "Related Actions"). It is also brought on behalf of persons and entities that purchased or otherwise acquired Sesen securities during the Class Period.

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation pursuant to Rule 42(a) of the Federal Rules of Civil Procedure is proper when actions involve common questions of law and fact. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the

Exchange Act, each presents the same or similar theories for recovery, each names the same defendants, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Rule 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation").

### B. The Sesen Investor Group Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, the Sesen Investor Group satisfies all the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. The Sesen Investor Group has, to the best of its knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, the Sesen Investor Group is not aware of any unique defenses Defendants could raise against it that would render it inadequate to represent the class. Accordingly, the Sesen Investor Group respectfully submits that it should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    The Sesen Investor Group Filed a Timely Motion

The Sesen Investor Group has made a timely motion in response to a PSLRA early notice. On August 19, 2021, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh ("Linkh Decl.") Ex. 1. Therefore, the Sesen Investor Group had sixty days (*i.e.*, until October 18, 2021) to file a motion to be appointed as lead plaintiff. As purchasers of Sesen securities during the Class Period, the Sesen Investor Group members are members of the proposed class and have hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in their PSLRA certifications, the members of the Sesen Investor Group attest that they have reviewed the complaint and are willing to serve as representatives of the class. *See* Linkh Decl., Ex. 2. Accordingly, the Sesen Investor Group satisfies the first requirement to serve as lead plaintiff for the class.

**2.       The Sesen Investor Group Has the Largest Financial Interest**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, the Sesen Investor Group believes that it has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

The Sesen Investor Group purchased Sesen securities during the Class Period at prices alleged to be artificially inflated by the defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Linkh Decl., Ex. 3. To the best of its knowledge, the Sesen Investor Group is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, the Sesen Investor Group believes it has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

**3.       The Sesen Investor Group Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of

7

Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08-cv-7281, 2008 WL 4974839, at \*5 (S.D.N.Y. Nov. 24, 2008).

### a) The Sesen Investor Group's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at \*4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

The Sesen Investor Group's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, the Sesen Investor Group alleges that the defendants' material misstatements and omissions concerning Sesen's business, operations, and financial prospects violated the federal securities laws. The Sesen Investor Group, like all members of the class, purchased Sesen securities in reliance on the defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, the Sesen Investor Group's interests and claims are "typical" of the interests and claims of the class.

### b) The Sesen Investor Group Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

The Sesen Investor Group has demonstrated its adequacy by retaining competent and

experienced counsel with the resources and expertise to efficiently prosecute this action, and its financial losses ensure that it has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. 3. The Sesen Investor Group has also submitted herewith a Joint Declaration, attached to the Linkh Declaration as Exhibit 4, attesting to their ability and willingness to represent the class in this action. The Sesen Investor Group is moreover not aware of any conflict between its claims and those asserted on behalf of the class. As such, the Sesen Investor Group is well-equipped to represent the class.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Here, the Sesen Investor Group has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on its behalf and will retain the firm as the class's lead counsel in the event it is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit 5. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

### V. CONCLUSION

For the foregoing reasons, the Sesen Investor Group respectfully requests that the Court grant its Motion and enter an Order (1) consolidating the Related Actions; (2) appointing the Sesen Investor Group as Lead Plaintiff; (3) approving its selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: October 18, 2021        **GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*       
Gregory B. Linkh (GL-0477)
Matthew M. Houston (MMH-2218)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com
       mhouston@glancylaw.com

*Counsel for the Sesen Investor Group and*
*Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On October 18, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 18, 2021, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh