UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | x | |
|---|---|---|
| RYAN BIBB, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:21-cv-07025-AKH |
| | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| SESEN BIO, INC., THOMAS R. CANNELL, and MONICA FORBES, | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

| | x | |
|---|---|---|
| MICHAEL CIZEK, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:21-cv-07309-AKH |
| | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| SESEN BIO, INC., THOMAS R. CANNELL, and MONICA FORBES, | : | |
| | : | |
| Defendants. | : | |

---

| | x | |
|---|---|---|
| SCOTT MARKMAN, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:21-cv-08308-AKH |
| | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| SESEN BIO, INC., THOMAS R. CANNELL, and MONICA FORBES, | : | |
| | : | |
| Defendants. | : | |
| | x | |

JULIO C. HERNANDEZ'S MEMORANDUM OF LAW IN OPPOSITION TO THE
COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF

4883-5505-3057.v1

## I.    INTRODUCTION

Out of the nine movants,[1] Mr. Hernandez is the "most adequate plaintiff" within the meaning of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), as he suffered the single largest loss of any movant that has sought to be appointed as lead plaintiff *and* otherwise meets the "typicality" and "adequacy" requirements of Rule 23 of the Federal Rules of Civil Procedure.  Accordingly, Hernandez should be appointed as Lead Plaintiff and his selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel should be approved. The competing motions should be denied.

## II.    ARGUMENT

### A.    Mr. Hernandez Is the Presumptive Lead Plaintiff

While the Sesen Investor Group has the largest claimed losses, this group should not be allowed to aggregate their losses under the PSLRA as it is clear that this group was cobbled together to artificially create the largest financial interest and leapfrog other investors with a larger individual loss.  Indeed, all of the individual Sesen Investor Group members suffered a smaller loss than Mr. Hernandez:[2]

---

[1]    Nine motions were filed by class members seeking appointment as lead plaintiff and approval of counsel pursuant to the PSLRA: 1) Julio C. Hernandez; 2) Ryan Bibb, Rodney Samaan, Lionel Dreshaj, and Benjamin Dreshaj (the "Sesen Investor Group"); 3) Maurice Harris; 4) Moises Jacobs, M.D.; 5) Joseph P. Nolff; 6) Donald Daugherty; 7) Curtis Cinelli; 8) Michael Miller; and 9) Cesar Bustamante.  *See* ECF Nos. 9, 12, 14, 17, 21, 24, 25, 31, 32.  The Court granted Mr. Cinelli's motion to withdraw (ECF No. 40) on October 28, 2021.  *See* ECF No. 45.  On October 27, 2021, Dr. Jacobs filed a notice of non-opposition to the competing motions.  *See* ECF No. 44.  Two days later, on October 29, 2021, Mr. Daugherty also filed a notice of non-opposition to the competing motions. *See* ECF No. 47.

[2]    Although Lionel Dreshaj and Benjamin Dreshaj are brothers, even if the Court were to aggregate their losses, their cumulative loss of approximately $348,497 is still smaller than Mr. Hernandez's loss of $768,825.

- 1 -

| Movant | Claimed Loss |
|---|---|
| Julio C. Hernandez | $768,825 |
| Ryan Bibb | $418,330 |
| Rodney Samaan | $417,590 |
| Lionel Dreshaj | $196,706 |
| Benjamin Dreshaj | $151,791 |

Although "a group of persons" may be appointed as lead plaintiff under the PSLRA, courts often only permit such coalitions where, unlike here, a member of the group possesses the single largest loss. *See Garnett v. RLX Tech Inc.*, 2021 WL 3913541, at *5 (S.D.N.Y. Aug. 31, 2021) ("There is, for example, no suggestion that the group was formed to box out an outside candidate for lead plaintiff; on the contrary, had the group not been formed, the $2,307,485.60 loss claimed by its member, Tseng, would have been highest among all movants."); *Cushman v. Fortress Biotech, Inc.*, 2021 WL 1526172, at *2-3 (E.D.N.Y. Apr. 19, 2021) (appointing group where individual members possessed a larger financial interest than competing movant, determining that "this is not a case in which 'the aggregation of class members [was] done solely to create an artificially large financial interest'") (citation omitted). "Given that the PSLRA favors the appointment of class members with the largest financial interests in the litigation, it is clear why a group that is able to obtain lead plaintiff status only by aggregating the much smaller losses of a number of class members potentially runs afoul of the policy behind the statute." *Peters v. Jinkosolar Holding Co., Ltd.*, 2012 WL 946875, at *9 (S.D.N.Y. Mar. 19, 2012).

And, while Mr. Harris has claimed an alleged loss of $770,287, the difference between Harris' loss and Mr. Hernandez's loss is merely $1,462 – or a ***0.19% differential***. This Court has previously held that such a fractional difference cannot be outcome determinative. *See Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH, ECF No. 45 at 20 (finding that difference in loss between two movants of less than 10% is "virtually the same . . . [t]here is no point in making distinctions"); *In re Elan Corp. Sec. Litig.,* 2009 WL 1321167, at *1 (S.D.N.Y. May 11, 2009) (noting that "movants'

- 2 -

4883-5505-3057.v1

losses are basically equal" where one claimed a loss of $4,236,002.68 and another movant claimed a loss of $4,257,795.45).

Moreover, Mr. Harris' Certification does not appear to have been properly executed or conform with the PSLRA's requirements. Harris' Certification was purportedly electronically signed, as evidenced by the "Document Ref" stamp in the footnote on the bottom of the first three pages of his Certification. *See* ECF No. 27-3.[3] This stamp also identifies the page number and collective page count (*e.g.*, "Page 1 of 3"), but notably, the page identifying Harris' transactions in Sesen Bio, Inc. is on the fourth page, which is titled Exhibit A. Exhibit A lacks the electronic signature stamp that can be found on the preceding three pages. *See id.*; *but see* ECF No. 36-2 (electronic header on all pages of Certification, including list of transactions). Thus, Harris either never saw Exhibit A (*i.e.*, it was subsequently appended to the document after signature) or it was not submitted under penalty of perjury, as required by the PSLRA. *See* 15 U.S.C. §78u-4(a)(2)(A). As such, there is no way to verify that it accurately reflects Harris' transactions in Sesen and calls into question the timely assertion of Harris' claimed financial interest. *See* 15 U.S.C. §78u-4(a)(3) (PSLRA requires a movant's financial interest to be timely asserted by the 60-day deadline).

That is particularly so considering Mr. Hernandez's adequacy is bolstered by his diligence in selecting a lead counsel with an office in this District that has extensive experience in successfully prosecuting securities fraud class actions in this Court. *See, e.g.*, *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.) (Robbins Geller, as sole lead counsel, recovering

---

[3] Although the stamp suggests some form of digital signing, there is no indication that a credible e-sign program was used to digitally sign the Certification or that it was actually signed by Mr. Harris. *See generally Plymouth Cty. Ret. Ass'n v. Innovative Tech.*, *Inc.*, 2021 WL 4298191, at *6 n.1 (S.D.N.Y. Sept. 21, 2021) (questioning movant's digital signature's compliance with this District's rules for filing e-signed documents).

4883-5505-3057.v1

$1.025 billion for the class in a securities case); *Jones*, No. 1:10-cv-03864-AKH (Robbins Geller achieving $400 million settlement on the eve of a securities fraud trial).

In contrast, Mr. Harris selected Gibbs Law Group LLP, a law firm that only has offices in California. As a result, Harris also retained Bleichmar Fonti & Auld LLP as local counsel – creating inefficiencies in costs and litigation to the detriment of the class – a concern that this Court has raised in the past in the evaluation of lead plaintiff appointments. *See Am. Realty*, No. 1:15-mc-00040, Tr. at 8 (when appointing Robbins Geller as sole lead counsel, this Court noted that "having multiple lawyers, this Court has repeatedly expressed its concern about efficiencies in costs and litigation, and having duplicative counsel is not an ideal practice") (attached hereto as Exhibit 5). Accordingly, in appointing Mr. Hernandez as lead plaintiff and approving his selection of Robbins Geller as lead counsel, this Court can be assured that this action will be litigated both zealously and efficiently on behalf of the class.

Because Mr. Hernandez meets all of the PSLRA's requirements, he is the presumptively "most adequate plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). In order to rebut the presumption, competing movants are required to submit proof that Hernandez is either subject to a unique defense or is unable to adequately represent the class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Because there is no such proof, Hernandez should be appointed Lead Plaintiff.

**B.    The Remaining Movants Do Not Qualify for the PSLRA's Presumption**

All of the remaining movants claim smaller losses than Mr. Hernandez:

| Remaining Movant | Claimed Loss |
|---|---|
| Julio C. Hernandez | $768,825 |
| Joseph P. Nolff | $394,367 |
| ~~Donald Daugherty~~ | ~~$374,920~~ |
| ~~Moises Jacobs, M.D.~~ | ~~$352,679~~ |
| ~~Curtis Cinelli~~ | ~~$302,127~~ |
| Michael Miller | $41,677 |

- 4 -

| Cesar Bustamante | $37,311 |
|---|---|

Accordingly, the Court should not consider their motions unless the presumption in favor of appointing Hernandez as lead plaintiff is rebutted. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 222 (3d Cir. 2001) (the presumption "'may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses that render such plaintiff incapable of adequately representing the class'") (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)). Here, because Hernandez is willing to serve and satisfies Rule 23's requirements, the competing motions should be denied.

## III.    CONCLUSION

Mr. Hernandez has the single greatest financial interest in the relief sought by the class and has satisfied each of the PSLRA's requirements for appointment as lead plaintiff and approval of his selection of counsel. The presumption, which lies in favor of Hernandez, cannot be rebutted. Accordingly, Hernandez respectfully requests that the Court grant his motion.

DATED:  November 1, 2021                Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

- 5 -

4883-5505-3057.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 1, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4883-5505-3057.v1

# Mailing Information for a Case 1:21-cv-07025-AKH IN RE SESEN BIO, INC. SECURITIES LITIGATION

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Javier Bleichmar**
  jbleichmar@bfalaw.com

- **Thomas W. Elrod**
  telrod@kmllp.com,ecf@kmllp.com

- **William Bernard Federman**
  wbf@federmanlaw.com,ngb@federmanlaw.com,law@federmanlaw.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,asoto@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Phillip C. Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,asoto@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com,info@glancylaw.com,greg-linkh-2000@ecf.pacerpro.com

- **Justin Solomon Nematzadeh**
  justin.nematzadeh@gmail.com,2642722420@filings.docketbird.com

- **William Michael Regan**
  william.regan@hoganlovells.com,bill-regan-0012@ecf.pacerpro.com,douglas.crosno@hoganlovells.com,nymanagingclerk@hoganlovells.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **David Stein**
  ds@classlawgroup.com,7316370420@filings.docketbird.com

- **Joseph J. Tabacco , Jr**
  jtabacco@bermantabacco.com,ysoboleva@bermantabacco.com

- **Allison Michele Wuertz**
  allison.wuertz@hoganlovells.com,nymanagingclerk@hoganlovells.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Curtis Cinelli
,