**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re Sesen Bio, Inc. Securities Litigation* | ) |
| | ) Civil Action No. 1:21-cv-07025-AKH |
| | ) |
| | ) <u>CLASS ACTION</u> |
| | ) |
| | ) |

**REPLY IN FURTHER SUPPORT OF APPOINTING MAURICE HARRIS AS LEAD**
**PLAINTIFF**

## TABLE OF CONTENTS

A.     Harris has the largest financial interest. ..................................................................... 1

B.     Hernandez fails to rebut the presumption entitling Harris to appointment. ......................... 4

C.     Hernandez's appointment would subject the class to serious risk. ..................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Africa v. Jianpu Tech. Inc.*,
  2021 WL 1999467 (S.D.N.Y. May 19, 2021) ........................................................................ 2

*Alkhoury v. Lululemon Athletica, Inc.*,
  2013 WL 5496171 (S.D.N.Y. Oct. 1, 2013) .......................................................................... 3

*Camp v. Qualcomm Inc.*,
  2019 WL 277360 (S.D. Cal. Jan. 22, 2019) .......................................................................... 6

*Cortina v. Anavex Life Sciences Corp.*,
  2016 WL 1337305 (S.D.N.Y. Apr. 5, 2016) ...................................................................... 2, 3

*Faris v. Longtop Fin. Techs. Ltd.*,
  2011 WL 4597553 (S.D.N.Y. Oct. 4, 2011) .......................................................................... 2

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ................................................................................................ 1

*In re Elan Corp. Sec. Litig.*,
  2009 WL 1321167 (S.D.N.Y. May 11, 2009) ....................................................................... 3

*In re NYSE Specialists Sec. Litig.*,
  240 F.R.D. 128 (S.D.N.Y. 2007) .......................................................................................... 6

*Karp v. Diebold Nixdorf, Inc.*,
  2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019) .................................................................... 5, 6

*Police and Fire Ret Sys. of City of Detroit v. SafeNet, Inc.*,
  2007 WL 7952453 (S.D.N.Y. Feb. 21, 2007) ....................................................................... 3

*Westchester Putnam Cntys. Heavy & Highway Laborers Local 60 Benefit Funds v.
  Brixmor Prop. Grp. Inc.*, 2016 WL 11648466 (S.D.N.Y. Nov. 29, 2016) ............................ 3

**Statutes**

15 U.S.C. § 78 ............................................................................................................................ 4

In response to the order on October 29, 2021, which appointed a four-person group of investors to serve as Lead Plaintiff, Maurice Harris—the investor with the largest individual loss in this action—filed a motion for reconsideration. *See* ECF Nos. 48-49. In doing so, Harris noted that the October 29 order had preceded the deadline for he and other movants to file their opposition briefs. On the same day that Harris filed his motion, a second investor, Julio C. Hernandez, likewise asked the Court to vacate the October 29 ruling. *See* ECF Nos. 52-53. In arguing against the appointment of the four-person group of investors listed in the October 29 order, Hernandez correctly repeats the point made by Harris: the PSLRA and courts in this district disfavor appointing groups of unrelated individual investors. But Hernandez goes wrong when he suggests that he is the individual investor who should be tapped to serve as Lead Plaintiff.

Harris is the investor asserting the single largest financial loss in this case. He also asserts the largest financial interest when considering the remaining *Lax* factors, which are used to gauge which investor has the largest financial interest in the suit. Harris is also a typical and adequate class representative, and Hernandez fails to offer proof to rebut the presumption entitling Harris to appointment. What's more, Hernandez is not an adequate Lead Plaintiff because he is a college student who appears to have never held a job, who lost his family's money (not his), and who has already demonstrated unreliability and a lack of attention and commitment to closely supervising counsel as detailed below.

## A.   Harris has the largest financial interest.

The PSLRA establishes a straightforward statutory process. "The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical." *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002); *see also Faris v. Longtop Fin.*

*Techs. Ltd.*, 2011 WL 4597553, at *3 (S.D.N.Y. Oct. 4, 2011) ("The process is sequential and does not leave any room for a relative comparison of the movants by the court").

It appears undisputed that Harris asserts the largest individual financial interest of all movants. *See* ECF No. 50 at 12-15. This can be confirmed through analysis of the applicable framework: In determining the largest financial interest, "courts have generally relied on four factors . . . commonly known as the *Lax* factors." *Africa v. Jianpu Tech. Inc.*, 2021 WL 1999467, at *1 (S.D.N.Y. May 19, 2021). The four factors in order of importance are: (1) "the approximate losses suffered by the plaintiffs;" (2) "the total net funds expended by the plaintiffs during the class period;" (3) "the number of net shares purchased;" and (4) "the number of shares purchased" during the class period. *Id.*

As set forth in the table below, the four *Lax* factors show that Harris is the investor with the largest financial interest in this litigation. Under the first (and most important) factor, Harris incurred the largest loss. Under the second factor, Harris expended the most net funds—40% more than Hernandez. And under the third factor, Harris purchased over 255,000 more net shares than Hernandez. *See* ECF No. 50 at 13-14. Only under the fourth factor—which courts recognize to be the least important *Lax* factor—does Harris come in a close second. *See Cortina v. Anavex Life Sciences Corp.*, 2016 WL 1337305, at *1 (S.D.N.Y. Apr. 5, 2016) ("courts tend to treat the factors in ascending order of importance, with the number of shares purchased as the least important and the size of the loss the most important").

Hernandez does not dispute this application of the *Lax* factors. Instead, Hernandez claims that Harris's superior financial interest "cannot be outcome determinative" because Harris's "loss is merely $1,462" larger than Hernandez's. ECF No. 53 at 2. But even if that difference under the first *Lax* factor were not dispositive, Hernandez ignores the remaining *Lax* factors which

2

overwhelmingly favor Harris.  There is no basis to ignore the conclusion derived from the *Lax* factors.[1]

| Movant | Loss[2] | Net Funds Expended | Net Shares Purchased | Total Shares Purchased |
|---|---|---|---|---|
| **Harris** | $770,287 | $1,079,047 | 255,171 | 255,171 |
| **Hernandez** | $768,825 | $768,825 | 0 | 274,888 |

To the contrary, courts in this district consistently hold that when the losses under the first *Lax* factor are close, the remaining *Lax* factors take on *more* (not less) weight.  *See Police and Fire Ret Sys. of City of Detroit v. SafeNet, Inc.*, 2007 WL 7952453, at *2-3 (S.D.N.Y. Feb. 21, 2007) (despite 2% loss differential, appointing movant that purchased more net shares and expended more net funds and rejecting argument that "only one factor really counts: the final *Lax* factor which measures the size of the losses suffered"); *Cortina v. Anavex Life Sciences Corp.*, 2016 WL 1337305, at *2 (S.D.N.Y. Apr. 5, 2016) (appointing movant that purchased more net shares and expended more net funds over movant whose loss was "only slightly" (3.5%) larger); *Westchester Putnam Cntys. Heavy & Highway Laborers Local 60 Benefit Funds v. Brixmor Prop. Grp. Inc.*, 2016 WL 11648466, at *2 (S.D.N.Y. Nov. 29, 2016) (appointing movant based on net shares purchased and net funds expended when losses "roughly equal"); *Alkhoury v. Lululemon Athletica, Inc.*, 2013 WL 5496171, at *1 (S.D.N.Y. Oct. 1, 2013) (appointing movant that purchased more

---

[1] Hernandez's lead authority is a transcript of a Lead Plaintiff hearing conducted before this Court 11 years ago in *Jones v. Pfizer, Inc.*, 10-cv-3864, ECF No. 45 at 20 (S.D.N.Y. Nov. 3, 2010). Aside from not being a precedential order, the transcript does not support the proposition that courts ignore the *Lax* factors when determining financial interest.  In *In re Elan Corp. Sec. Litig.*, 2009 WL 1321167, at *1-2 (S.D.N.Y. May 11, 2009), for example, this Court recognized that the four factors are to be considered "[t]o determine which movant has the largest financial interest," and ultimately appointed the movant whom the Court found "to have a greater financial interest." It should do the same here.

[2] The losses for Harris and Hernandez do not change whether calculated under LIFO, FIFO, Dura LIFO, or Dura FIFO.  *See* ECF No. 50 at 13.

net shares and expended more net funds over movant that incurred 1.7% larger loss). Because it is undisputed that Harris incurred the largest loss and, by far, purchased the most net shares and expended the most net funds to purchase Sesen Bio stock, he has the largest financial interest and is the presumptive Lead Plaintiff.

**B.      Hernandez fails to rebut the presumption entitling Harris to appointment.**

To rebut the presumption entitling Harris to appointment, Hernandez would have to offer proof of Harris's inadequacy. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Hernandez offers no proof, but instead resorts to nitpicking the formatting of Harris's PSLRA certification. *See* ECF No. 53 at 3. Significantly, Hernandez does not identify an error or inaccuracy in Harris's certification. First, Hernandez speculates that "Harris either never saw Exhibit A [reflecting Harris's transactions in Sesen Bio stock] or it was not submitted under penalty of perjury." ECF No. 53 at 3. This assertion is contradicted by the sworn certification itself in which Harris attests that "My transactions in Sesen Bio, Inc. securities during the Class Period are reflected in Exhibit A, attached hereto." ECF No. 27-3. Harris reviewed the transactions and attested to their accuracy prior to filing his initial motion, but to remove all doubt, has submitted herewith a declaration confirming that point. *See* Harris Decl. at ¶ 2.

Then, Hernandez criticizes Harris's use of a digital signature for Harris's PSLRA certification and questions whether the "Certification [] was actually signed by Mr. Harris." ECF No. 53 at 3 n.3. This is a curious claim to make because Hernandez also used a digital signature. *See* ECF No. 36-2 at 2. In any event, there is no basis in the record to conclude anyone other than Harris signed the certification, and again, to remove all doubt, Harris has submitted a declaration to confirm he signed the certification. *See* Harris Decl. at ¶ 3.

Finally, Hernandez wrongly suggests that Harris's adequacy is undermined by his selection of Gibbs Law Group as counsel, on the sole basis that the firm does maintain an office in this district, and so also retained Bleichmar Fonti & Auld LLP ("BFA") as local counsel. *See* ECF No. 53 at 4. Hernandez does not claim that Gibbs Law Group or BFA is unqualified or inexperienced; indeed, both are highly experienced law firms that have achieved impressive results for investors. *See* ECF No. 26 at 9. And Hernandez's citation to the transcript in the *American Realty Capital Properties, Inc.,* securities litigation conducted before this Court is misleading. Hernandez quotes that transcript, claiming that "*this Court* noted [with respect to] 'having multiple lawyers, [that] this Court has repeatedly expressed its concern about efficiencies.'" ECF No. 53 at 4 (emphasis added). But "this Court" did not say that. That is a statement from a lawyer at the hearing, which the Court rejected in its next sentence:

> [COUNSEL]: Well, I think, your Honor, one lead plaintiff -- this has been dealt with repeatedly and endorsed by the Second Circuit in the WorldCom, case where the argument was made that you need multiple plaintiffs, and the notion that every warrior is a general doesn't work. *And having multiple lawyers, this Court has repeatedly expressed its concern about efficiencies in costs and litigation, and having duplicative counsel is not an ideal practice.*
>
> THE COURT: *There is no real ideal. It is a big enough case where you can't confine the activity to one lawyer, any maybe not even one law firm.* Just like there are a number of defendant law firms, efficiency may come up with more than one.

*See* ECF No. 53-1 at 8-9 (emphasis added).

## C.     Hernandez's appointment would subject the class to serious risk.

To the extent there are any concerns about adequacy raised in connection with Hernandez's papers, those concerns are more appropriately directed to Hernandez himself. In assessing adequacy, courts examine the "experience of the proposed lead plaintiff." *Karp v. Diebold Nixdorf, Inc.*, 2019 WL 5587148, at *3 (S.D.N.Y. Oct. 30, 2019). These factors are relevant to ensure that the movant "will be capable of adequately protecting the interests of the class." *Id.*, at 6.

5

Hernandez is a college student. ECF No. 36-4 ¶ 1. He is also new to investing—he states he began investing less than two years ago. *Id.* Not surprisingly, Hernandez does not point to any relevant life experience that would demonstrate his ability to manage this case; he does not state whether he has ever held a job or been tasked with looking out for anyone else's best interests – let alone act as a fiduciary for tens of thousands of investors with hundreds of millions of dollars at stake. Accordingly, to the extent adequacy is considered after application of the *Lax* factors, there would be good reason to harbor concerns about Hernandez's ability to provide the type of representation for the class contemplated by the PSLRA.

What's more, the PSLRA intends the Lead Plaintiff to be the movant with the most skin in the game to ensure active participation in the litigation. *See In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 134 (S.D.N.Y. 2007) ("purpose of the PSLRA [is] to ensure . . . active participation"). Yet Hernandez states in his declaration that his losses here derive from money that his father gave him. *See* ECF No. 36-4 ¶ 1.

These are not idle concerns. While Harris's PSLRA certification is indisputably accurate, Hernandez's certification contains an obvious error that demonstrates a lack of attention and commitment to closely supervise counsel. Specifically, Hernandez's certification—which he personally signed and swore "under penalty of perjury that the foregoing is true and correct"— states that Hernandez "reviewed a complaint and *authorized its filing.*" ECF No. 36-2 (emphasis added). But Hernandez did not file a complaint; he filed a motion seeking appointment as Lead Plaintiff. ECF No. 32; *see Camp v. Qualcomm Inc.*, 2019 WL 277360, at *3 (S.D. Cal. Jan. 22, 2019) (explaining the court's "reservations" in appointing a movant who "sign[ed] under penalty of perjury that he reviewed the complaint and authorized its filing" when "there was [] no filing

6

made on behalf of [the movant]").  Hernandez's inexperience, lack of incentive, and demonstrated unreliability at the earliest stage of the case further counsel against his appointment.

For these reasons, Harris respectfully requests that the Court: (1) grant his motion for partial reconsideration; (2) vacate the Lead Plaintiff Order; (3) appoint him to serve as Lead Plaintiff; (4) approve his selection of Gibbs Law Group as Lead Counsel for the class; and (5) grant any such further relief as the Court may deem just and proper.

Dated:  November 8, 2021

Respectfully Submitted,

**BLEICHMAR FONTI & AULD LLP**

*/s/ Javier Bleichmar*
Javier Bleichmar
7 Times Square, 27th Floor
New York, New York 10036
Telephone: (212) 789-1340
Facsimile:  (212) 205-3960
jbleichmar@bfalaw.com

*Local Counsel for Proposed Lead Plaintiff Maurice Harris*

**GIBBS LAW GROUP LLP**
David Stein (*pro hac vice*)
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ds@classlawgroup.com

*Counsel for Proposed Lead Plaintiff Maurice Harris, and Proposed Lead Counsel for the Class*

7