**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re Sesen Bio, Inc. Securities Litigation* | Case No. 1:21-cv-07025-AKH |

**MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF**
**<u>MAURICE HARRIS FOR PARTIAL RECONSIDERATION</u>**

742503.1

Lead Plaintiff Sesen Investor Group (consisting of Plaintiff Ryan Bibb, Rodney Samaan, Lionel Dreshaj, and Benjamin Dreshaj) respectfully submits this memorandum of law in opposition to the Motion of Maurice Harris for Partial Reconsideration (Dkt. No. 49) of the Court's Order dated October 29, 2021 (Dkt. No. 48, the "Order") granting the Sesen Investor Group's motion for appointment as lead plaintiff and approval of counsel (Dkt. No. 31, the "Motion").[1]

## I.    INTRODUCTION

Local Civil Rule 6.3 ("Rule 6.3") requires that the party seeking reconsideration concisely set forth the matters or controlling decisions which its counsel believes the court has overlooked.[2] "[R]econsideration is appropriate only where there is an intervening change of controlling law, newly available evidence, or the need to correct a clear error or prevent manifest injustice." *Peters v. Jinkosolar Holding Co.*, No. 11-cv-7133, 2012 WL 946875, at *3 (S.D.N.Y. Mar. 19, 2012).[3]

---

[1]    On November 1, 2021, Lead Plaintiff Movant Julio C. Hernandez sought reconsideration of the Court's Order by filing a letter motion, which is impermissible under Your Honor's Individual Rule 2.B. To the extent that Mr. Hernandez's motion is considered, Lead Plaintiff incorporates the arguments set forth herein. Moreover, Mr. Hernandez's counsel's attacks on the Sesen Investor Group's group status should be weighed against the fact that his counsel, Robbins Geller Rudman & Dowd LLP, filed a lead plaintiff motion on behalf of a two-person group in a case before Your Honor less than two months ago. *See Jochims v. Oatly Group AB*, No. 1:21-cv-06360-AKH (the "*Oatly* Action"), Dkt. No. 18 (filed September 24, 2021). In its briefing in the *Oatly* Action, counsel for Mr. Hernandez claimed that "small coalitions of investors are regularly appointed as lead plaintiff on a case-by-case basis, particularly where there is timely evidence of cooperation by members with a substantial interest in the relief sought by the class as there is here." *Oatly* Action, Dkt. No. 28 at 10.

[2]    Rule 6.3 also states that "[n]o affidavits shall be filed by any party unless directed by the Court." Despite this, Mr. Harris' filed the Declaration of Javier Bleichmar in Support of The Motion of Maurice Harris for Partial Reconsideration (Dkt. No. 51, the "Bleichmar Affidavit"). Attached to the Bleichmar Affidavit are press releases published by counsel for the Plaintiff Ryan Bibb notifying class members of the action, and a financial interest analysis prepared by Mr. Harris' counsel. Since Rule 6.3 prohibits such filings, the Bleichmar Affidavit should be stricken, and arguments in Mr. Harris' motion that rely on the Bleichmar Affidavit should be disregarded.

[3]    All internal quotation marks, brackets, and citations are omitted herein, and all emphasis is added, unless otherwise noted.

The motion should be denied if the moving party fails to "point to controlling decisions or data that the court overlooked." *Id.* (citing *Shrader v, CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995)).

Here, Mr. Harris does not argue that there has been an intervening change in controlling law, or that new evidence has come to light. Instead, Mr. Harris argues that the Court committed error by appointing the Sesen Investor Group as lead plaintiff before Mr. Harris could file his opposition. *See* Memorandum of Law in Support of Maurice Harris's Motion for Partial Reconsideration ("Reconsideration Memo") (Dkt. No 50) at 1-2. However, the Court is not obligated by law to wait for Mr. Harris's opposition memorandum.

Mr. Harris also claims the Court erred in appointing the Sesen Investor Group as lead plaintiff, alleging that the group will be an inadequate class representative. *See* Reconsideration Memo at 2. Mr. Harris is incorrect. The PSLRA permits a "group of persons" to serve as lead plaintiff without qualification, *see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), and the Sesen Investor Group submitted a Joint Declaration (Dkt. No. 38-4) with their Motion attesting that they understand the responsibilities of a lead plaintiff and have the ability and motivation to adequately represent the class. *See Mustafin v. GreenSky, Inc.*, No. 18-cv-11071, 2019 WL 1428594, at *5 (S.D.N.Y. Mar. 29, 2019) (holding "a coalition of investors may appropriately be appointed lead plaintiff," and appointing a "relatively small and therefore presumptively cohesive" group that "attested that they understand that they owe a duty to all class members and pledge to work closely together to vigorously prosecute the claims on behalf of the class").

In sum, the appointment of the Sesen Investor Group was not error or injustice, and thus should not be overturned. The Court was not obligated to wait for Mr. Harris' opposition

memorandum to enter an order, and no controlling authority bars appointment of the Sesen Investor Group as lead plaintiff.

## II.    ARGUMENT

### A.    Standard

Motions for reconsideration are governed by Local Civil Rule 6.3, which requires that the movant "concisely"[4] set forth "the matters or controlling decisions which counsel believes the Court has overlooked. *See* Rule 6.3.

The standard for granting a motion for reconsideration is "strict." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re HEXO Corp. Sec. Litig.*, No. 19-cv-10965, 2020 WL 5503634, at *1 (S.D.N.Y. Sept. 11, 2020) (citing *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Courts have broad discretion to reject such motions. *See Corrado v. Freundlich*, No. 15-cv-5389, 2017 WL 5495812, at *2 (E.D.N.Y. Mar. 27, 2017) ("[A] motion for reconsideration is committed to the sound discretion of the district court."). "Accordingly, a motion for reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *HEXO*, 2020 WL 5503634, at *1 (citing *CSX*, 70 F.3d at 257). A dissatisfied party cannot use a motion for reconsideration to take "a second bite at the apple." *VimpelCom, Ltd.*, No. 15-cv-8672, 2016 WL 5390902, at *1 (S.D.N.Y. Sept. 26, 2016).

Here, Mr. Harris claims the Court committed error by (1) entering the Order before Mr. Harris filed an opposition memorandum to the Sesen Investor Group's Motion, and (2) appointing the Sesen Investor Group as Lead Plaintiff. *See* Reconsideration Memo at 1-2. Neither of these are

---

4    The 16-page Reconsideration Memo is not concise.

errors, and no manifest injustice occurred. For these reasons, and as further detailed below, Mr. Harris' motion for reconsideration should be denied.

**B.      It Is Not Error or Injustice to Grant a Motion Before an Opposition Is Filed**

The Federal Rules of Civil Procedure and this District's Local Civil Rules do not tie the Court's hands with respect to how quickly the Court may grant a motion after it is filed—and Mr. Harris does not allege otherwise.[5]

Mr. Harris does allege, however, that "the PSLRA specifically provides Harris—and all class members—with the opportunity to oppose the appointment of the competing movants" and that "[b]y ruling on the Lead Plaintiff motions prior to opposition briefs being filed, class members did not have the opportunity to exercise that statutory right." *See* Reconsideration Memo at 2 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)). The PSLRA does not provide such a right. Mr. Harris misreads the PSLRA to turn a ***limitation*** on his ability to oppose the Sesen Investor Group's Motion into a ***right*** to oppose the Motion.

The PSLRA requires that courts "adopt a presumption that the most adequate plaintiff [to be appointed as lead plaintiff] . . . is the person or ***group of persons***" that "(aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, the Sesen Investor Group was the "group of persons" that satisfied the

---

[5]      The PSLRA, however, requires that the Court appoint a lead plaintiff "[n]ot later than 90 days" after notice of the action is published. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Notice of this action was published on August 19, 2021. *See* Dkt. No. 38-1 (Published PSLRA Notice). Accordingly, the Court had until November 17, 2021, to appoint a lead plaintiff, which the Court satisfied by entering the Order appointing the Sesen Investor Group on October 29, 2021.

above criteria, as demonstrated in its opening memorandum. *See* Dkt. No. 35. Accordingly, the Sesen Investor Group was the presumptive most adequate plaintiff.

The PSLRA then severely limits the ways in which the presumption may be rebutted: "The presumption . . . may be rebutted *only* upon *proof* by a member of the purported plaintiff class that the presumptively most adequate plaintiff—(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). In other words, the PSLRA *limits* rebuttals to "proof" of inadequacy or unique defenses, and all other potential rebuttals are excluded. The PSLRA, however, does not provide Mr. Harris (or "all class members" as Mr. Harris claims) a *right* to a rebuttal. Mr. Harris confuses the PSLRA limitation on rebuttals for a right to a rebuttal.

Since Mr. Harris does not have a "right" under the PSLRA to oppose the Sesen Investor Group's Motion, nor a right to rebut the presumption that the Sesen Investor Group was the most adequate plaintiff, the Court did not err by granting the Motion before Mr. Harris filed an opposition memorandum.

**C.      It Was Not Error or Injustice to Appoint the Sesen Investor Group as Lead Plaintiff**

The PSLRA and the law of this District both approve of small cohesive groups being appointed lead plaintiff as the Court correctly did here. Specifically, the PSLRA permits a "group of persons" to serve as lead plaintiff, without qualification. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 99 (S.D.N.Y. 2005) (the PSLRA "does not specify whether the members must be related in some fashion in order to qualify as an appropriate lead plaintiff group"). As such, courts in this district allow for the appointment of such small groups and the Court's appointment of the Sesen Investor Group was not in error. *See  e.g.*, *Mahapatra,*

*v. Fuqi International, Inc*, No. 10-cv-2515, 2010 WL 11575585, at *5 (S.D.N.Y. July 26, 2010) ("[A]lthough the Second Circuit has not addressed the issue, courts in this jurisdiction, as well as the Third Circuit, have appointed groups of unrelated investors as lead plaintiffs as long those groups are not too large and have evinced an ability (and a desire) to work collectively to manage the litigation so that they are able to cooperate and pursue the litigation separately and apart from their lawyers."); *eSpeed,* 232 F.R.D. at 99 (the "majority view" is that "unrelated investors may aggregate under certain circumstances"); *Reimer v. Ambac Fin. Grp., Inc.*, No. 08-cv-1273, 2008 WL 2073931, at *2 (S.D.N.Y. May 9, 2008) (prohibiting aggregation of unrelated plaintiffs "is now the minority view"); *Simmons v. Spencer*, No. 13-cv-8216-RWS, 2014 WL 1678987, at *5 (S.D.N.Y. Apr. 25, 2014) ("[a] group consisting of persons that have no pre-litigation relationship may be acceptable as a lead plaintiff candidate so long as the group is relatively small, such as here with only five members"); *In re Crayfish Co. Sec. Litig.,* No. 00-cv-6766, 2002 WL 1268013, at *5-*6 (S.D.N.Y. June 6, 2002) ("[T]his Court finds that a group of seven individuals does not present a group so cumbersome as to deliver the control of the litigation into the hands of the lawyers."). *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (appointing group of seven as lead plaintiffs and collecting cases permitting groups); *In re UBS Auction Rate Sec. Litig.*, No. 08-cv-2967-LMM, 2008 WL 2796592, at *2, *5 (S.D.N.Y. July 16, 2008) (appointing a group composed of seven parties as lead plaintiff and recognizing "[g]roups of six through nine aggregated class members have been found not to be too large"); *In re Sequans Commc'ns S.A. Sec. Litig.*, 289 F. Supp. 3d 416, 424 (E.D.N.Y. 2018) ("[n]othing in the PSLRA requires such a relationship for groups or class members jointly appointed" and "courts routinely appoint unrelated class members as co-lead plaintiffs"); *Cullinan v. Cemtrex, Inc.*, 287 F. Supp. 3d 277, 285 (E.D.N.Y. 2018) (appointing a group composed of five unrelated members).

Ignoring this, Mr. Harris blanketly claims the Sesen Investor Group is "ineligible for appointment under the PSLRA" and that "[t]he appointment of aggregated groups of unrelated investors such as the Sesen Investor Group, however, is inconsistent with the PSLRA and the law of this district." *See* Reconsideration Memo at 2, 4.  To support his claim, he points to cases where courts imposed stricter limits on the types of groups they were willing to accept by deeming certain types of groups "inadequate" to represent the class. However, given the lack of statutory guidance on groups, the issue is squarely within the discretion of the Court. Just because some district courts have come out another way on an issue does not mean this Court's Order was in error. In fact, as discussed above, there are substantially more cases in the Sesen Investor Group's favor. As such, the Court did not err by appointing the Sesen Investor Group as Lead Plaintiff.

Even if the Court ignores the plethora of caselaw that supports the appointment of groups, Mr. Harris' analysis of the law he cites is fundamentally incorrect. Mr. Harris specifically urges the Court to adopt the standard expressed in *Varghese v. China Shenghuo Pharmaceutical Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008), which requires "unrelated groups to proffer an evidentiary showing that the grouping would best serve the class before its members will be designated as presumptive lead plaintiffs." *See* Reconsideration Memo at 5. *Varghese* proposes a five-factor test to determine whether a group is adequate:

> Factors that courts have considered when evaluating whether a group's members will function cohesively and separately from their lawyers include evidence of: (1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa.

*Varghese*, 589 F. Supp. 2d at 392. Mr. Harris then argues that the Sesen Investor Group fails the *Varghese* adequacy test and should be disqualified on this narrow basis. *See* Reconsideration

Memo at 5-12. As an initial matter, *Varghese* is a district court opinion that does not bind this Court. As such, it is not error to ignore *Varghese*.

Regardless, the Sesen Investor Group's Joint Declaration (Dkt. No. 38-4) provides the proof required by the *Varghese* court. *Cf. Varghese*, 589 F. Supp. 2d at 394 (rejecting a group that provided "no evidentiary support" of its adequacy). The members of the Sesen Investor Group state in their Joint Declaration that they communicated with each other and counsel before their lead plaintiff motion was filed and agreed to move for joint appointment. *See* Joint Decl. at ¶ 6. They have each other's contact information and plan to communicate with each other and counsel, and they selected lead counsel "based upon their experience and resources" and are "confident in [their] ability to work with [their] counsel to protect the interests of the class." *Id.* at ¶¶ 6, 11. They "have carefully considered, with the assistance of counsel, the merits of this action" and "are capable of actively participating in this action and are committed to doing so" by "working closely with our lead counsel." *Id.* ¶ 8. They understand that they "owe a fiduciary duty to all members of the putative class to provide fair and adequate representation and to work with lead counsel to obtain the best possible recovery for the putative class in good faith and with vigorous advocacy." *Id.* at ¶ 9. The members of the Sesen Investor Group are also sophisticated individuals, capable of overseeing this litigation. *See id.* at ¶¶ 2-5 (Mr. Bibb has a radiology degree, Mr. Samaan is a medical doctor, and the Dreshaj brothers are entrepreneurs). Many courts in this District have found similar declarations demonstrate groups' adequacy to represent the class. *See, e.g.*, *Faris v. Longtop Fin. Techs. Ltd.*, No. 11-cv-3658-SAS, 2011 WL 4597553, at *7 (S.D.N.Y. Oct. 4, 2011); *Hansen v. Ferrellgas Partners, L.P.*, No. 16-cv-7840-RJS, 2017 WL 281742, at *4-*5 (S.D.N.Y. Jan. 19, 2017); *Fuqi*, 2010 WL 11575585, at *5; *Marsch v. Rui Feng*, No. 12-cv-9456-JSR, 2013 WL 3204193, at *2 (S.D.N.Y. June 13, 2013).

In sum, the Sesen Investor Group is adequate under the five *Varghese* factors. Two of the four members are brothers, and therefore have a preexisting relationship. One member, Mr. Bibb, filed the initial complaint in this action, and is therefore the person with the most involvement in the litigation thus far. The Joint Declaration lays out the members' clear plan for cooperation. As demonstrated in their Joint Declaration, the members are more than sophisticated enough to conduct this litigation. And all four members contacted counsel seeking representation in this case, not the other way around. As such, even if the Court were to apply the more restrictive *Varghese* standard for group adequacy (which the Court is not obligated to do), the Sesen Investor Group satisfies the standard.

Accordingly, it was not error or injustice to appoint the Sesen Investor Group as lead plaintiff.

## III.    CONCLUSION

For the foregoing reasons, Mr. Harris' motion for reconsideration should be denied in its entirety.

DATED: November 15, 2021            **GLANCY PRONGAY & MURRAY LLP**

By: */s/ Matthew M. Houston*
Matthew M. Houston (MMH-2218)
Gregory B. Linkh (GL-0477)
712 Fifth Avenue, 31st Floor
New York, NY 10019
Telephone: (212) 935-7400
Facsimile: (212) 756-0346
Email: mhouston@glancylaw.com
         glinkh@glancylaw.com

*Lead Counsel for Lead Plaintiff Sesen Investor Group*

742503.1                                9

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On November 15, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 15, 2021, at New York, New York.

*/s/ Matthew M. Houston*
Matthew M. Houston

742503.1