# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | ) | |
| *In re Sesen Bio, Inc. Securities Litigation* | ) | Civil Action No. 1:21-cv-07025-AKH |
| | ) | |
| | ) | <u>CLASS ACTION</u> |
| | ) | |
| | ) | |

## REPLY IN FURTHER SUPPORT OF MAURICE HARRIS'S MOTION FOR PARTIAL RECONSIDERATION

## <u>TABLE OF CONTENTS</u>

A.    The Court has broad discretion to grant the motion for partial reconsideration. ................ 1

B.    The Sesen Investor Group is an ineligible Lead Plaintiff. ................................................... 2

# TABLE OF AUTHORITIES

## Cases

*Batter v. Hecla Mining Co.*, 2020 WL 1444934 (S.D.N.Y. Mar. 25, 2020)...................................5

*Chauhan v. Intercept Pharm.*, 2021 WL 235890 (S.D.N.Y. Jan. 25, 2021)...................................5

*Cohen v. Luckin Coffee Inc.*, 2020 WL 3127808 (S.D.N.Y. June 12, 2020)...................................5

*Elstein v. Net1 UEPS Techs., Inc.*, 2014 WL 3687277 (S.D.N.Y. July 23, 2014) ........................3

*Faris v. Longtop Fin. Tech. Ltd.*, 2011 WL 4597553 (S.D.N.Y. Oct. 4, 2011).............................1

*In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618 (S.D.N.Y. 2015)..................................................3

*Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523 (S.D.N.Y. 2015) .............................3, 5

*Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259 (S.D.N.Y. 2019)............................................5

*Mustafin v. GreenSky, Inc.*, 2019 WL 1428594 (S.D.N.Y. Mar. 29, 2019) ..................................4

*Peters v. Jinkosolar Holding Co., Ltd.*, 2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) ..................2

*Rodriguez v. DraftKings Inc.*, 2021 WL 5282006 (S.D.N.Y. Nov. 12, 2021)................................2

*SEC v. Collector's Coffee Inc.*, 464 F. Supp. 3d 665 (S.D.N.Y. 2020) ..........................................3

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995) .............................................................2

*Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406 (2d Cir. 2008) ........................................4

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008) .....................................................................................3

*We Shall Overcome Foundation v. The Richmond Org., Inc.*,
    2018 WL 5307095 (S.D.N.Y. Oct. 26, 2018)...........................................................................4

*Williams v. Block.One*, 2020 WL 4505569 (S.D.N.Y. Aug. 4, 2020) ...........................................5

## Statutes and Regulations

15 U.S.C. § 78................................................................................................................... 1, 2, 5

The Sesen Investor Group does not dispute that Harris has the ***single*** largest financial interest and is a typical and adequate class representative.[1]  Nor does the Sesen Investor Group dispute that its lawyers cobbled four individuals together solely for purposes of assembling the largest financial interest.  As such, it is not an appropriate "group" under the PSLRA and is not eligible to be appointed.  It is a random assemblage of investors loosely sewn together by two law firms.  Congress enacted the PSLRA precisely with this objective: to end the type of lawyer-driven litigation embodied by the Sesen Investor Group.

**A.      The Court has broad discretion to grant the motion for partial reconsideration.**

The Court has broad discretion to grant Harris's motion for reconsideration.  The PSLRA specifically provides Harris, "a member of the purported plaintiff class," with the opportunity to provide "proof" that an opposing movant will not adequately represent the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Given the timing of the ruling on the Lead Plaintiff motions, Harris will not have that opportunity unless his motion is considered.

The Sesen Investor Group claims without citation to precedent that the PSLRA does not provide Harris with a "right to rebuttal."  ECF No. 58 at 5.  But that's precisely what the statutory provision does.  "The ***PSLRA requires*** that the 'most adequate plaintiff' be determined by a two-step competitive process . . . [t]he first step establishes the presumptively most adequate plaintiff . . . ***[t]he second step provides class members an opportunity to challenge***" that plaintiff.  *Faris v. Longtop Fin. Tech. Ltd.*, 2011 WL 4597553, at *3-4 (S.D.N.Y. Oct. 4, 2011) (emphasis added).  Here, Harris did not have the opportunity to exercise his statutory right to challenge appointment

---

[1] Capitalized terms are defined in Harris's brief in support of his motion for partial reconsideration. *See* ECF No. 50.

of the Sesen Investor Group.   Consideration of his motion for reconsideration is therefore necessary.[2]

Even absent the PSLRA's mandate, the Court has wide latitude to grant Harris's motion because it presents new information that the Court has not had the opportunity to consider.  The Sesen Investor Group's own authority recognizes as much.  In *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), the Second Circuit affirmed a decision to reconsider when a party "present[ed] the district court with data that the court had not previously considered" as it "might reasonably be expected to alter the conclusion reached by the court."  Likewise, in *Peters v. Jinkosolar Holding Co., Ltd.*, 2012 WL 946875, at *3 (S.D.N.Y. Mar. 19, 2012), the court "consider[ed] the arguments raised in [movant's] motion for reconsideration in its review of the competing lead plaintiff motions" because it was "the first time that many issues that are relevant to the Court's resolution of the lead plaintiff motions were formally briefed for the Court."[3]

**B.      The Sesen Investor Group is an ineligible Lead Plaintiff.**

As in *CSX* and *Jinkosolar*, Harris timely presented new, compelling information showing that the Sesen Investor Group is nothing more than an artifice created by counsel that is unable to

---

[2] The Group's statement that "[t]he PSLRA [] requires that the Court appoint a lead plaintiff 'not later than 90 days' after notice of the action is published" (*i.e.*, November 17, 2021) is misleading. ECF No. 58 at 4 n.5.  The PSLRA states that "Not later than 90 days after the date on which a notice is published [], the court **shall consider** any motion made by a purported class member." 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).  "Shall consider" does not mean "shall appoint." And rarely do courts ever appoint a Lead Plaintiff within 90 days.  *See e.g., Rodriguez v. DraftKings Inc.*, 2021 WL 5282006, at *2 (S.D.N.Y. Nov. 12, 2021) (133 days from publication of notice on July 2, 2021, to decision on Lead Plaintiff appointment on November 12, 2021).

[3] The court in *Jinkosolar* did not displace the initially appointed Lead Plaintiff group, but only because the "Group members plainly did not join up [] to 'manipulate the size of their financial loss.'"  In fact, the court emphasized that "a group that is able to obtain lead plaintiff status only by aggregating the much smaller losses of a number of class members [would] potentially run[ ] afoul of the policy behind the [PSLRA]."  *Id.* at *9-10.

oversee the litigation in the best interests of the class. That the Sesen Investor Group has failed to substantively respond to these arguments further confirms its inadequacy. It has failed to satisfy the five-factor evidentiary test articulated under *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008).

**Factor 1: No Prelitigation Relationship.** It is undisputed that the members of the Sesen Investor Group have no prelitigation relationship (except the two Dreshaj brothers), which heightens the Group's burden to establish that it is eligible for appointment. *See Elstein v. Net1 UEPS Techs., Inc.*, 2014 WL 3687277, at *4 (S.D.N.Y. July 23, 2014).

**Factor 2: Counsel aggregated the group.** This is also undisputed. Harris presented a detailed timeline showing how two law firms cobbled the Group together over the course of two months through dozens of advertisements to amass the largest financial interest. *See* ECF No. 50 at 6-9. The Sesen Investor Group has no response. This is the definition of lawyer-driven litigation and is anathema under the PSLRA. *See Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 532 (S.D.N.Y. 2015) ("[m]any courts—including this one—have turned away pastiche plaintiffs whose grouping appears to be solely a product of the litigation"); *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 621-22 (S.D.N.Y. 2015) ("Allowing unrelated plaintiffs to band together in order to manufacture a larger financial interest [is inconsistent with the PSLRA because it] . . . ensures that the lawyers . . . are the true drivers of the litigation"); *Varghese*, 589 F. Supp. 2d at 392 ("courts in this District do not hesitate to deny a proposed group's motion for lead plaintiff status . . . if the court otherwise is persuaded that the proposed group has been assembled as a makeshift by attorneys for the purpose of amassing an aggregation of investors").[4]

---

[4] The Sesen Investor Group should not be permitted to use Local Rule 6.3 to shield its conduct. *See* ECF No. 58 at 1 n.2. Rule 6.3 is intended to "avoid duplicative rulings on previously considered issues." *SEC v. Collector's Coffee Inc.*, 464 F. Supp. 3d 665, 668 (S.D.N.Y. 2020).

**Factor 3: No Plans for Cooperation.** It is undisputed that the Sesen Investor Group has no concrete plans for supervising the litigation. The Sesen Investor Group has also failed to put forward any specific mechanism for resolving disputes despite being comprised of four members (two of which are brothers) which risks leaving the class rudderless in the event of a disagreement.

**Factor 4: Minimal Involvement in Litigation.** There is no dispute that the only involvement the Group had in this case with all members involved is a single conference call on the day of the Lead Plaintiff deadline. Since that call one month ago, there is no information to suggest that the members have met, spoken, or communicated in any way—or done anything at all for that matter—to ensure this case is prosecuted in the best interests of the class.

If there were facts to support it, the Sesen Investor Group could have easily submitted a declaration describing its oversight of the case, its concrete plans for cooperation and dispute resolution, how the Group formed organically and why, and how it is capable of supervising counsel. But it has failed to do so. The only reasonable explanation is that the disconnected and fragmented group will be unable to meet their responsibility of taking an active role in the case.[5]

---

The exhibits submitted with Harris's motion for reconsideration comply with the intent of Rule 6.3 as they addressed issues the Court did not previously have an opportunity consider. In any event, the Court has wide discretion to allow exceptions to the Local Rules, the client advertisements are judicially noticeable press releases, and the Sesen Investor Group's own filings confirm that it is a lawyer-driven group. *See We Shall Overcome Foundation v. The Richmond Org., Inc.*, 2018 WL 5307095, at *3 (S.D.N.Y. Oct. 26, 2018) (accepting filing of two declarations submitted with motion for reconsideration); *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 424-25 (2d Cir. 2008) (allowing judicial notice of press releases).

[5] The Sesen Investor Group cites *Mustafin v. GreenSky, Inc.*, 2019 WL 1428594, at *4-5 (S.D.N.Y. Mar. 29, 2019), but that case involved substantially different facts. The Lead Plaintiff motion was unopposed and had been brought by a coalition of three sophisticated institutional investors. Unlike here, "[n]o other individual or entity ha[d] represented that it has a greater financial interest in the relief sought by the class." *Id.*

4

**Factor 5: Sophistication.**   Even if the Court were to find the Group members sophisticated, it would remain ineligible for appointment given the deficiencies discussed above. *See Alibaba*, 102 F. Supp. 3d at 534.

Unable to meet *Varghese's* standard, the Sesen Investor Group attempts to portray *Varghese* as an outlier and claims that "the PSLRA permits 'a group of persons' to serve as lead plaintiff, without qualification."   ECF No. 58 at 5.   This is wrong.   The PSLRA specifically qualifies that a group may only serve as Lead Plaintiff if it "otherwise satisfies the requirements of Rule 23."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).   *Varghese* set the standard now followed by a broad consensus of courts in this District, particularly recently, to determine whether unrelated group members will be able to function cohesively and effectively and manage the litigation apart from their lawyers consistent with Rule 23.   *See e.g., Chauhan v. Intercept Pharm.*, 2021 WL 235890, at *3-4 (S.D.N.Y. Jan. 25, 2021) (applying *Varghese* consistent with "[t]he majority of courts, including those in this District"); *Cohen v. Luckin Coffee Inc.*, 2020 WL 3127808, at *3-4 (S.D.N.Y. June 12, 2020) (same); *Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259, 262-63 (S.D.N.Y. 2019) (same); *Batter v. Hecla Mining Co.*, 2020 WL 1444934, at *7-8 (S.D.N.Y. Mar. 25, 2020) (applying *Varghese* factors); *Williams v. Block.One*, 2020 WL 4505569, at *3 (S.D.N.Y. Aug. 4, 2020) (same).   The Group offers no good reason to depart from *Varghese* and fails to propose any alternative test other than blindly appointing this lawyer-created pastiche of plaintiffs, which is contrary to the PSLRA and to the detriment of class members.[6]

---

[6] The Sesen Investor Group's claim that "there are substantially more cases in the Sesen Investor Group's favor" is wrong.  ECF No. 58 at 5-7.  All the cases the Group cites in support of its position on this issue are at least seven years old (five of them pre-date *Varghese*) or are from outside this District.  *See* ECF No. 58 at 5-6.

In sum, the Sesen Investor Group has failed to satisfy its evidentiary burden under *Varghese*, which the Court did not have the opportunity to consider or address. It punishes the class to appoint this fragmented, lawyer-driven group as its figurehead. It will inevitably lead to increased costs, inefficiencies, and vests full control of the case with the lawyers, which is precisely what Congress enacted the PSLRA to prevent.

Dated: November 18, 2021

Respectfully Submitted,

**BLEICHMAR FONTI & AULD LLP**

*/s/ Javier Bleichmar*
Javier Bleichmar
7 Times Square, 27th Floor
New York, New York 10036
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jbleichmar@bfalaw.com

*Local Counsel for Proposed Lead Plaintiff Maurice Harris*

**GIBBS LAW GROUP LLP**
David Stein (*pro hac vice*)
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ds@classlawgroup.com

*Counsel for Proposed Lead Plaintiff Maurice Harris, and Proposed Lead Counsel for the Class*

6