**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, NY 10017
T:  212-918-3000
F:  212-918-3100

*Attorneys for Defendants Sesen Bio, Inc.,*
*Thomas R. Cannell, and Monica Forbes*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE SESEN BIO SECURITIES LITIGATION | No. 1:21-cv-07025-AKH |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO TRANSFER VENUE TO THE DISTRICT OF MASSACHUSETTS**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................................... 1

BACKGROUND .................................................................................................................................... 2

LEGAL STANDARD............................................................................................................................. 4

    I.        THE DISTRICT OF MASSACHUSETTS IS THE PROPER FORUM ............................ 5

    II.      TRANSFER TO THE DISTRICT OF MASSSACHUSETTS IS IN THE
             INTEREST OF JUSTICE AND CONVENIENCE FOR ALL RELEVANT
             PARTIES ......................................................................................................................... 6

          A.     The Locus of Operative Facts Are Located in the District of Massachusetts........ 7

          B.     Convenience to the Parties and Witnesses Favors Transfer .................................. 8

          C.     Plaintiffs' Choice of Forum Is Not Entitled to Deference .................................... 9

          D.     The Interests of Justice Weighs in Favor of Transfer ......................................... 10

          E.     The Remaining Factors Are Not Relevant............................................................ 10

CONCLUSION..................................................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ackert v. Ausman*,
    198 F. Supp. 538 (S.D.N.Y. 1961) ................................................................................. 9

*Adair v. Microfield Graphics*, *Inc.*,
    No. 00 Civ. 0629, 2000 WL 1716340 (S.D.N.Y. Nov. 16, 2000).......................................... 8

*Ahrens v. Cti Biopharma Corp.*,
    No. 16 Civ. 1044, 2016 WL 2932170 (S.D.N.Y. May 19, 2016)......................................5, 7

*In re AtheroGenics Sec. Litig.*,
    No. 05 Civ. 00061, 2006 WL 851708 (S.D.N.Y. Mar. 31, 2006) ......................................... 1

*Bibb v. Sesen Bio, Inc., et al.*,
    No. 21 Civ. 7025 (S.D.N.Y. Aug. 19, 2021) ...............................................................*passim*

*In re CenturyLink Inc. Sec. Litig.*,
    No. 13 Civ. 03839, 2014 WL 1089116 (S.D.N.Y. Mar. 18, 2014) ........................................ 5

*City of Birmingham Firemen's & Policemen's Supplemental Pension Sys. v. Pluralsight,*
    *Inc.*,
    No. 19 Civ. 7563, 2019 WL 12496341 (S.D.N.Y. Oct. 24, 2019) ....................................7, 8

*City of Pontiac Gen. Emps. Ret. Sys. v. Dell Inc.*,
    No. 14 Civ. 3644, 2015 WL 12659925 (S.D.N.Y. Apr. 30, 2015)......................................... 5

*City of Pontiac Gen, Emps. Ret. Sys. v. Stryker Corp.*,
    No. 10 Civ. 376, 2010 WL 2035130 (S.D.N.Y. May 21, 2010) ........................................... 1

*City of Warren Police & Fire Ret. Sys. v. Zebra Techs. Corp.*,
    No. 17 Civ. 4412, 2019 WL 3997354 (E.D.N.Y. Aug. 23, 2019).......................................... 1

*Cizek v. Sesen Bio, Inc., et al.*,
    No. 21 Civ. 7309 (S.D.N.Y. Aug. 31, 2021) ...................................................................... 2

*Continental Grain Co. v. Barge F.B.L.-585*
    364 U.S. 19 (1960) ........................................................................................................ 5

*In re Connetics Sec. Litig.*,
    No. 06 Civ. 11496, 2007 WL 1522614 (S.D.N.Y. May 23, 2007)......................................... 1

*In re Cuyahoga Equip. Corp.*,
    980 F.2d 110 (2d Cir. 1992) ........................................................................................... 5

*D'Arcy v. Cannell, et al.*,
    No. 21 Civ. 11577 (D. Mass. Sept. 24, 2021) ................................................................... 3

*Erickson v. Corinthian Colleges, Inc.*,
No. 13 Civ. 4308, 2013 WL 5493162 (S.D.N.Y. Oct. 1, 2013) .............................................................. 7

*Fuji Photo Film Co. v. Lexar Media, Inc.*,
415 F. Supp. 2d 370 (S.D.N.Y. 2006) ...................................................................................... 10

*Garity v. Tetraphase Pharms. Inc.*,
No. 18 Civ. 06797, 2019 WL 2314691 (S.D.N.Y. May 30, 2019) ........................................ 7, 8

*In re Glob. Cash Access Holdings, Inc. Sec. Litig.*,
No. 08 Civ 3516, 2008 WL 4344531 (S.D.N.Y. Sept. 18, 2008) .......................................... 9

*In re Hanger Orthopedic Grp., Inc. Sec. Litig.*,
418 F. Supp. 2d 164 (E.D.N.Y. 2006) ....................................................................................... 1

*Markman v. Sesen Bio, Inc., et al.*,
No. 21 Civ.08308 (S.D.N.Y. Oct.7, 2021) ............................................................................... 2

*MBCP Peerlogic LLC v. Critical Path, Inc.*,
No. 02 Civ. 3310, 2002 WL 31729626 (S.D.N.Y. Dec. 5, 2002) ......................................... 6

*Myers v. Cannell, et al.*,
No. 21-11538 (D. Mass. Sept. 20, 2021) .................................................................................. 3

*In re Nematron Corp. Sec. Litig.*,
30 F. Supp. 2d 397 (S.D.N.Y. 1998) ........................................................................................ 9

*Nieves v. American Airlines*,
700 F. Supp. 769 (S.D.N.Y.1988) .......................................................................................... 10

*O'Hopp v. ContiFin. Corp.*,
88 F. Supp. 2d 31 (E.D.N.Y. 2000) ...................................................................................... 7, 9

*Sec. & Exch. Comm'n v. Hill Int'l, Inc.*,
No. 20 Civ. 447, 2020 WL 2029591 (S.D.N.Y. Apr. 28, 2020) ............................................ 6

*Steck v. Santander Consumer USA Holdings Inc.*,
No. 14 Civ. 6942 JPO, 2015 WL 3767445 (S.D.N.Y. June 17, 2015) ................................ 6, 8

*In re Stillwater Mining Co. Sec. Litig.*,
No. 02 Civ. 2806, 2003 WL 21087953 (S.D.N.Y. May 12, 2013) ......................................... 8

*Van Dusen v. Barrack*,
376 U.S. 612 (1964) ................................................................................................................. 5

**Statutes**

15 U.S.C. § 78 ................................................................................................................. 2, 3, 6

28 U.S.C. § 1404(a) ........................................................................................................ 1, 5, 6

17 C.F.R. § 240.10b-5 ............................................................................................................ 2

Defendants Sesen Bio, Inc. ("Sesen" or "Company"), Thomas R. Cannell, its Chief Executive Officer ("CEO"), and Monica Forbes, its Chief Financial Officer ("CFO") (collectively, "Defendants"), respectfully submit this memorandum of law in support of their motion to transfer venue pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Massachusetts.

## INTRODUCTION

This is a putative securities fraud class action. These cases are usually filed in the federal district court where the issuer of the securities is headquartered. Defendants seek to collectively transfer these actions to the District of Massachusetts, where the action should have been brought at the outset. The transfer of securities class actions to the district where the issuer is headquartered is "routine" as a "practical matter." *In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 168 (E.D.N.Y. 2006).[1]

The factors relevant to a motion to transfer analysis favor moving this case to the District of Massachusetts. The Company is headquartered in the District of Massachusetts and has been located there for all relevant times since its incorporation in 2008. The litigation is centered on Sesen's public statements, which were published from the Company's headquarters in the District of Massachusetts. All of the Company's books and records, clinical trial data, and financial statements are either located in Sesen's Massachusetts headquarters or maintained by custodians who work there. The Chair of Sesen's Board of Directors and the team from Ernst & Young LLP (the Company's external auditor) are also based out of Massachusetts. Furthermore,

---

[1]    *See also City of Warren Police & Fire Ret. Sys. v. Zebra Techs. Corp.*, No. 17 Civ. 4412, 2019 WL 3997354, at \*4 (E.D.N.Y. Aug. 23, 2019); *City of Pontiac Gen, Emps. Ret. Sys. v. Stryker Corp.*, No. 10 Civ. 376, 2010 WL 2035130, at \*3 (S.D.N.Y. May 21, 2010); *In re Connetics Sec. Litig.*, No. 06 Civ. 11496, 2007 WL 1522614, at \*10 (S.D.N.Y. May 23, 2007); *In re AtheroGenics Sec. Litig.*, No. 05 Civ. 00061, 2006 WL 851708, at \*3 (S.D.N.Y. Mar. 31, 2006).

there is no alleged connection—of any kind—with the Southern District of New York.  For the reasons set forth below, the motion to transfer this case to the District of Massachusetts should be granted.

## BACKGROUND

Three groups of plaintiffs have filed substantially similar punitive class action alleging violations of federal securities law.  *See Markman v. Sesen Bio, Inc., et al.,* No. 21 Civ. 08308 (S.D.N.Y. Oct.7, 2021); *Cizek v. Sesen Bio, Inc., et al.*, No. 21 Civ. 7309 (S.D.N.Y. Aug. 31, 2021); *Bibb v. Sesen Bio, Inc., et al.*, No. 21 Civ. 7025 (S.D.N.Y. Aug. 19, 2021) (collectively, the "Complaints").  All three Complaints are brought in the Southern District of New York on behalf of investors who acquired Sesen common stock between December 21, 2020 and August 17, 2021 (the "Class Period").

All three Complaints also named Sesen, Cannell, and Forbes as defendants and alleged violations of Section 10(b) of the Securities and Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder as to all defendants and violations of Section 20(a) of the Exchange Act against the individual defendants.[2]  Plaintiffs allege they were harmed because Defendants made misleading positive statements of material fact about Sesen's business, operations, and prospects rather than disclosing its most advanced product candidate's safety concerns and clinical trial missteps.  Bibb Compl., ¶¶ 10–11.

On September 20, 2021, a derivative lawsuit was filed against the Company's CEO as well as a number of its directors, including Jay S. Duker, Jane V. Henderson, Carrie L. Bourdow, and Jason A. Keyes, alleging violations of Sections 10(b) and 21D of the Exchange Act against

---

[2] The Bibb and Cizek complaints are nearly identical.  The Markman complaint includes a few additional factual allegations but is otherwise substantially similar to the other two.  Therefore, any references to a complaint will include citations to the Bibb complaint but apply to Cizek and Markman, as well.

Cannell and Forbes (Forbes is not named in the caption but there are allegations against her in the complaint), and breaches of fiduciary duties and a claim of waste of corporate assets against all defendants. *See Myers v. Cannell, et al.*, No. 21 Civ. 11538 (D. Mass. Sept. 20, 2021). A similar derivative lawsuit was filed against the same individuals, as well as Forbes, Peter Honig, and Michael Jewett (two other directors) on September 24, 2021. *See D'Arcy v. Cannell, et al.*, No. 21 Civ. 11577 (D. Mass. Sept. 24, 2021) (together with *Myers v. Cannell*, the "Derivative Actions"). That case also alleges violations of Section 14(a) of the Exchange Act and brings claims of unjust enrichment, abuse of control, and gross mismanagement.

Sesen is headquartered at 245 First Street, Suite 1800 in Cambridge, Massachusetts, and was located in Cambridge for all relevant times related to the Complaints. Declaration of Kirstin Anderson ("Anderson Aff."), ¶ 3; Declaration of William M. Regan ("Regan Decl.") Ex. A (2020 10-K) at 43 ("Our principal executive offices are located at 245 First street, Suite 1800, Cambridge Massachusetts 02142 . . . ."). The Chair of the Company's Board of Directors and the team from Ernst & Young LLP, the Company's external auditor, are also based there. Anderson Aff., ¶¶ 4 ("Dr. Duker is Professor and Chairman of the Department of Ophthalmology at Tufts Medical Center and the Tufts University School of Medicine."), 9; Regan Decl. Ex. A at F-3 (signature of Ernst & Young LLP noting location of Boston, Massachusetts).

Defendants Thomas R. Cannell and Monica Forbes were respectively Sesen's CEO and CFO at all relevant times. Bibb Compl., ¶¶ 18–19. During the Class Period, Dr. Cannell maintained an office in Philadelphia, Pennsylvania, and Ms. Forbes maintained an office in San Diego, California, but both periodically traveled to, and frequently communicated with employees who worked in, Sesen's headquarters in Massachusetts. Anderson Aff., ¶¶ 5–7. Dr. Cannell has also frequently met in Massachusetts with (i) the current Chair of the Company's

Board of Directors and (ii) a former Company director, who served as member of the Board of Directors from 2013 to 2020, as well as Chair of the Board of Directors from 2013 to 2016, and who currently serves as a consultant to the Company. *Id.*, ¶ 6.

All of the press releases and SEC filings were also published from Cambridge. *Id.*, ¶ 8. The Company's directors and officers insurance broker is based in Massachusetts, as is the Company's compensation consultant. *Id.*, ¶¶ 10–11. Furthermore, the majority of the relevant documents, including Sesen's books and records as well as the clinical data of the trial at issue, are maintained by custodians within the District of Massachusetts. *Id.*, ¶ 12. Many potential witnesses also live and work in the same District. *Id.*, ¶¶ 13. Finally, Sesen's Board of Directors often meets in Massachusetts. *Id.*, ¶ 14.

There is no substantial connection between the Complaints and the Southern District of New York. The clinical trial that is at the heart of the Complaints was performed throughout the United States and Canada and did not have a specific geographic area of focus. Regan Decl., Ex. A at 14. No former or current members of the Company's executive management team lived in New York during all relevant times to the Complaints. Anderson Aff., ¶ 15; Regan Decl., Ex. A at 43 ("Three of our employees are located in our corporate headquarters in Boston, thirteen of our employees are located in our Winnipeg facility, and eleven of our employees are located in our Philadelphia office."). Finally, Plaintiffs do not allege any substantial connection to the Southern District of New York. One of the four stockholders who were appointed as the Lead Plaintiff group is a New York resident, but there is no mention of "New York" other than in the caption and signature block of the Complaints. *See generally* Bibb Compl.

## LEGAL STANDARD

According to the statute governing change of venue, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other

4

district [] where it might have been brought." 28 U.S.C. § 1404(a). "[T]he purpose of [28 U.S.C. § 1404(a)] is to prevent the waste of 'time, energy and money' and to protect 'litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19, 21 (1960)). Without consent, a motion to transfer involves a two-part inquiry: "first, whether the action to be transferred might have been brought in the transferee court; and second, whether considering the convenience of the parties and witnesses, and the interest of justice, a transfer is appropriate." *City of Pontiac Gen. Emps. Ret. Sys. v. Dell Inc.*, No. 14 Civ. 644, 2015 WL 12659925, at *2 (S.D.N.Y. Apr. 30, 2015). Courts employ "notions of convenience and fairness" to determine whether transfer is appropriate on a "case by case" basis. *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992). The decision to transfer is within the court's discretion. *See In re CenturyLink Inc. Sec. Litig.*, No. 13 Civ. 03839, 2014 WL 1089116, at *2 (S.D.N.Y. Mar. 18, 2014).

In the context of securities class actions, the application of these factors regularly leads to transfers to the district where the issuer is headquartered. *See Ahrens v. Cti Biopharma Corp.*, No. 16 Civ. 1044, 2016 WL 2932170, at *4 (S.D.N.Y. May 19, 2016) ("While there is no per se rule requiring or presumptively favoring the transfer of a securities-fraud action to the district where the issuer is headquartered, such transfers to the issuer's home district are routine as a practical matter.") (quoting *In re AtheroGenics Sec. Litig.*, No. 05 Civ. 61, 2006 WL 851708, at *3 (S.D.N.Y. Mar. 31, 2006)). Here, the factors in their totality strongly point to the District of Massachusetts as the proper forum.

## I.    THE DISTRICT OF MASSACHUSETTS IS THE PROPER FORUM

The District of Massachusetts could have properly heard this case from the onset. According to Section 78aa of the Exchange Act, "[a]ny suit or action to enforce any liability or

5

duty created by this chapter or rules and regulations thereunder . . . may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business . . . ."  15 U.S.C. § 78aa(a); *see also Sec. & Exch. Comm'n v. Hill Int'l, Inc.*, No. 20 Civ. 447, 2020 WL 2029591, at *2 (S.D.N.Y. Apr. 28, 2020) (the first step in proving a claim under the Exchange Act is satisfied if the transferee venue is a district "wherein the defendant is found or is an inhabitant or transacts business").  Sesen is headquartered in Massachusetts, many potential witnesses live and work there, and many of the relevant documents are stored there. Anderson Aff., ¶¶ 3, 12–13.  Therefore, venue is proper in the District of Massachusetts, and the first prong of the Section 1404(a) test is satisfied.  *See MBCP Peerlogic LLC v. Critical Path, Inc.*, No. 02 Civ. 3310, 2002 WL 31729626, at **5–6 (S.D.N.Y. Dec. 5, 2002) (venue proper where corporation headquartered).

## II.   TRANSFER TO THE DISTRICT OF MASSSACHUSETTS IS IN THE INTEREST OF JUSTICE AND CONVENIENCE FOR ALL RELEVANT PARTIES

The District of Massachusetts would be the most fair and convenient venue to hear this dispute.  The second prong of the Section 1404(a) test involves balancing a number of factors:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

*Steck v. Santander Consumer USA Holdings Inc.*, No. 14 Civ. 6942, 2015 WL 3767445, at *2 (S.D.N.Y. June 17, 2015).  Of those nine factors, however, four tend to actually determine motions to transfer:  (1) the convenience of the witnesses, (2) the convenience of the parties; (3) the locus of operative facts, and (4) the weight accorded to the plaintiff's choice of forum.  *See id*. at **3 n.2, 7, 9 (noting that federal courts have equal familiarity with the governing law in securities cases, that the relative means factors is neutral in securities class actions, that the

6

location of documents is given little weight in the modern age, and that trial efficiency is best served by the most convenient forum, which the other factors determine).

### A.    The Locus of Operative Facts Are Located in the District of Massachusetts

The operative facts at the foundation of Plaintiffs' claims are located in Cambridge, which is within the District of Massachusetts.  The alleged misstatements in press releases and SEC filings were all issued from Sesen's headquarters in Cambridge, Massachusetts.  Anderson Aff., ¶ 8.  "[M]isrepresentations are deemed to occur in the district where the misrepresentations are issued or the truth is withheld, not where the statements at issue are received." *Garity v. Tetraphase Pharms. Inc*., No. 18 Civ. 06797, 2019 WL 2314691, at \*4 (S.D.N.Y. May 30, 2019).  So, in a securities class action based on alleged misstatements, the locus of operative facts is generally the corporate headquarters, where the misstatements were issued, not where some members of the dispersed plaintiff class received the misstatements.  *Id*.; *see also Aherns*, 2016 WL 2932170, at \*4 ("[B]ecause CTI issued its SEC filings from Seattle, that city is the locus of the operative facts."); *O'Hopp v. ContiFin. Corp*., 88 F. Supp. 2d 31, 36 (E.D.N.Y. 2000) (transferring to the Southern District of New York because "most of the events at issue, such as the issuance of press releases and analysts' presentations, took place in the Southern District").

Conversely, the connections to the Southern District of New York are non-existent.  The Complaints do not once substantively mention "New York."  *See generally* Bibb Compl. Sesen's stock does trade on the NASDAQ stock exchange, Bibb Compl., ¶ 49, but that is not a material factor in the transfer analysis.  *See Erickson v. Corinthian Colleges, Inc*., No. 13 Civ. 4308, 2013 WL 5493162, at \*6 (S.D.N.Y. Oct. 1, 2013); *see also City of Birmingham Firemen's & Policemen's Supplemental Pension Sys. v. Pluralsight, Inc.*, No. 19 Civ. 7563, 2019 WL 12496341 at \*2 (S.D.N.Y. Oct. 24, 2019) (Hellerstein, J.) (finding that "a listing on the

7

NASDAQ and the involvement of third-party financial entities . . . do not change the locus of the dispute.").

Even if some relevant corporate activities occurred in the Southern District of New York, it would not be enough to shift the locus away from the District of Massachusetts. *See Steck*, 2015 WL 3767445, at \*\*6–7 (finding it insufficient to shift center of gravity from Dallas based on the occurrence of that "certain aspects of the IPO" in New York); *Adair v. Microfield Graphics*, *Inc.*, No. 00 Civ. 0629, 2000 WL 1716340, at \*2 (S.D.N.Y. Nov. 16, 2000) (rejecting as insufficient an argument that "some events took place in New York"). Here, the focus can only be in Massachusetts.

**B.      Convenience to the Parties and Witnesses Favors Transfer**

Sesen, the likely witnesses, and most of the relevant documents are located in the District Massachusetts. The "convenience of the witnesses is generally considered the most important factor." *Pluralsight*, 2019 WL 12496341, at \*1. In this case, the Company is headquartered in Massachusetts, and many of the key witnesses and documents are likely to be there, too. In securities class actions, the key witnesses are presumptively the officers and employees who participated in drafting or distributing the challenged statements and are generally located in the same place as the corporate headquarters. *See Garity*, 2019 WL 2314691, at \*3. This is an especially important factor in securities fraud disputes. *See Steck*, 2015 WL 3767445, at \*3 ("The principal witnesses [in a securities case] . . . will be the [] officers and employees who prepared for the [filings] and drafted and signed the [filings]."); *In re Stillwater Mining Co. Sec. Litig.*, No. 02 Civ. 2806, 2003 WL 21087953, at \*4 (S.D.N.Y. May 12, 2013) ("[K]nowledge of [] officers and employees" is key).

While neither of the Individual Defendants live in Massachusetts, the Company is headquartered in Cambridge, Massachusetts, the Board of Directors often meets there, the Chair

8

of the Company's Board lives and works Massachusetts, and the team from Ernst & Young LLP (the Company's external auditor) is located there.  Anderson Aff., ¶¶ 3–4, 9, 14; Regan Decl., Ex. A at F-3.  Other current and former employees with knowledge of the preparations of the filings and statements at issue are likely to have worked out of the Company's headquarters, too.  Anderson Aff., ¶ 13.  When individual defendants do not live in either of the judicial districts at issue, courts have found their location to be irrelevant.  *See In re Glob. Cash Access Holdings, Inc. Sec. Litig*., No. 08 Civ. 3516, 2008 WL 4344531, at *5 (S.D.N.Y. Sept. 18, 2008) (convenience of individual defendants who did not live in the original or proposed district was "not considered in this analysis"); *see also Ackert v. Ausman*, 198 F. Supp. 538, 543, 545 (S.D.N.Y. 1961) (motion to transfer granted despite named defendants living outside of proposed forum).

Plaintiffs allege nothing that would tip the scale in the Southern District of New York's favor.  Plaintiffs themselves represent a nationwide class, and the Complaints do not identify any witnesses or documents in the Southern District of New York.

### C.       Plaintiffs' Choice of Forum Is Not Entitled to Deference

Plaintiff's choice of forum is entitled to minimal deference in securities class actions: most of the material events, and most of the witnesses and documents, are located in the Massachusetts.  Courts have held that where, as here, the plaintiff class is widely dispersed through the country and there is no particular federal court of greater convenience to the class, an initial choice of forum does not warrant significant weight.  *See O'Hopp*, 88 F. Supp. 2d at 35 ("Another factor which weighs against giving any significance to plaintiffs' choice of forum is the fact that plaintiffs are seeking relief under the federal securities laws in a case that involves multiple putative class actions."); *see also In re Nematron Corp. Sec. Litig*., 30 F. Supp. 2d 397, 405 (S.D.N.Y. 1998) ("[I]n class actions less weight is given to plaintiff's choice [of forum].").

9

### D.     The Interests of Justice Weighs in Favor of Transfer

The interests of justice, specifically considerations of judicial economy, weigh in favor of transfer to the District of Massachusetts.  "It is well established that the existence of a related action pending in the transferee court weighs heavily towards transfer."  *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 376 (S.D.N.Y. 2006) (citations omitted); *see also Nieves v. American Airlines*, 700 F. Supp. 769, 773 (S.D.N.Y.1988) ("Transfer is particularly appropriate where there is a pending lawsuit in the transferee district involving the same facts, transactions, or occurrences.").  Litigating related claims in the same court allows for more efficient discovery, avoids duplicative litigation, prevents inconsistent results, and saves both time and expense for all parties and witnesses. *Id*.  The Derivative Actions pending in the District of Massachusetts are substantially duplicative—they involve many of the same defendants, questions of law, and issues of fact as the Complaints here.  Therefore, transfer would avoid "the need for parties to litigate and witnesses to testify in more than one forum." *Fuji Photo Film*, 415 F. Supp. 2d at 377.

### E.     The Remaining Factors Are Not Relevant

The availability of process to compel unwilling witnesses to attend, the relative means of the parties, familiarity with the governing law, and trial efficiency do not tip the scale one way or the other.  Defendants are not currently aware of any witnesses who are not willing to be involved in the dispute.  Anderson Aff., ¶ 16.  A specific court's familiarity with governing law is not relevant in situations like this one because federal law applies, Bibb Compl., ¶¶ 50, 52(a), 59, and federal courts are assumed to be equally able in apply it.  *See Nematron*, 30 F. Supp. 2d at 405.

10

## CONCLUSION

Defendants respectfully request that this Court transfer this action, and any subsequently filed related actions, to the District of Massachusetts.

Dated:   November 24, 2021
         New York, NY

**HOGAN LOVELLS US LLP**

By: /s/ William M. Regan
William M. Regan
Allison M. Wuertz
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
T: 212-918-3000
F: 212-918-3100

*Attorneys for Defendants Sesen Bio, Inc.,*
*Thomas R. Cannell, and Monica Forbes*

11