# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Sesen Bio, Inc. Securities Litigation | Case No. 1:21-cv-07025-AKH |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE TO THE DISTRICT OF MASSACHUSETTS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................ 2

LEGAL STANDARDS ...................................................................................................... 3

ARGUMENT .................................................................................................................... 4

    I.     Defendants Fail To Carry Their Burden To Make A Strong Case For Transfer By Clear And Convincing Evidence ......................................................... 4

          A.     Defendants Fail To Show A Locus Of Operative Facts In Massachusetts ...................................................................................... 4

          B.     Defendants Fail To Show That The Convenience Of Witnesses And Parties Favors Massachusetts ...................................................... 6

          C.     Defendants Mischaracterize Their Own Evidence Regarding The Location Of Documents ......................................................... 7

          D.     Plaintiffs' Choice Of Forum Favors This Court ........................................ 9

          E.     The Interests Of Justice Favor This Court ................................................. 9

          F.     The Forum's Familiarity With The Governing Law Favors This Court ................................................................................... 11

CONCLUSION.................................................................................................................. 11

## TABLE OF AUTHORITIES

Cases                                                                                                          Page

*D.H. Blair & Co. v. Gottdiener,*
    462 F.3d 95 (2d Cir. 2006) ...............................................................................................10

*DataCatalyst, LLC v. Infoverity, LLC,*
    2020 WL 1272199 (S.D.N.Y. Mar. 17, 2020)............................................................4, 7, 11

*Dirienzo v. Philip Servs. Corp.,*
    294 F.3d 21 (2d Cir. 2002) ...................................................................................................9

*Hill v. Quigley,*
    2017 WL 11637970 (S.D.N.Y. Jan. 20, 2017) ......................................................................3

*In re Am. Realty Cap. Properties, Inc. Litig.,*
    2016 WL 11110435 (S.D.N.Y. Aug. 5, 2016).....................................................................11

*In re Geopharma, Inc.,*
    2005 WL 1123883 (S.D.N.Y. May 11, 2005) .......................................................................9

*In re Lehman Bros. Holdings Inc.,*
    594 B.R. 33 (Bankr. S.D.N.Y. 2018)....................................................................................9

*In re Pareteum Sec. Litig.,*
    2021 WL 3540779 (S.D.N.Y. Aug. 11, 2021)....................................................................11

*In re: Genworth Fin., Inc. Sec. Litig.,*
    2015 WL 3797163 (S.D.N.Y. June 16, 2015) ....................................................................11

*New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.,*
    599 F.3d 102 (2d Cir. 2010) .............................................................................................3, 4

Lead Plaintiffs Ryan Bibb, Rodney Samaan, Lionel Dreshaj, and Benjamin Dreshaj ("Lead Plaintiffs"), respectfully submit this memorandum of law in opposition to Defendants' motion to transfer venue to the U.S. District Court for the District of Massachusetts, and to Defendants' memorandum of law filed in support of the motion (Dkt. No. 61) (the "Motion").

**INTRODUCTION**

Defendants have failed to demonstrate any compelling reason to disturb the forum of this consolidated securities action. In particular, Defendants have not demonstrated that the locus of operative fact favors a transfer of this case to the District of Massachusetts. Defendants' argument principally relies on the fact that they have labeled their Cambridge office their "headquarters," despite their admissions that: i) Sesen's work is conducted in multiple offices in the United States and abroad; ii) neither Sesen Bio's CEO Defendant Cannell, nor its CFO Defendant Forbes, was based in Sesen Bio's ostensible Cambridge "headquarters;"[1] and iii) Sesen Bio's Cambridge "headquarters" consisted of three full-time employees—far smaller than other Sesen offices. Because witnesses are located throughout the United States, there cannot be a forceful argument that the convenience of witness or parties are favored by moving this case from New York to Massachusetts. Likewise, the efficiency of proceeding in New York has not been challenged and there is no question that the interests of justice are well served by having the case remain in the Southern District of New York in front a Court that is well familiar with the securities law underlying Plaintiffs' claims. Plaintiffs (two of whom reside in Westchester County) recognize that this will be a national litigation, but do not see any significant factors that favor the District of Massachusetts over their selection of the New York forum.[2]

---

[1]  Cannell worked full time from Philadelphia and Forbes from San Diego.

[2]  Without any pre-motion discussion with Plaintiffs' counsel, Defendants filed their transfer motion on eve of Thanksgiving seeking to have the case moved to a district where none of the

Defendants have failed to carry their burden to show that they meet the standards for transfer underlying 28 U.S.C. § 1404(a) by clear and convincing evidence, and the Motion should be denied. The unnecessary expense and delay of a transfer should be avoided, and this consolidated action should remain in this Court.

## BACKGROUND

This is a securities class action alleging violations of Section 10(b) of the Securities Exchange Act against Defendants Sesen Bio, Inc., its CEO Thomas Cannell, and its CFO Monica Forbes. Sesen Bio is a small, startup drug company with no FDA approved products. Lead Plaintiff Ryan Bibb initiated this action by filing the original complaint on August 19, 2021 (Dkt. No. 1) ("Original Complaint"), which alleged that Defendants materially misled investors regarding matters including the safety of Sesen Bio's lead product candidate Vicineum, and its prospects for FDA approval. Specifically, the Original Complaint alleged that Sesen Bio knew, but failed to disclose to investors:

> (1) that Sesen Bio's clinical trial for Vicineum had more than 2,000 violations of trial protocol, including 215 classified as major; (2) that three of Sesen Bio's clinical investigators were found guilty of serious noncompliance, including back-dating data; (3) that Sesen Bio had submitted the tainted data in connection with the BLA for Vicineum; (4) that Sesen Bio's clinical trials showed that Vicineum leaked out into the body, leading to side effects including liver failure and liver toxicity, and increasing the risks for fatal, drug-induced liver injury; (5) that, as a result of the foregoing, the Company's BLA for Vicineum was not likely to be approved; (6) that, as a result of the foregoing, there was a reasonable likelihood that Sesen Bio would be required to conduct additional trials to support the efficacy and safety of Vicineum; and (7) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

(Original Complaint at ¶10) (internal quotations removed).

---

Individual Defendants are located. Such gamesmanship and forum shopping should not be countenanced.

By order dated October 29, 2021 (Dkt. No. 48), the Court appointed Ryan Bibb, Rodney Samaan, Lionel Dreshaj, and Benjamin Dreshaj as Lead Plaintiffs on behalf of the proposed plaintiff investor class. On November 11, 2021 Lead Plaintiffs and Defendants submitted a Joint Stipulation and Order seeking a December 6, 2021 deadline for Lead Plaintiffs to file an amended complaint, and for Defendants' response to the amended complaint. In accord with that stipulation, Lead Plaintiffs are filing their amended complaint on December 6.

On November 24, 2021 (*i.e.*, the day before Thanksgiving) Defendants filed their Motion seeking to transfer this action to the District of Massachusetts. Despite the parties' prior scheduling discussions, Defendants had never before raised a possible transfer motion with Lead Plaintiffs. Based on the date on which Defendants chose to file the Motion and Local Civil Rule 6.1(b), Lead Plaintiffs' opposition to the Motion is due by December 8, 2021 (*i.e.*, two days after the stipulated due date for the amended complaint).

## LEGAL STANDARDS

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "[T]he party requesting transfer carries the burden of making out a strong case for transfer," and must meet a standard of "clear and convincing evidence." *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010) (internal quotes omitted). "[T]he Court retains broad discretion to transfer a case, and does so on a case-by-case basis in view of overall convenience and fairness." *Hill v. Quigley*, Case No. 12-cv-8691, 2017 WL 11637970, at *1 (S.D.N.Y. Jan. 20, 2017) (Hellerstein, J.).

Where an action could have been originally brought in the proposed transferee court, the presiding Court considers a number of factors, including:

3

(1) the convenience of witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.

*DataCatalyst, LLC v. Infoverity, LLC*, Case No. 20-cv-310, 2020 WL 1272199, at *3 (S.D.N.Y. Mar. 17, 2020) (Hellerstein, J.) (internal quotes and citation omitted).

## ARGUMENT

### I.     Defendants Fail To Carry Their Burden To Make A Strong Case For Transfer By Clear And Convincing Evidence

Defendants' Motion utterly fails to carry their burden to make a "strong case for transfer" to the District of Massachusetts by "clear and convincing evidence." *Lafarge*, 599 F.3d at 114. Defendants provide a hodgepodge of unpersuasive arguments regarding a handful of the relevant factors, while brushing others aside as "not relevant." *See* Mot. at 10. Defendants primarily rely on the assertion that their purported headquarters (where neither of Sesen Bio's two top officers work, and only three employees are based) is located in Cambridge.  As detailed below, Defendants fail to carry their burden, and the Motion should be denied.

### A.     Defendants Fail To Show A Locus Of Operative Facts In Massachusetts

Defendants claim a locus of operative facts in Massachusetts on the grounds that "[t]he alleged misstatements in press releases and SEC filings were all issued from Sesen's headquarters in Cambridge, Massachusetts." Mot. at 7.  Their sole support is a single sentence in the affidavit of Sesen Bio Senior Director of Finance Kirstin Anderson. Dkt. No. 62 ("Anderson Affidavit") at

¶8 ("All of the Company's press releases and SEC filings were also published from its Massachusetts headquarters.").

However, Defendants provide no explanation of what is supposed to be meant by "issued from" or "published from," or the factual basis for these bald assertions. Were the challenged statements conceived, prepared, and edited exclusively by persons located within Massachusetts? Or rather, do Defendants consider these statements to be "issued from" Massachusetts *per se*, simply because that is where they claim Sesen Bio (a Delaware corporation) is headquartered?

As admitted in the Anderson Affidavit, neither Sesen Bio's CEO nor its CFO were based in Massachusetts.  Anderson Affidavit at ¶¶5, 7. In fact, the vast majority of Sesen Bio employees worked outside of Massachusetts:

> As of December 31, 2020, we had twenty-seven full-time employees and no part-time employees . . . Three of our employees are located in our corporate headquarters in Boston, thirteen of our employees are located in our Winnipeg facility, and eleven of our employees are located in our Philadelphia office.

Dkt No. 63-1 at ECF page 4 of 5.[3] That is, Sesen Bio's Philadelphia office (where its CEO works) is over three times the size of the Cambridge office, and Sesen Bio's Winnipeg office is over four times of size of the Cambridge office. These admissions call into serious doubt  whether Sesen Bio's press releases and SEC filings can be described as being "issued from" Massachusetts, and the extent to which Sesen Bio personnel outside of Massachusetts in fact had substantial involvement in those statements. Furthermore, Sesen Bio's false and misleading SEC filings at issue were signed by Defendants Cannell and/or Forbes, showing that such statements likely issued from Philadelphia and/or San Diego. *See* Original Complaint at ¶¶28, 31, 36.

---

[3]    Defendants appear to refer to their same purported "headquarters" office as located in Boston and Cambridge, interchangeably.

Moreover, the false statements at issue herein are not limited to press releases and SEC filings, but include statements made by Defendant Cannell on Sesen Bio's conference calls with investors and analysts. *See* Original Complaint at ¶¶41-43. Defendants provide no evidence that Defendant Cannell made such statements from Massachusetts, rather than his Philadelphia office, or anywhere else for that matter.

### B.    Defendants Fail To Show That The Convenience Of Witnesses And Parties Favors Massachusetts

The convenience of parties and witnesses favors proceeding in this Court. Two of the four Lead Plaintiffs, Lionel Dreshaj and Benjamin Dreshaj, live in Westchester County, New York. Dkt. No. 38-4 at ¶¶4-5. According to the docket information for this action, all counsel who have entered appearances to date for Lead Plaintiffs or Defendants are based in Manhattan. Moreover, this Court is significantly closer to Sesen Bio's Philadelphia office (where its CEO works) than Boston. Due to numerous international airports in the New York metropolitan area, the Southern District of New York is the more convenient forum for the Sesen Bio employees in San Diego and Winnipeg as well.

Defendants claim that the convenience of parties and witnesses favors transfer to Massachusetts because "the Company is headquartered in Massachusetts, and many of the key witnesses and documents are *likely* to be there, too." Mot. at 8 (emphasis added). However, Defendants fail to substantiate their claim of the *likely* location of witnesses and documents, despite the fact that the location of Sesen Bio's witnesses and documents is within Defendants' exclusive knowledge. Defendants rely on the generic proposition that "the key witnesses are presumptively the officers and employees who participated in drafting or distributing the challenged statements and are generally located in the same place as the corporate headquarters,"

6

but provide no specific facts to show who drafted the challenged statements or where they were located *in this case*. Mot. at 8.

Defendants' use of the "headquarters" nomenclature to describe their three-person Cambridge micro-office says nothing about the location of relevant witnesses and documents. Defendants state that Sesen Bio's board "often" met in Massachusetts, but provide no details regarding where the Board met, when, what subjects were discussed, or whether such meetings had to be in person. Defendants state that one director is based in Massachusetts, but admit that another director (Defendant Cannell) was based in Philadelphia, and provide no information as to the remaining three board members. *See* Mot. at 8-9. Defendants proclaim that "current and former employees with knowledge of the preparations of the filings and statements at issue are *likely* to have worked out of the Company's headquarters," but fail to identify which employees have *actual* knowledge on these subjects or where those employees *actually* worked. Mot. at 9. This is a glaring omission given that such information is within Defendants' exclusive possession.[4]

**C.      Defendants Mischaracterize Their Own Evidence Regarding The Location Of Documents**

Although it is well established that "[t]he location of relevant documents is not a major consideration in an era of electronic records and eDiscovery," *DataCatalyst*, 2020 WL 1272199, at *4, Defendants' Motion makes various sweeping, unsupported, and even contradictory, claims regarding the location of relevant documents.

---

[4]      Defendants cryptically state that "[n]o former or current members of the Company's executive management team lived in New York during *all* relevant times to the Complaints." Mot. at 4 (emphasis added); *see also* Anderson Affidavit at ¶15 (same). Defendants appear to attempt to create the impression of ruling out New York witnesses, while notably leaving open the possibilities that (i) members of Sesen Bio executive management lived in New York during *some but not all* relevant times, (ii) members of Sesen Bio executive management *worked* in New York during relevant times, or (iii) Sesen Bio personnel *other than* "executive management" lived or worked in New York during relevant times.

Defendants first state "*[a]ll* of the Company's books and records, clinical trial data, and financial statements are either located in Sesen's Massachusetts headquarters or maintained by custodians who work there." Mot. at 1 (emphasis added). Defendants later scale back this hyperbole to claim that "*the majority* of the relevant documents, including Sesen's books and records as well as the clinical data of the trial at issue, are maintained by custodians within the District of Massachusetts." Mot. at 4. Defendants further walk back their initial assertion, stating "Sesen is headquartered in Massachusetts . . . and *many* of the relevant documents are stored there." Mot. at 6. However, even this diminished assertion is not supported by Defendants' evidence.

The only evidence provided by Defendants regarding the location of relevant documents is the following single sentence from the Anderson Affidavit:

> The majority of the relevant documents, including Sesen's books and records as well as the clinical data of the trial at issue, *are either* (a) maintained by custodians within the District of Massachusetts *or* (b) are *stored on cloud-based platforms*.

Anderson Affidavit at ¶12 (emphasis added). Defendants provide no information as to the division of relevant documents between those maintained by Massachusetts custodians versus those stored in the cloud. Defendants do not even attempt to explain what is meant by the vague and ambiguous phrase, "maintained by custodians within the District of Massachusetts." The Anderson Affidavit leaves open (perhaps intentionally) the distinct possibility that the vast majority of relevant documents are stored in the cloud and therefore equally accessible from any location. The Anderson Affidavit likewise leaves open the possibility that the vast majority of relevant documents are "maintained" (whatever that may mean to Defendants) by Philadelphia- or Winnipeg-based custodians.

8

Furthermore, Defendants simply ignore the fact that Philadelphia-based Defendant Cannell and San Diego-based Defendant Forbes will have substantial amounts of relevant documents at their primary workplaces outside of Massachusetts.

### D. Plaintiffs' Choice Of Forum Favors This Court

Defendants wrongly assert that Plaintiffs' choice of forum is not entitled to any weight whatsoever, because this action is brought on behalf of a nationwide class. *See* Mot. at 9. "When considering a motion to transfer venue, great deference is generally given to a plaintiff's choice of forum." *In re Lehman Bros. Holdings Inc.*, 594 B.R. 33, 56 (Bankr. S.D.N.Y. 2018). While courts may afford a lesser degree of deference to a plaintiff's choice of forum in a nationwide class action, "[a]ffording *less* deference to representative plaintiffs does not mean they are deprived of *all* deference in their choice of forum." *In re Geopharma, Inc.*, Case No. 04-cv-9463, 2005 WL 1123883, at *1 (S.D.N.Y. May 11, 2005) (emphasis added) (quoting *Dirienzo v. Philip Servs. Corp.*, 294 F.3d 21, 28 (2d Cir. 2002)). Here, Lead Plaintiffs, two of whom are New York residents, and all of the plaintiffs that filed the three initial complaints in this consolidated matter chose to litigate in this Court. Their choice is a relevant factor weighing against Defendants' requested transfer.

### E. The Interests Of Justice Favor This Court

Defendants argue that the interests of justice, specifically "judicial economy," weigh in favor of transfer because of the existence of two shareholder derivative actions in the District of Massachusetts. Mot. at 10. Defendants are incorrect due to (i) material differences between the instant action and the derivative actions, (ii) the uncertainty regarding whether the derivative actions are being actively litigated, and (iii) the fact that the instant action was filed prior to the derivative actions.

While the derivative actions have some factual overlap with the allegations of the instant action, the differences far outweigh the similarities. The derivative actions are brought *on behalf of*, and for the benefit of, Sesen Bio, whereas the instant action is brought directly by investors *against* Sesen Bio. The derivative actions bring numerous claims not at issue here, including breach of fiduciary duties, waste of corporate assets, unjust enrichment, abuse of control, and gross mismanagement. The derivative actions name several individual defendants (including members of the Sesen Bio board of directors) who are not parties to this action.

Moreover, it is unclear if the derivative actions are even being actively litigated. As of today's date, no activity appears on the *D'Arcy* action docket (D. Mass. Case No. 1:21-cv-11577) since a September 29, 2021 acknowledgement of service. As of today's date, no activity appears on the *Myers* action docket (D. Mass. Case No. 1:21-cv-11538) since the entry of a stipulated order on October 19, 2021 consolidating the *Myers* and *D'Arcy* actions, and giving the parties thereto until December 18, 2021 to submit a proposed schedule. *See* Dkt. No. 5 in the *Myers* action at ¶¶12-13. It is common that such derivative actions are even stayed pending the resolution of the securities action. As such, transferring to the derivative court would be a case of the tail wagging the dog.

Finally, even if the derivative actions were substantially similar to the instant action (they are not), and being actively litigated (which remains unclear), then under the "first-filed" rule their existence still would not support transfer. "[W]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). The instant action was filed on August 19, 2021. The *Myers* action was filed on September 20, 2021. The *D'Arcy* action was filed on September 24, 2021. Therefore, if any transfer were warranted, it

would be the transfer of the derivative actions to this Court, and certainly *not* the transfer of this action to the District of Massachusetts.

**F.        The Forum's Familiarity With The Governing Law Favors This Court**

Defendants contend that "[a] specific court's familiarity with governing law is not relevant in situations like this one because federal law applies . . . and federal courts are assumed to be equally able in apply it." Mot. at 10. As such, Defendants simply ignore the factor of "the forum's familiarity with the governing law," *DataCatalyst*, 2020 WL 1272199, at *3, as being "[n]ot [r]elevant." Mot. at 10. Defendants make this argument because they cannot reasonably argue that there is any greater expertise in their wished-for forum. The extensive securities class action experience of the Southern District of New York, and of this Court in particular, is surely a relevant consideration and should not be so lightly brushed aside. *See, e.g.*, *In re Pareteum Sec. Litig.*, Case No. 19-cv-9767, 2021 WL 3540779 (S.D.N.Y. Aug. 11, 2021) (Hellerstein, J.); *In re Am. Realty Cap. Properties, Inc. Litig.*, Case No. 15-mc-40, 2016 WL 11110435 (S.D.N.Y. Aug. 5, 2016) (Hellerstein, J.); *In re: Genworth Fin., Inc. Sec. Litig.*, Case No. 14-cv-2392, 2015 WL 3797163 (S.D.N.Y. June 16, 2015) (Hellerstein, J.).

## CONCLUSION

For the foregoing reasons, Defendants' motion to transfer this action to the District of Massachusetts should be denied.

Dated: December 6, 2021                    **GLANCY PRONGAY & MURRAY LLP**

                          By:  */s/ Matthew M. Houston*
                                Matthew M. Houston (MMH-2218)
                                712 Fifth Avenue, 31st Floor
                                New York, NY 10019
                                Telephone: (212) 935-7400
                                Facsimile: (212) 756-0346
                                mhouston@glancylaw.com

                                **GLANCY PRONGAY & MURRAY LLP**
                                Gregory B. Linkh (GL-0477)
                                230 Park Ave., Suite 358
                                New York, NY 10169
                                Telephone: (212) 682-5340
                                Facsimile: (212) 884-0988
                                glinkh@glancylaw.com

                                *Lead Counsel for Lead Plaintiffs and the Class*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On December 6, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 6, 2021, at New York, New York.

/s/ Matthew M. Houston
Matthew M. Houston

13