**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, NY 10017
T: 212-918-3000
F: 212-918-3100

*Attorneys for Defendants Sesen Bio, Inc.,*
*Thomas R. Cannell, and Monica Forbes*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SESEN BIO INC. SECURITIES LITIGATION | No. 1:21-cv-07025-AKH |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'**
**MOTION TO TRANSFER VENUE TO THE DISTRICT OF MASSACHUSETTS**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

ARGUMENT ..................................................................................................................... 2

I.      THE DISTRICT OF MASSACHUSETTS IS THE PROPER FORUM. ........................... 2

II.     TRANSFER TO THE DISTRICT OF MASSSACHUSETTS IS APPROPRIATE
        BECAUSE THE SECTION 1404(a) FACTORS POINT TO MASSACHUSETTS AND
        NOT NEW YORK. ...................................................................................................... 2

        A.      The Locus of Operative Facts Favors Transfer. ....................................... 2

        B.      Convenience to the Parties and Witnesses Favors Transfer. ................... 4

        C.      Plaintiffs' Choice of Forum Here Is Not Entitled to Deference. ............ 6

        D.      The Interests of Justice Weigh in Favor of Transfer. .............................. 7

        E.      The Remaining Factors Are Not Relevant. .............................................. 9

CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*In re A123 Sys., Inc. Sec. Litig.*,
      930 F. Supp. 2d 278 (D. Mass. 2013) ..................................................................................9

*Ackert v. Ausman*,
      198 F. Supp. 538 (S.D.N.Y. 1961) ....................................................................................6

*In re AtheroGenics Sec. Litig.*
      No. 05 Civ. 00061, 2006 WL 851708 (S.D.N.Y. Mar. 31, 2006) ......................................4

*Battle Construction Co., Inc. v. Invivo Therapeutics Holdings Corp.*,
      101 F. Supp. 3d 135 (D. Mass. 2015) ................................................................................9

*Blass v. Cap. Int'l Sec. Grp.*,
      No. 99 Civ. 5738, 2001 WL 301137 (E.D.N.Y. Mar. 23, 2001) ........................................3

*In re CenturyLink, Inc. Sec. Litig.*,
      No. 13 Civ. 03839, 2014 WL 1089116 (S.D.N.Y. Mar. 18, 2014) ....................................7

*City of Birmingham Firemen's & Policemen's Supplemental Pension Sys. v.
      Pluralsight, Inc.*,
      No. 19 Civ. 7563, 2019 WL 12496341 (S.D.N.Y. Oct. 24, 2019) .....................................5

*City of Pontiac Gen. Emps. Ret. Sys. v. Dell Inc.*,
      No. 14 Civ. 3644, 2015 WL 12659925 (S.D.N.Y. Apr. 30, 2015)......................................2

*City of Sterling Heights Police & Fire Ret. Sys. v. Kohl's Corp.*,
      No. 13 Civ. 5158, 2013 WL 5656086 (S.D.N.Y Oct. 9, 2013) .........................................3

*D.H. Blair & Co. v. Gottdiener*,
      462 F.3d 95 (2d Cir. 2006)................................................................................................8

*DataCatalyst, LLC v. Infoverity, LLC*,
      No. 20 Civ. 310, 2020 WL 1272199 (S.D.N.Y. Mar. 17, 2020) ....................................7, 9

*Fuji Photo Film Co. v. Lexar Media, Inc.*,
      415 F. Supp. 2d 370 (S.D.N.Y. 2006)................................................................................8

*Garity v. Tetraphase Pharms. Inc.*,
      No. 18 Civ. 06797, 2019 WL 2314691 (S.D.N.Y. May 30, 2019)..................................5, 7

*Garvey v. Arkoosh*,
      354 F. Supp. 2d 73 (D. Mass. 2005) ..................................................................................9

*In re Geopharma, Inc.*,
      No. 04 Civ. 9463, 2005 WL 1123883 (S.D.N.Y. May 11, 2005)......................................7

*In re Glob. Cash Access Holdings, Inc. Sec. Litig.*,
  No. 08 Civ. 3516, 2008 WL 4344531 (S.D.N.Y. Sept. 18, 2008) .......................................5

*Grobler v. Neovasc Inc.*,
  No. 16 Civ. 11038, 2016 WL 6897760 (D. Mass. Nov. 22, 2016)......................................9

*In re Hanger Orthopedic Grp., Inc. Sec. Litig.*,
  418 F. Supp. 2d 164 (E.D.N.Y. 2006) ........................................................................1, 4

*Kolancian v. Snowden*,
  532 F. Supp. 2d 260 (D. Mass. 2008) ................................................................................9

*In re Lehman Bros. Holdings Inc.*,
  594 B.R. 33 (Bankr. S.D.N.Y. 2018)................................................................................7

*MBCP Peerlogic LLC v. Critical Path, Inc.*,
  No. 02 Civ. 3310, 2002 WL 31729626 (S.D.N.Y. Dec. 5, 2002)......................................5

*Marotto v. Kellogg Co.*,
  No. 18 Civ. 3545, 2018 WL 10667923 (S.D.N.Y. Nov. 29, 2018) ....................................9

*McKeown v. Advest Inc.*,
  Nos. 05 Civ. 10176, 04 Civ. 11667,
  2006 WL 2974154 (D. Mass. 2006) ..................................................................................9

*Micromuse, Inc. v. Aprisma Mgmt. Tech. Inc.*,
  2005 WL 1241924 (S.D.N.Y. May 24, 2005) ....................................................................8

*In re Nematron Corp. Sec. Litig.*,
  30 F. Supp. 2d 397 (S.D.N.Y. 1998).........................................................................2, 3, 6

*Risberg ex rel. Aspen Tech., Inc. v. McArdle*,
  529 F. Supp. 2d 213 (D. Mass. 2008) ...............................................................................9

*In re Segue Software, Inc. Sec. Litig.*,
  106 F. Supp. 2d 161 (D. Mass. 2000) ................................................................................9

*Steck v. Santander Consumer USA Holdings Inc.*,
  No. 14 Civ. 6942, 2015 WL 3767445 (S.D.N.Y. June 17, 2015)...................................6, 9

*In re Stillwater Min. Co. Sec. Litig.*,
  No. 02 Civ. 2806, 2003 WL 21087953 (S.D.N.Y. May 12, 2003)....................................4

*Wilson v. MicroFinancial, Inc.*,
  No. 03 Civ. 11883, 2006 WL 1650971 (D. Mass. 2006)...................................................9

**Statutes**

28 U.S.C. § 1404(a) .............................................................................................................1, 2

15 U.S.C. § 78aa(a)..................................................................................................................................2

15 U.S.C. § 78aa(a)..................................................................................................................................2

Defendants Sesen Bio, Inc. ("Sesen" or the "Company"), Thomas R. Cannell, and Monica Forbes respectfully submit this reply in further support of their motion to transfer venue pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Massachusetts (ECF No. 61, "Mem.").[1]

## INTRODUCTION

Plaintiffs' Opposition fails to rebut Defendants' clear showing that transfer is warranted here. Indeed, Plaintiffs' Opposition confirms that there is *no* conduct that arose out of the Southern District of New York at issue in this matter. Sesen does not have a New York office, nor are any employees based there. All of the Company's relevant documents are maintained by custodians who work at Sesen's Massachusetts headquarters or stored on cloud-based platforms. All of the statements challenged by Plaintiffs were issued from Sesen's Massachusetts headquarters. The Chairman of Sesen's Board of Directors and the Company's auditor also are based in Massachusetts.

Given these clear facts demonstrating that transfer is warranted, Plaintiffs attempt to shift the Court's focus to the size of Sesen's headquarters and the location of other witnesses outside of Massachusetts. But this is unavailing. Plaintiffs do not and cannot contest that as a "practical matter," courts "routine[ly]" transfer putative securities fraud class actions like this dispute to the district in which the issuer is headquartered and in which the challenged statements were disseminated. *In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 168 (E.D.N.Y. 2006). There can be no real dispute that the relevant factors favor transferring this case to Massachusetts. And there is no reason to make an exception here given the lack of any

---

[1]    Unless otherwise noted, all terms have the meanings set forth in Defendants' Memorandum of Law in Support of Motion to Transfer Venue pursuant to 28 U.S.C. §1404(a) ("Moving Brief").

ties to New York. For the reasons stated in Defendants' Moving Brief, and as explained below, this lawsuit should be transferred to the U.S. District Court of Massachusetts.

## ARGUMENT

In their Moving Brief, Defendants carried their burden by "mak[ing] a clear and convincing showing that the balance of convenience favors [their] choice" of venue. *In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 400 (S.D.N.Y. 1998). Defendants demonstrated that transfer is warranted here because this case has no connection to New York and because the locus of operative facts and the interest of justice both point to the United States District Court for the District of Massachusetts. Nothing in Plaintiffs' Opposition changes this conclusion.

## I. THE DISTRICT OF MASSACHUSETTS IS THE PROPER FORUM.

The threshold question in a Section 1404(a) motion is whether the action could have been brought in the transferee court. Mem. at 5–6; *City of Pontiac Gen. Emps. Ret. Sys. v. Dell Inc.*, No. 14 Civ. 3644, 2015 WL 12659925, at *2 (S.D.N.Y. Apr. 30, 2015). Plaintiffs' Opposition does not dispute—nor could it—that the District of Massachusetts is a proper forum under 15 U.S.C. § 78aa(a), so the first question is satisfied.

## II. TRANSFER TO THE DISTRICT OF MASSSACHUSETTS IS APPROPRIATE BECAUSE THE SECTION 1404(a) FACTORS POINT TO MASSACHUSETTS AND NOT NEW YORK.

The second question on a Section 1404(a) motion is whether transfer is appropriate "considering the convenience of the parties and witnesses, and the interest of justice." *Dell*, 2015 WL 12659925, at *2; *see* Mem. at 6–10. Here, it is clear that transfer is appropriate.

### A. The Locus of Operative Facts Favors Transfer.

In their Moving Brief, Defendants demonstrated that Plaintiffs' case centers on allegedly false statements that were disseminated from Sesen's headquarters in Cambridge, Massachusetts. ECF No. 63-1 at 1, 2; *see* Mem. at 2. Plaintiffs suggest that transfer is unwarranted because

2

Sesen has operations in locations other than Massachusetts.  Plaintiffs cite no case law to demonstrate that the existence of operations outside of Massachusetts matters.

It is black letter law that "[m]isrepresentations and omissions are deemed to 'occur' in the district where they are transmitted or withheld."  *Blass v. Cap. Int'l Sec. Grp.*, No. 99 Civ. 5738, 2001 WL 301137, at \*5 (E.D.N.Y. Mar. 23, 2001).  The size of a defendant's headquarters relative to other locations is not relevant.  The District of Massachusetts is the "logical situs for resolution of this dispute," *Nematron*, 30 F. Supp. 2d. at 404, because it is the forum from which the allegedly false and misleading statements were issued.  *See City of Sterling Heights Police & Fire Ret. Sys. v. Kohl's Corp.*, No. 13 Civ. 5158, 2013 WL 5656086, at \*2 (S.D.N.Y Oct. 9, 2013).

Plaintiffs ask this Court to ignore the fact that Sesen is headquartered in Massachusetts.  They cite no legal authority or factual basis for doing so.  Instead, Plaintiffs suggest that the public statements at issue somehow did not come from Sesen's headquarters (even though Sesen's SEC filings have the Company headquarters address on the front page).  ECF No. 63-1 at 1.  As shown in the affidavit from Kirstin Anderson, Sesen's Senior Director of Finance, the filings came from Sesen's Cambridge, Massachusetts headquarters.  ECF No. 62 ("Anderson Aff.") ¶ 8.

Plaintiffs also suggest that individual defendants who lived outside of Massachusetts approved the challenged statements.  Plaintiffs suggest that other challenged statements came from conference calls that may have been conducted outside of Massachusetts.  Opp. at 5–6.  But Plaintiffs cannot overcome the fundamental principle that, "[w]hile there is no *per se* rule requiring or presumptively favoring the transfer of a securities-fraud action to the district where the issuer is headquartered, such transfers to the issuer's home district are routine as a practical

3

matter." *In re Hanger*, 418 F. Supp. 2d at 168.  The court in *In re AtheroGenics Securities Litigation* came to the same conclusion.  No. 05 Civ. 00061, 2006 WL 851708, at *3 (S.D.N.Y. Mar. 31, 2006).  In that case, the defendant company's headquarters was "the factual center of the case" because the press releases and public filings regarding the clinical trials that were at issue were "prepared in" the company's headquarters.  *Id*. (citing to defendant's affidavit that stated the relevant press releases and public statements "were prepared in" the company's headquarters); *see also In re Stillwater Min. Co. Sec. Litig*., No. 02 Civ. 2806, 2003 WL 21087953, at *5 (S.D.N.Y. May 12, 2003) (transferring case to Montana, where defendant company was headquartered).

Whether Defendant Cannell made statements from Philadelphia is irrelevant because Plaintiffs did not file suit in Pennsylvania.  They selected the Southern District of New York, which has no connection to the case.

**B.      Convenience to the Parties and Witnesses Favors Transfer.**

In their Moving Brief, Defendants showed that the convenience to both the parties and non-party witnesses favors transfer to Massachusetts.  Mem. at 8–9.  Plaintiffs gloss over or simply ignore the numerous connections of their allegations and claims to Massachusetts that make the District of Massachusetts the most convenient and only truly proper forum.  In short, Plaintiffs have failed to rebut Defendants' clear and convincing showing that transfer is appropriate.[2]

---

[2]      For example, Sesen's directors and officers' insurance broker and compensation consultant are based in Massachusetts.  Anderson Aff. ¶¶ 10–11.  Plaintiffs make no mention of this in the Opposition, much less offer a factual or legal rebuttal.  *See generally* Opp.  Similarly, the Company's Chair of the Board of Directors, as well as the team from Ernst & Young LLP (Sesen's external auditor), are also based out of Massachusetts, and the Board of Directors often meets in Massachusetts.  *Id*. ¶¶ 4, 9, 14; ECF No. 63 ("Regan Decl.") Ex. A at F-3.  Again, Plaintiffs do not mention or explain why this Court should ignore these connections to the District of Massachusetts.  *See generally* Opp.

These connections to Massachusetts are critical to the transfer analysis, despite Plaintiffs' attempt to suggest otherwise. The "convenience of the witnesses is generally considered the most important factor." *City of Birmingham Firemen's & Policemen's Supplemental Pension Sys. v. Pluralsight, Inc.*, No. 19 Civ. 7563, 2019 WL 12496341 (S.D.N.Y. Oct. 24, 2019) (Hellerstein, J.). Plaintiffs—without citing any legal authority—take issue with the fact that Sesen, prior to the filing of an operative complaint, could not identify an exact list of individuals and documents likely to be involved in this case. This is not relevant to the question of transfer. Courts do not consider whether a defendant has a definitive witness list when transferring litigation to a defendant company's "home venue." *See Garity v. Tetraphase Pharms. Inc.*, No. 18 Civ. 06797, 2019 WL 2314691, at *3 (S.D.N.Y. May 30, 2019) (finding that definitive witness list is not required to support motion to transfer); *In re Glob. Cash Access Holdings, Inc. Sec. Litig.*, No. 08 Civ. 3516, 2008 WL 4344531, at *4 (S.D.N.Y. Sept. 18, 2008) (same); *MBCP Peerlogic LLC v. Critical Path, Inc.*, No. 02 Civ. 3310, 2002 WL 31729626, at *4 (S.D.N.Y. Dec. 5, 2002) (same).

In an end run around well-established case law on this issue, Plaintiffs ask the Court to focus on irrelevant factors that cannot establish a basis to keep this case in the Southern District of New York. First, Plaintiffs note that two of the four named plaintiffs allegedly reside in Westchester County, New York. Opp. at 6. This is not important in securities class actions where a plaintiff purports to represent a nationwide class. *See Steck v. Santander Consumer USA Holdings Inc.*, No. 14 Civ. 6942, 2015 WL 3767445, at *9 (S.D.N.Y. June 17, 2015) ("[T]he residence of a class representative is often a mere happenstance, which may be discounted by a court when weighing transfer factors."); *see also In re Nematron*, 30 F. Supp. 2d at 402 (ignoring

5

that one of the named plaintiffs lived in the original venue and holding that "trials in securities class actions focus almost entirely on the defendants' conduct").[3]

Second, Plaintiffs argue that New York is more convenient for out-of-state witnesses because of the "numerous international airports" into the city. Opp. at 6. This ignores that flights to and from every major city in the United States and Canada arrive at, and depart from, Boston's Logan International Airport daily.

Finally, Plaintiffs try to make an issue out of the fact that Defendant Cannell lives in Philadelphia, Pennsylvania. This is irrelevant, however, as Plaintiffs did not file in Pennsylvania. Mem. at 9; s*ee, e.g.*, *Ackert v. Ausman*, 198 F. Supp. 538, 543, 545 (S.D.N.Y. 1961) (motion to transfer granted despite named defendants living outside of proposed forum). Plaintiffs do not address—let alone attempt to distinguish—Defendants' legal authorities on this issue. *See* Opp. at 7.

In short, it is clear that litigating this class action in the District of Massachusetts would be more convenient than in the Southern District of New York.[4]

## C.  Plaintiffs' Choice of Forum Here Is Not Entitled to Deference.

As explained in Defendants' Moving Brief, courts should give "little weight" to a plaintiff's forum selection in securities class actions brought on behalf of a proposed nationwide class of plaintiffs like this one. *Garity*, 2019 WL 2314691, at *2; *see also In re CenturyLink,*

---

[3]    Plaintiffs also highlight that the parties' lawyers are located in New York. Opp. at 6. This is not relevant to the present motion, nor do Plaintiffs provide any legal authority to support that it is.

[4]    Plaintiffs—once again without legal or factual authority—suggest that Defendants mischaracterize the location of potentially relevant documents. Opp. at 7–8. This is wrong and irrelevant. Defendants have consistently stated that many documents are maintained by custodians in Massachusetts or stored on cloud-based platforms. Mem. at 1, 4, 6; Anderson Aff. ¶ 12. Regardless, the "location of documents is entitled to relatively little weight" since documents can be easily transferred electronically. *Steck*, 2015 WL 3767445, at *7. Plaintiffs themselves admit that the location of "relevant documents is not a major consideration" in deciding a motion to transfer. *DataCatalyst, LLC v. Infoverity, LLC*, No. 20 Civ. 310, 2020 WL 1272199, at *4 (S.D.N.Y. Mar. 17, 2020).

6

*Inc. Sec. Litig.*, No. 13 Civ. 03839, 2014 WL 1089116, at *3 (S.D.N.Y. Mar. 18, 2014) ("Plaintiffs' choice of forum warrants only limited consideration.  Though a plaintiff's choice of forum is generally entitled to considerable weight, it is well settled in this district that such weight is reduced in a stockholder class action, where members of the class are dispersed throughout the nation.").

Plaintiffs cite *In re Lehman Bros. Holdings Inc*. for the proposition that "great deference is generally given to a plaintiff's choice of forum."  594 B.R. 33, 56 (Bankr. S.D.N.Y. 2018). That case, however, is about a Chapter 11 bankruptcy, not a securities class action.  In fact, the other case Plaintiffs cite on this issue states that, "in the class action context, plaintiff's choice of forum is given less deference" than in other circumstances.  *In re Geopharma, Inc*., No. 04 Civ. 9463, 2005 WL 1123883, at *1 (S.D.N.Y. May 11, 2005).

In short, Plaintiffs choice of New York—a forum with no ties to the claims against Defendants—should be given minimal consideration.  Given the other facts weighing in favor of transfer, the Court should grant Defendants' motion.

## D.  The Interests of Justice Weigh in Favor of Transfer.

Defendants' Moving Brief explained why the interests of justice, including judicial economy, weigh in favor of transfer to the District of Massachusetts.  Plaintiffs suggest that the form of, and procedural distinctions between a class action and a derivative suit undercut the judicial economy achieved by litigating both cases in the same forum. Opp. at 10.  That argument ignores that the class action and derivative case here arise from the same set of operative facts.  Both actions challenge Sesen's statements and disclosure of safety and clinical trial data from the VISTA Trial.  As a result, there will substantial efficiencies achieved at all stages of litigation, including discovery, if both matters are before the same court.

7

The Southern District of New York has repeatedly recognized that cases arises from the same set of operative facts should be litigated in the same forum.  For example, the court in *Fuji Film Co. v. Lexas Media, Inc.* transferred cases to a California court that was already presiding over similar—but not identical—claims.  415 F. Supp. 2d 370, 376-77 (S.D.N.Y. 2006).  Both the New York and California disputes involved different patents but the same underlying memory technology.  *Id.*  That commonality was sufficient to satisfy judicial economy and support transfer.  *Id.*; *see also Micromuse, Inc. v. Aprisma Mgmt. Tech. Inc.*, 2005 WL 1241924, at *4 (S.D.N.Y. May 24, 2005) (transferring case based on overlapping facts).

Plaintiffs also argue "it is unclear if the derivative actions are even being actively litigated."  Opp. at 10.  Here again, Plaintiffs again do not provide *any* case law to support their assertions.  Moreover, the question of which case is litigated first—the class action or the derivative case—has no bearing on the fact that having one court decide both matters, with their overlapping facts, promotes judicial economy.

Finally, Plaintiffs emphasize that the class action was filed before the derivative suits, so the "first-filed" rule should apply, barring transfer to the District of Massachusetts.  Opp. at 10.  That rule, of course, does not apply here, because the class action and derivative suits are not "competing lawsuits" under the "first-filed" rule.  *Id.* (citing *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 102 (2d Cir. 2006)).  *D.H. Blair* involved dueling "Petition[s] to Confirm in Part and Vacate in Part an Arbitration Award," and thus the court found it appropriate to apply the "first-filed" rule.  *See id.* at 106. ("[W]here there are two *competing* lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second.") (emphasis added); *see also Marotto v. Kellogg Co.*, No. 18 Civ. 3545, 2018 WL 10667923, at *3 (S.D.N.Y. Nov. 29, 2018) (Hellerstein, J.) ("[T]he first-filed rule has been

8

applied to class action suits filed by different plaintiff classes against the same defendant.  In that setting, for the rule to apply, 'identical or substantially similar parties and claims [must be]' present in both courts.").

### E.    The Remaining Factors Are Not Relevant.

Plaintiffs do not claim that the availability of process to compel unwilling witnesses to attend the litigation, the relative means of the parties, or trial efficiency favor transfer.  They do claim that this Court is better equipped to hear this securities class action because of its "familiarity with the governing law" stemming from the experience of presiding over other securities class actions.  Opp. at 11.  However, the judge assigned to the derivative case in the District of Massachusetts likewise has extensive experience in securities and derivative litigation. *See Grobler v. Neovasc Inc.*, No. 16 Civ. 11038, 2016 WL 6897760 (D. Mass. Nov. 22, 2016); *Battle Construction Co., Inc. v. Invivo Therapeutics Holdings Corp.*, 101 F. Supp. 3d 135 (D. Mass. 2015); *In re A123 Sys., Inc. Sec. Litig.*, 930 F. Supp. 2d 278 (D. Mass. 2013); *Risberg ex rel. Aspen Tech., Inc. v. McArdle*, 529 F. Supp. 2d 213 (D. Mass. 2008); *Kolancian v. Snowden*, 532 F. Supp. 2d 260 (D. Mass. 2008); *McKeown v. Advest Inc.*, Nos. 05 Civ. 10176, 04 Civ. 11667, 2006 WL 2974154 (D. Mass. 2006); *Wilson v. MicroFinancial, Inc.*, No. 03 Civ. 11883, 2006 WL 1650971 (D. Mass. 2006); *Garvey v. Arkoosh*, 354 F. Supp. 2d 73 (D. Mass. 2005); *In re Segue Software, Inc. Sec. Litig.*, 106 F. Supp. 2d 161 (D. Mass. 2000).

### CONCLUSION

For all these reasons, and the reasons set forth in Defendants' Moving Brief, Defendants respectfully request that this Court transfer this action, and any subsequently filed related actions, to the U.S. District Court of Massachusetts.

Dated:    December 13, 2021
          New York, NY

**HOGAN LOVELLS US LLP**

By: /s/ William M. Regan
William M. Regan
Allison M. Wuertz
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
T:  212-918-3000
F:  212-918-3100

*Attorneys for Defendants Sesen Bio, Inc., Thomas R. Cannell, and Monica Forbes*

10