EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ——————————————————— x | | |
| In re GENWORTH FINANCIAL, INC. SECURITIES LITIGATION | : | Master File No. 1:14-cv-02392-AKH |
| ——————————————————— | : | CLASS ACTION |
| | : | |
| This Document Relates To: | : | [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND |
| ALL ACTIONS. | : | REIMBURSEMENT OF THE CLASS REPRESENTATIVES' EXPENSES |
| ——————————————————— x | : x | PURSUANT TO 15 U.S.C. §78u-4(a)(4) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/16/17

THIS MATTER having come before the Court on November 15, 2017, for a hearing to determine, among other things, whether and in what amount to award Class Counsel in the above-captioned consolidated securities class action (the "Litigation") attorneys' fees and litigation expenses and Class Representatives City of Hialeah Employees' Retirement System ("City of Hialeah") and New Bedford Contributory Retirement System ("New Bedford") expenses relating to their representation of the Class. All capitalized terms used herein have the meanings as set forth and defined in the Stipulation of Settlement, dated as of June 15, 2017 (the "Stipulation"). The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing, substantially in the form approved by the Court (the "Notice"), was mailed to all reasonably identified Class Members; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *The Wall Street Journal* and transmitted over *Business Wire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of this Litigation and over all parties to the Litigation, including all Class Members who have not timely and validly requested exclusion and the Claims Administrator.

2. Notice of Class Counsel's motion for attorneys' fees and payment of expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private

Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

3.      Class Counsel are hereby awarded, on behalf of Plaintiffs' Counsel, attorneys' fees of 30% of the Settlement Amount (or $6,000,000), plus interest at the same rate earned by the Settlement Fund, and payment of litigation expenses in the amount of $576,617.55, plus interest at the same rate earned by the Settlement Fund, which sums the Court finds to be fair and reasonable.

4.      In accordance with 15 U.S.C. §78u-4(a)(4), for their representation of the Class, the Court hereby awards City of Hialeah reimbursement of its reasonable lost wages and expenses directly related to its representation of the Class in the amount of $4,948.00, and hereby awards New Bedford reimbursement of its reasonable lost wages and expenses directly related to its representation of the Class in the amount of $6,600.00.

5.      The awarded attorneys' fees and expenses and interest earned thereon shall be paid to Class Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6.      In making this award of attorneys' fees and litigation expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)      The Settlement has created a common fund of $20 million in cash and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of Plaintiffs' Counsel;

- 2 -

(b)    The requested attorneys' fees and litigation expenses have been approved as fair and reasonable by the Class Representatives, which are sophisticated institutional investors that have been directly involved in the prosecution and resolution of the Litigation and which have a substantial interest in ensuring that any fees paid to Plaintiffs' Counsel are duly earned and not excessive;

(c)    Over 41,700 copies of the Notice were disseminated to potential Class Members indicating that Class Counsel, on behalf of Plaintiffs' Counsel, would move for attorneys' fees in an amount not to exceed 30% of the Settlement Amount, plus accrued interest, payment of litigation expenses not to exceed $675,000, plus accrued interest, and the expenses of Class Representatives, as reimbursement of their reasonable lost wages and costs directly related to their representation of the Class;

(d)    There were no objections to the Settlement, Plan of Allocation or the application for attorneys' fees and expenses;

(e)    Plaintiffs' Counsel have expended substantial time and effort pursuing the Litigation on behalf of the Class;

(f)    The Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g)    Plaintiffs' Counsel pursued the Litigation on a contingent basis, having received no compensation during the Litigation, and any fee award has been contingent on the result achieved;

(h)    Plaintiffs' Counsel conducted the Litigation and achieved the Settlement with skillful and diligent advocacy;

(i)     Public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation;

(j)     The amount of attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Second Circuit; and

(k)     Plaintiffs' Counsel have devoted more than 21,480 hours, with a lodestar value of $10,717,448.25, to achieve the Settlement.

7.     Any appeal or any challenge affecting this Court's approval of any attorneys' fee and expense application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8.     Exclusive jurisdiction is hereby retained over the subject matter of this Litigation and over all parties to the Litigation, including the administration and distribution of the Net Settlement Fund to Class Members.

9.     In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: Nov. 15, 2017

_____
THE HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

-4-