# EXHIBIT 12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE GREENSKY SECURITIES LITIGATION | Case No. 18-cv-11071 (AKH) |

**ORDER ON CO-LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS'
FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT OF
LEAD PLAINTIFFS' COSTS AND EXPENSES**

Co-Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation

Expenses, and Reimbursement of Lead Plaintiffs' Costs and Expenses ("Fee Application") duly

came before the Court for a hearing on October 19, 2021. The Court has considered the Fee

Application and all supporting and other related materials, including the matters presented at the

October 19, 2021 hearing. Due and adequate notice having been given to the Class as required by

the Court's June 11, 2021 Preliminary Approval Order (Dkt. No. 187), and the Court having

considered all papers and proceedings had herein and otherwise being fully informed in the

proceedings and good cause appearing therefor:

NOW, THEREFORE, THE COURT FINDS, CONCLUDES AND ORDERS AS

FOLLOWS:

1.    This Order incorporates by reference the definitions in the Stipulation and

Agreement of Settlement (Dkt. No. 180) (the "Stipulation"), and all capitalized terms used, but not

defined herein, shall have the same meanings as in the Stipulation.

2.    This Court has jurisdiction over the subject matter of the Action and over all parties

to the Action, including all Class Members.

3.    Notice of the Fee Application was directed to Class Members in a reasonable

manner and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure, due process, and

the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

4.     Class Members have been given the opportunity to object to the Fee Application in compliance with Rule 23(h)(2) of the Federal Rules of Civil Procedure and no Class Member has objected to Co-Lead Counsel's request.

5.     The Fee Application is hereby GRANTED.

6.     Co-Lead Counsel are hereby awarded attorneys' fees in the amount of $6,250,000, inclusive of $200,786.46 in reimbursement for Co-Lead Counsel's litigation expenses (which fees and expenses shall be paid to Co-Lead Counsel from the Settlement Fund), both of which sums the Court finds to be fair and reasonable, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.

7.     The fees and expenses awarded in paragraph 6 hereof shall be paid to Co-Lead Counsel upon the initial distribution of the Net Settlement Fund to Authorized Claimants. Prior to such initial distribution, pursuant to paragraph 8.10 of the Stipulation, Co-Lead Counsel will apply to the Court for a Class Distribution Order, *inter alia*: (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (ii) approving payment of any outstanding Notice and Administration Costs from the Escrow Account up to $150,000, exclusive of the costs associated with dissemination of the Notice of Pendency previously authorized by the Court (*see* Dkt. Nos. 147-152); (iii) approving payment of the costs associated with dissemination of the Notice of Pendency; (iv) if the Effective Date has occurred, directing one or more payments of the Net Settlement Fund to Authorized Claimants from the Escrow Account in specified increments until, in the determination of the Claims Administrator, in consultation with Co-Lead Counsel, it is no longer economically feasible to

distribute the remaining funds, at which time any such remaining funds, after payment of any further Notice and Administration Costs and Taxes, shall be donated to the Legal Aid Society of New York City; and (v) such other relief as is appropriate. In support of their application for a Class Distribution Order, Co-Lead Counsel shall attach a report of the Claims Administrator detailing the amounts to be distributed to Authorized Claimants.

8.      Lead Plaintiffs have also requested reimbursement of their expenses incurred directly related to their representation of the Class in this Action. Pursuant to 15 U.S.C. § 77z-1(a)(4), an "award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class" may be made to "any representative party serving on behalf of a class."

9.      Lead Plaintiff Northeast Carpenters Annuity Fund is hereby awarded its expenses, including lost wages, in the amount of $4,103.20, which represents its reasonable costs and expenses directly related to its representation of the Class.

10.      Lead Plaintiff El Paso Firemen & Policemen's Pension Fund is hereby awarded its expenses, including lost wages, in the amount of $1,891.76, which represents its reasonable costs and expenses directly related to its representation of the Class.

11.      Lead Plaintiff Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge is hereby awarded its expenses, including lost wages, in the amount of $10,097.74, which represents its reasonable costs and expenses directly related to its representation of the Class.

12.      The amounts awarded in paragraphs 9-11 hereof shall be payable to Lead Plaintiffs upon the initial distribution of the Net Settlement Fund to Authorized Claimants.

13.      In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

a.  the Settlement has created a fund of $27,500,000 in cash that has been paid into an escrow account for the benefit of the Class pursuant to the terms of the Stipulation, and Class Members who submit acceptable Proof of Claim Forms will benefit from the Settlement that occurred because of the efforts of Co-Lead Counsel;

b.  the fee awarded, constituting approximately 22% of the Settlement Fund, is within an acceptable range of fees under the percentage of the fund approach;

c.  Co-Lead Counsel's total lodestar is $4,716,463.50, and the fee awarded represents a reasonable multiplier (approximately 1.28) of their aggregate lodestar, which is an acceptable multiplier under the lodestar approach;

d.  the fee sought by Co-Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiffs, sophisticated institutional investors;

e.  copies of the Notice were mailed to over 16,934 potential Class Members or their nominees stating that Co-Lead Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and reimbursement of litigation expenses in an amount not to exceed $250,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund;

f.  no Class Member has objected to the Fee Application; and

g.  the amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable.

14.     Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees or expenses application shall in no way disturb or affect the finality of the Order and Final Judgment entered with respect to the Settlement.

15.     Jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

16.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the terms of the Stipulation.

IT IS SO ORDERED.

Dated: New York, New York
        October 22, 2021

THE HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE