# EXHIBIT 14

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: OCT 28 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————— X
                                          :    Civil Action No.: 07-CV-00312-GBD
                                          :
IN RE CELESTICA INC. SEC. LITIG.          :    (ECF CASE)
                                          :
                                          :    Hon. George B. Daniels
                                          :
——————————————————— X

## [████████] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

THIS MATTER having come before the Court on July 28, 2015 for a hearing to determine, among other things, whether and in what amount to award Class Counsel in the above-captioned consolidated securities class action (the "Action") attorneys' fees and litigation expenses and Class Representative New Orleans Employees' Retirement System ("New Orleans") expenses relating to its representation of the Class. All capitalized terms used herein have the meanings as set forth and defined in the Stipulation and Agreement of Settlement, dated as of April 17, 2015 (the "Stipulation"). The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing, substantially in the form approved by the Court (the "Notice"), was mailed to all reasonably identified Class Members; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *The Wall Street Journal* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.     The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Class Members and the Claims Administrator.

1

2.    Notice of Class Counsel's motion for attorneys' fees and payment of expenses was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the motion for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

3.    Class Counsel is hereby awarded attorneys' fees in the amount of $9,000,000 plus interest at the same rate earned by the Settlement Fund (or 30% of the Settlement Fund, which includes interest earned thereon) and payment of litigation expenses in the amount of $1,392,450.33, plus interest at the same rate earned by the Settlement Fund, which sums the Court finds to be fair and reasonable.

4.    In accordance with 15 U.S.C. §78u-4(a)(4), for its representation of the Class, the Court hereby awards New Orleans reimbursement of its reasonable lost wages and expenses directly related to its representation of the Class in the amount of $3,645.18.

5.    The award of attorneys' fees and expenses may be paid to Class Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6.    In making the award to Class Counsel of attorneys' fees and litigation expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)    The Settlement has created a common fund of $30 million in cash and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the

2

Settlement created by the efforts of plaintiffs' counsel;

(b) The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Class Representatives, sophisticated institutional investors that have been directly involved in the prosecution and resolution of the Action and which have a substantial interest in ensuring that any fees paid to Class Counsel are duly earned and not excessive;

(c) Notice was disseminated to putative Class Members stating that Class Counsel would be moving for attorneys' fees in an amount not to exceed 30% of the Settlement Fund, plus accrued interest, and payment of litigation expenses, and the expenses of Class Representatives for reimbursement of their reasonable lost wages and costs directly related to their representation of the Class, in an amount not to exceed $2 million, plus accrued interest;

(d) There were no objections to the requested litigation expenses or to the expense request by New Orleans. The Court has received one objection to the fee request, which was submitted by Jeff M. Brown. The Court finds and concludes that Mr. Brown has not established that he is a Class Member with standing to bring the objection and it is overruled on that basis. The Court has also considered the issues raised in the objection and finds that, even if Mr. Brown were to have standing to object, the objection is without merit. The objection is therefore overruled in its entirety;

(e) Plaintiffs' counsel have expended substantial time and effort pursuing the Action on behalf of the Class;

(f) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g) Plaintiffs' counsel pursued the Action on a contingent basis, having

received no compensation during the Action, and any fee award has been contingent on the result achieved;

(h) Plaintiffs' counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(i) Public policy concerns favor the award of reasonable attorneys' fees in securities class action litigation;

(j) The amount of attorneys' fees awarded are fair and reasonable and consistent with awards in similar cases; and

(k) Plaintiffs' counsel have devoted more than 28,130.35 hours, with a lodestar value of $14,324,709.25 to achieve the Settlement.

7. Any appeal or any challenge affecting this Court's approval of any attorneys' fee and expense application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8. Exclusive jurisdiction is hereby retained over the subject matter of this Action and over all parties to the Action, including the administration and distribution of the Net Settlement Fund to Class Members.

9. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

Dated: JUL 28 2015 , 2015

_____
Honorable George B. Daniels
UNITED STATES DISTRICT JUDGE

4