EXHIBIT 15

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/18/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x

LANDMEN PARTNERS INC., Individually
and On Behalf of All Others Similarly Situated,

                    Plaintiff,

      vs.

THE BLACKSTONE GROUP L.P., et al.,

                  Defendants.

—————————————————————— x

Civil Action No. 08-cv-03601-HB-FM

CLASS ACTION

FINAL JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice to the Class ("Notice Order") dated August 30, 2013, on the unopposed application of Lead Plaintiffs for approval of the Settlement set forth in the Settlement Agreement, dated August 28, 2013 ("Stipulation"), and following a hearing on December 18, 2013. Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. This Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all members of the Class.

3. For purposes of this Judgment, as certified by the Court's August 13, 2013 Order, the Class is defined as all Persons who purchased the common units of The Blackstone Group L.P. ("Blackstone") in Blackstone's initial public offering ("IPO") or in the open market on the New

- 1 -

York Stock Exchange between June 21, 2007 and March 12, 2008, inclusive, and who sustained compensable damages in connection with any such purchase of Blackstone units pursuant to Sections 11 and 15 of the Securities Act of 1933.

Excluded from the Class are: (i) the persons who submitted valid and timely requests for exclusion from the Class, who are listed on Exhibit A hereto; (ii) Defendants; (iii) members of the immediate family of each of the Defendants; (iv) any Person that acted as an underwriter of the IPO; (v) any natural Person who sold Blackstone common units to the public in the IPO or who serves or served as an officer or director of Blackstone or as a partner of any predecessor to Blackstone, the members of the immediate families of any such persons, and any entity in which any of Defendants have or had a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded Person (collectively, "Excluded Persons").

For the avoidance of doubt, the Excluded Persons are excluded from the Class only to the extent they purchased Blackstone common units in the IPO for their own account and not for or on behalf of a third-party customer or for resale to customers. Further, to the extent that any of the Excluded Persons was a statutory "seller" who resold the Blackstone common units to a third-party customer, client, account, fund, trust, or employee benefit plan that otherwise falls within the Class, or purchased Blackstone common units in a fiduciary capacity or otherwise on behalf of any third-party customer, client, account, fund, trust, or employee benefit plan that falls within the Class, the Excluded Person is excluded from the Class but the third-party customer, client, account, fund, trust, or employee benefit plan is not excluded from the Class with respect to such purchases of Blackstone common units.

4. For purposes of this Judgment, as certified by the Court's August 13, 2013 Order, Lead Plaintiffs Martin Litwin and Francis Brady are Class Representatives, and Lead Counsel

Robbins Geller Rudman & Dowd LLP and Brower Piven, A Professional Corporation, are Class Counsel.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. There are no objections to the proposed Settlement.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Stipulation and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

7. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses, as to Defendants, the Action and all Released Claims of the Class with prejudice, without costs as to any Settling Party, except as and to the extent provided in the Stipulation and herein.

8. Upon the Effective Date hereof, and as provided in the Stipulation, Lead Plaintiffs shall, and each of the Class Members shall, be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

9. Upon the Effective Date hereof, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, Lead Counsel and Abraham Fruchter & Twersky LLP from all claims (including, without

- 3 -

limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action.

10. Upon the Effective Date hereof, and as provided in the Stipulation, Lead Plaintiffs and each of the Class Members who have not validly opted out of the Class, and their respective predecessors, successors, agents, representatives, attorneys, and affiliates, and the respective heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, derivatively, representatively, or in any other capacity, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Persons (whether or not such Class Members execute and deliver the Proof of Claim and Release forms) any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

11. Upon the Effective Date, Lead Plaintiffs and each of the Class Members who have not validly opted out of the Class, and their respective predecessors, successors, agents, representatives, attorneys, and affiliates, and the respective heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, derivatively, representatively, or in any other capacity, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

- 4 -

12. The Notice of Proposed Settlement of Class Action ("Notice") given to the Class in accordance with the Notice Order, entered on August 30, 2013, was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort, of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, the proposed Plan of Distribution of the proceeds of the Settlement set forth in the Notice, Lead Counsel's application for attorneys' fees and reimbursement of expenses, and Lead Plaintiffs' request for an award of reasonable costs and expenses relating to their representation of the Class, and said Notice and notice procedures fully satisfied the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and the requirements of due process. There are no objections to the Notice and/or notice procedures.

13. The Court hereby approves the Plan of Distribution as set forth in the Notice as fair and equitable. The Court directs Lead Counsel to proceed with processing Proofs of Claim and the administration of the Settlement pursuant to the terms of the Plan of Distribution and, upon completion of the claims processing procedure, to present to this Court a proposed final distribution order for the distribution of the Net Settlement Fund to eligible Class Members, as provided in the Stipulation and the Plan of Distribution. There are no objections to the Plan of Distribution.

14. The Court hereby awards Lead Counsel attorneys' fees equal to 33.33% percent of the Settlement Fund (including interest accrued thereon), and litigation expenses in the amount of $1,047,005.77, with interest to accrue thereon at the same rate and for the same periods as has accrued by the Settlement Fund from the date of this Judgment to the date of actual payment of said attorneys' fees and expenses to Lead Counsel as provided in the Stipulation. The Court finds the amount of attorneys' fees awarded herein are fair and reasonable based on: (a) the work performed

Case 1:08-cv-03601-ALC-FM Document 191 Filed 12/18/13 Page 6 of 9

and costs incurred by Lead Counsel; (b) the complexity of the case; (c) the risks undertaken by Lead Counsel and the contingent nature of their employment; (d) the quality of the work performed by Lead Counsel in this Action and their standing and experience in prosecuting similar class action securities litigation; (e) awards to successful plaintiffs' counsel in other, similar litigation; (f) the benefits achieved for Class Members through the Settlement; and (g) the absence of any objections from any Class Members to either the application for an award of attorneys' fees or expenses to Lead Counsel.

15.     The Court also finds that the requested expenses are proper as the expenses incurred by Lead Counsel, including the costs of experts, were reasonable and necessary in the prosecution of this Action on behalf of Class Members. There are no objections to Lead Counsel's application for reimbursement of their expenses.

16.     The Court approves payment of $15,000.00 to Lead Plaintiff Martin Litwin for his reasonable time and expenses (including lost wages) relating to their representation of the Class. Such payment shall be paid out of the Settlement Fund. There are no objections to Lead Plaintiff Litwin's application for reimbursement of his costs and expenses.

17.     All fees and expenses awarded or allowed in this Judgment shall, except as otherwise expressly provided in the Stipulation, be paid from the Settlement Fund.

18.     Lead Counsel may apply, from time to time, for any fees and/or expenses incurred by them solely in connection with the administration of the Settlement and distribution of the Net Settlement Fund to Class Members which, except as expressly provided in the Stipulation, shall be paid from the Settlement Fund.

19.     Neither appellate review nor modification of the Plan of Distribution set forth in the Notice, nor any action in regard to the motion by Lead Counsel for attorneys' fees and/or expenses

and the award of costs and expenses to Lead Plaintiffs, shall affect the finality of any other portion of this Judgment, nor delay the Effective Date of the Stipulation, and each shall be considered separate for the purposes of appellate review of this Judgment.

20. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants and/or the Released Persons may file the Stipulation and/or this Judgment from this Action in any other action in which they are parties or that may be brought against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; (d) payment of taxes by the Settlement Fund; (e) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation; and (f) any other matters related to finalizing the Settlement and distribution of proceeds of the Settlement.

22. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement

- 7 -

Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

23. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

24. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

25. The Court directs immediate entry of this Final Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: Dec 18, 2013

THE HONORABLE HAROLD BAER, JR.
UNITED STATES DISTRICT JUDGE

- 8 -

# EXHIBIT A
# BLACKSTONE: LIST OF EXCLUSIONS

| | **Name** | **City** | **St** | **Country** | **Zip** |
|---|---|---|---|---|---|
| 1 | LINA HU | OSHAWA | ON | CA | LIJ 7C6 |
| 2 | ESTATE OF ANTHONY J FABEC | WILLOUGHBY HILLS | OH | US | 44094 |
| 3 | WILLIAM PATTERSON | KINGS MOUNTAIN | NC | US | 28086 |
| 4 | MARY ANN SHOTWELL | VIRGILINA | VA | US | 24598 |
| 5 | RICHARD A LEWIS | BULLARD | TX | US | 75757 |
| 6 | JOHN MERCADENTE, JR. | READING | PA | US | 19606 |
| 7 | DOUGLAS BARHORST | SIDNEY | OH | US | 45365 |
| 8 | PATRICIA G NORMAN | KEARNEY | NE | US | 68845 |
| 9 | ESTATE OF RICHARD A NORMAN | KEARNEY | NE | US | 68845 |
| 10 | ROBERT W DUER | ALTA LOMA | CA | US | 91701 |
| 11 | ANIBAL MARRERO | CORAL GABLES | FL | US | 33134 |
| 12 | RUSS D SONNIER | NEW YORK | NY | US | 10150 |
| 13 | MARCUS E & JOANNE R NORTH | VICTORIA | TX | US | 77905 |
| 14 | SUZANNE EMETAROM | WALNUT CREEK | CA | US | 94595 |
| 15 | WILLIAM W & FRANCES E MAIN | ROBERTS | MT | US | 59070 |
| 16 | ANTHONY BRIENZA | COLD SPRING HARBOR | NY | US | 11724 |
| 17 | SHU HAO HUANG | SNOHOMISH | WA | US | 98296 |
| 18 | KENNETH O PARRIS | ATHENS | GA | US | 30604 |
| 19 | DUFF S MCEVERS | LAGUNA NIGUEL | CA | US | 92677 |
| 20 | SHERRIE L FRANTZ | EUGENE | OR | US | 97404 |
| 21 | DEBBIE CRINK | OMAHA | NE | US | 68138 |
| 22 | MARK A SUMMERS | MINNETRISTA | MN | US | 55364 |
| 23 | PAULINE MEYEROWITZ | FT LAUDERDALE | FL | US | 33308 |
| 24 | ANDREW WAHL | SAN FRANCISCO | CA | US | 94115 |