# EXHIBIT 16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

In re OSG SECURITIES LITIGATION

————————————————————

This Document Relates To:

ALL ACTIONS.

———————————————————— x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/2/15

Civil Action No. 1:12-cv-07948-SAS

CLASS ACTION

[PROPOSED] ORDER AWARDING
ATTORNEYS' FEES AND EXPENSES AND
REIMBURSEMENT OF LEAD
PLAINTIFFS' EXPENSES

1092739_1

This matter having come before the Court on December 1, 2015, on Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and Reimbursement of Lead Plaintiffs' Expenses ("Fee Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlements of this class action (the "Action") to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulations of Settlement filed with the Court and the Memorandum in Support of the Fee Motion submitted in support thereof. *See* Dkt. Nos. 232, 233, 234, and 246.

2.      This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3.      Notice of Lead Counsel's Fee Motion was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the Fee Motion met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, 15 U.S.C. §77z-1, the Securities Act of 1933, and 15 U.S.C. §78u-4(a)(7), the Securities Exchange Act of 1934, each as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      The Court hereby awards Lead Counsel attorneys' fees of 30% of the total recovery (consisting of the $16,250,000.00 obtained from the Settling Defendants, the $15,426,933.68 obtained to date in the Bankruptcy Court Settlement, as well as any additional funds received as a result of the Bankruptcy Court Settlement, which includes the contingent right to 15% of the net

- 1 -

1092739_1

proceeds of OSG's professional liability action against Proskauer Rose LLP and certain Individual Defendants (the "Proskauer Litigation")), plus expenses in the amount of $338,918.76, together with the interest earned on such amounts for the same time period and at the same rate as that earned on those amounts. The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

5.      The fees and expenses shall be allocated among Plaintiffs' Counsel in a manner which, in Lead Counsel's good-faith judgment, reflects the contributions of such counsel to the prosecution and settlement of the Action.

6.      The awarded attorneys' fees, expenses, and Lead Plaintiffs' expenses, shall be paid immediately to Lead Counsel and Lead Plaintiffs subject to the terms, conditions, and obligations of the Stipulations of Settlement.[1]

7.      In making the award to Lead Counsel of attorneys' fees and litigation expenses to be paid from the recovery, the Court has considered and found that:

        (a)     The Settlements have created a common fund of at least $31,676,933.68 and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlements created by the efforts of Lead Counsel;

        (b)     The requested attorneys' fees and payment of litigation expenses have been approved as fair and reasonable by the Lead Plaintiffs;

---

[1]     Pursuant to the terms of the Bankruptcy Court Settlement, a fixed payment of $5 million (of the $15.426 million Bankruptcy Court Settlement) is not due to be paid to the Class until a set period of time following resolution of the Proskauer Litigation (regardless of its outcome). The fee award on this portion of the recovery shall not be paid to Lead Counsel until after this $5 million payment is made.

- 2 -

(c)  Notice was disseminated to putative Class Members stating that Lead Counsel would be moving for attorneys' fees in an amount not to exceed 30% of the total amount of the recovery and payment of litigation expenses, plus interest earned on both amounts;

(d)  There were no objections to the requested attorneys' fees and payment of litigation expenses;

(e)  Lead Counsel have expended substantial time and effort pursuing the Action on behalf of the Class;

(f)  Lead Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee award has been contingent on the result achieved;

(g)  The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(h)  Lead Counsel conducted the Action and achieved the Settlements with skillful and diligent advocacy;

(i)  Public policy concerns favor the award of reasonable attorneys' fees in securities class action litigation;

(j)  The amount of attorneys' fees awarded are fair and reasonable and consistent with awards in similar cases within the Second Circuit; and

(k)  Plaintiffs' Counsel devoted 12,914.50 hours, with a lodestar value of $6,563,933.75 to achieve the Settlements.

8.  Any appeal or any challenge affecting this Court's approval regarding any attorneys' fee and expense application shall in no way disturb or affect the finality of the Judgments entered with respect to the Settlements.

- 3 -

9. The Court hereby awards Lead Plaintiff Stitchting Pensioenfonds DSM Nederland $10,000, Lead Plaintiff Indiana Treasurer of State $7,250, and Lead Plaintiff Lloyd Crawford $9,000, for their time and expenses incurred in representing the Class.

10. In the event that the Settlements are terminated or do not become Final or the Effective Date does not occur in accordance with the terms of the Stipulations, this Order shall be rendered null and void to the extent provided by the Stipulations and shall be vacated in accordance with the Stipulations.

IT IS SO ORDERED.

DATED: _12/2/15_

_____
THE HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE

- 4 -

1092739_1