# EXHIBIT 19

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/28/2016_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PENN WEST PETROLEUM LTD. SECURITIES LITIGATION | Master File No. 14-cv-6046-JGK |

## ~~[PROPOSED]~~ ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

This matter came on for hearing on June 28, 2016 (the "Settlement Fairness Hearing") on Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Fairness Hearing and otherwise; and it appearing that notice of the Settlement Fairness Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated February 12, 2016 (the "Stipulation") (ECF No. 121-1) and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses was given to all Settlement Class Members who or which could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.*, as amended, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Co-Lead Counsel are hereby awarded attorneys' fees in the amount of 20 % of the Settlement Fund and $ 320,317 47/100 in reimbursement of Co-Lead Counsel's litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Co-Lead Counsel shall allocate the attorneys' fees awarded amongst plaintiffs' counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.

5. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $19,759,282 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who or which submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Co-Lead Counsel;

2

(b)    The fee sought by Co-Lead Counsel has been reviewed and approved as reasonable by the Court-appointed Lead Plaintiffs, the City of Miami Fire Fighters' and Police Officers' Retirement Trust ("Miami FIPO") and Avi Rojany (collectively, "Lead Plaintiffs"), who oversaw the prosecution and resolution of the Action;

(c)    Copies of the Notice were mailed to over 315,000 potential Settlement Class Members and nominees stating that Co-Lead Counsel would apply for attorneys' fees in an amount not exceed 25% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $525,000;

(d)    Co-Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e)    The Action raised a number of complex issues;

(f)    Had Co-Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(g)    Co-Lead Counsel devoted over 4,800 hours, with a lodestar value of approximately $2,546,000, to achieve the Settlement;

(h)    The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases; and

(i)    There were two objections to the requested attorneys' fees and expenses submitted by the Shapiro Family Trust UAD 12/10/93 and Jesse E. Thompson. The Shapiro Family Trust UAD 12/10/93 and Mr. Thompson are not members of the Settlement Class and do not have standing to object. Moreover, the Court has considered these objections and found them to be without merit, and they are hereby denied.

(j)    For the reasons stated on the record the Court reduced the requested 3 fee from 25 % to 20 % of the recovery. The resulting fee is fair and reasonable.

6.      Lead Plaintiff Miami FIPO is hereby awarded $ ___241. 44___ from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

7.      Lead Plaintiff Avi Rojany is hereby awarded $ ___5,000 00/100___ from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class.

8.      Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

9.      Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

10.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

11.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this __28__ day of __May__, 2016.

_____
The Honorable John G. Koeltl
United States District Judge

4