**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SESEN BIO, INC. SECURITIES LITIGATION | Case No.: 1:21-cv-07025-AKH |

DECLARATION OF ZACHARY NYE, PH.D.
IN SUPPORT OF THE PROPOSED SETTLEMENT AND PLAN OF ALLOCATION

January 13, 2023

**Table of Contents**

I.      Background and Qualifications..................................................................................1

II.     Scope of Engagement ...............................................................................................1

III.    The Asset Pricing Theory of Call and Put Options..................................................2

IV.     Maximum Recovery for Options ..............................................................................9

I, Zachary Nye, Ph.D., declare as follows:

## I.    Background and Qualifications

1.    I am a financial economist and Vice President at Stanford Consulting Group, Inc. ("SCG").  Since 1981, SCG has provided economic research and expert testimony for business litigation, and regulatory and legislative proceedings.  All SCG professionals hold masters or doctoral degrees in business, economics, finance or operations research, and certain senior consultants have testified as experts in these fields.  I have an A.B. in Economics from Princeton University; an M.Sc. in Finance from the London Business School; and a Ph.D. in Finance from the Paul Merage School of Business at the University of California, Irvine.  I have co-authored academic research published in peer-reviewed conference proceedings, as well as working papers with finance faculty at various universities.  My research areas include the market efficiency of financial and derivative securities, volatility forecasting, risk management, financial econometrics, valuation and corporate finance.  I have previously served as an expert witness in matters involving securities litigation, as well as business and intellectual property valuation.  My curriculum vitae, which includes my academic research, publications in the past ten years, and prior expert testimony in the past four years, is attached hereto as Exhibit 1.

2.    My current hourly rate is $990.  I have received assistance from individuals at SCG, who worked under my direction; their fees charged for this project are their standard hourly rates. Neither my compensation nor that of any individual at SCG is contingent on the outcome of this litigation.

## II.    Scope of Engagement

3.    Previously, at the request of counsel for Plaintiffs, SCG assisted in developing the proposed plan of allocation of the Net Settlement Fund in the above-captioned matter (the "Plan

of Allocation"), which is described in the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").[1, 2]  I understand that the proposed Settlement Class consists of:

> all persons and entities that purchased or otherwise acquired Sesen Bio Common Stock, and/or Sesen Bio Call Options, and/or wrote Sesen Bio Put Options, between December 21, 2020, and August 17, 2021, inclusive, and who were damaged thereby.[3]

4.    In this Declaration, I provide a general description of the asset pricing theory of call and put options, and explain how the market prices of these "derivative securities" can be artificially inflated or deflated as a result of false or misleading statements and omissions. Additionally, I briefly describe the economic basis for limiting the Settlement proceeds available for Sesen Bio Call Options purchased during the Settlement Class Period, and Sesen Bio Put Options written during the Settlement Class Period, to a total amount equal to 2.0% of the Net Settlement Fund.

III.    The Asset Pricing Theory of Call and Put Options

5.    Generally speaking, "a financial option contract gives its owner the right (but not the obligation) to purchase or sell an asset at a fixed price at some future date. … A call option gives the owner the right to buy the asset; a put option gives the owner the right to sell the asset."[4] Moreover, call and put options are contracts between two parties.  For every option owner (a.k.a. an option holder), there is also an option writer (a.k.a. the option seller), who takes the other side

---

[1] The Notice is available at http://www.sesenbiosecuritiessettlement.com/.

[2] Herein, unless otherwise noted, all capitalized terms are as defined in the Notice.

[3] Notice, ¶22.

[4] Berk, Jonathan and Peter DeMarzo, *Corporate Finance*, Pearson Education, Inc., 1st ed., 2007, Ch. 20, p. 656.

of the contract.  Unlike the owner, however, the writer of a call/put option does not merely have to right to transact at some future date, but rather is obligated to sell/buy the underlying asset to/from the call/put option owner, in accordance with the terms of the contract.  For example, a put option is first created (or written) by an option writer, who specifies the terms under which he/she/it will be obligated to buy the underlying asset in the future.  The writer then sells this put option to a willing investor, who then owns the put option and henceforth has the right to sell the underlying asset to the writer of the put option.

6.    Exchange-traded stock options, like the Sesen Bio Call and Put Options,[5, 6] "allow their holders to exercise the option on any date up to and including a final date called the expiration date."[7]  An option holder exercises the option by enforcing the agreement to buy or sell a share of stock at the agreed-upon price, typically referred to as the "strike price" or "exercise price." Economically rational investors will exercise stock options when they stand to earn a profit.  For

---

[5] During the Settlement Class Period, Sesen Bio Call and Put Options traded on the Chicago Board Options Exchange ("CBOE").  The CBOE enables standardized, listed stock options to be traded on a centralized, regulated marketplace.  According to its website:

> The Options Clearing Corporation (OCC) issues substantially all Cboe options contracts.  The OCC is recognized as the vital mechanism which provides market and systemic safety to the listed securities options markets in the U.S.  As the issuer of exchange listed options, OCC in effect becomes the buyer to every clearing member representing a seller and the seller to every clearing member representing a buyer. …
>
> In addition to the OCC safeguards, Cboe has adopted its own rules and regulations to better ensure that a fair and orderly marketplace exists.  Both Cboe and the OCC operate under the jurisdiction of the SEC and are obligated to follow federal securities laws and regulations.

(*See* https://www.cboe.com/investor_protection/.)

[6] Exchange-traded options are traded in units called "contracts."  Each call (put) option contract entitles the holder of the call (put) option contract to purchase (sell) 100 shares of the underlying stock upon exercise, in this case Sesen Bio Common Stock.

[7] Berk, Jonathan and Peter DeMarzo, *Corporate Finance*, Pearson Education, Inc., 1st ed., 2007, Ch. 20, p. 656.

call options, it is profitable to exercise when the price of the underlying stock is greater than the strike price. The owner of a call option earns this profit by purchasing a share of the underlying stock from the option writer at a strike price that is lower than the share's prevailing market price, and thereby capturing this positive value differential or "payoff" (*i.e.*, payoff = market price – strike price).[8] When the market price of the underlying stock is less than or equal to the strike price, however, the owner of a call option will almost certainly choose not to exercise the option. In such instances, exercising a call option would incur a loss of wealth, since the owner would be required to purchase a share of stock for more money (at the strike price) than the share would return upon sale in the open market. Indeed, the owner would be better off just purchasing the share at its market price and leaving the call option unexercised for a payoff of $0.00. For these reasons, it is well known that the payoff of a call option is equal to:

    i.    $0.00, when the underlying stock price is less than or equal to the strike price; and

    ii.    the market price of the stock *minus* the strike price, when the underlying stock price is greater than the strike price.[9]

    7.    On the other hand, for put options, it is profitable to exercise when the price of the underlying stock is less than the strike price. The owner of a put option earns this profit by selling a share of the underlying stock to the option writer at a strike price that is greater than the share's prevailing market price. In doing so, the put option holder captures the difference between the strike price and the market price of the stock for a positive payoff (*i.e.*, payoff = strike price – market price).[10] When the market price of the underlying stock is greater than the strike price,

---

[8] *Id.*, p. 659.

[9] *Ibid.*

[10] *Id.*, p. 660.

however, the owner of a put option will almost certainly choose not to exercise the option. In such instances, exercising a put option would force the owner to sell a share of the underlying stock for less money than it would cost to purchase the share in the open market, thereby incurring a negative option payoff. Thus, the put owner would be better off leaving the option unexercised for a payoff of $0.00. For these reasons, it is well known that the payoff of a put option is equal to:

    i.    $0.00, when the underlying stock price is greater than or equal to the strike price; and

    ii.    the strike price *minus* the market price of the stock, when the underlying stock price is less than the strike price.[11]

8.      From these payoff functions, it is apparent that the ultimate cash flows generated by call and put options are dependent on the market price of the underlying stock. Hence, they are often referred to as "derivative securities." Moreover, "[f]rom the Law of One Price, the value of any security is determined by the future cash flows an investor receives from owning it."[12] Thus, as the future cash flows (*i.e.*, the payoffs) of put and call option are a function of the underlying stock price, so too must their present value, or market price, be a function of the underlying stock price. Indeed, it is widely recognized among financial economists that, "[f]or a given strike price, the value of a call option is higher if the current price of the stock is higher, as there is a greater likelihood the option will end up in-the-money. Conversely, put options increase in value as the stock price falls."[13]

9.      As a result of these dependencies, any artificial inflation present in an underlying stock price will necessarily result in artificially inflated call option prices, and artificially deflated

---

[11] *Ibid*.

[12] *Id*., p. 659.

[13] *Id*., p. 670.

put option prices.  In an efficient market, all of the factors which affected the value of Sesen Bio Common Stock during the Settlement Class Period would have been incorporated into any contemporaneous assessment of the value of the Call and Put Options on the stock.  Such factors would include any alleged misstatements or omissions that were material to investors in Sesen Bio Common Stock.  Thus, under Plaintiffs' theory of liability, if accurate information concerning the viability of Vicineum had been disclosed at the beginning of the Settlement Class Period, the price of Sesen Bio Common Stock would have declined at the outset to reflect the Company's allegedly worse cash flow prospects.  *Ceteris paribus*, the market prices of Sesen Bio Call Options also would have traded at lower prices, while the Put Options would have had higher prices, than those actually observed during the Settlement Class Period.

10.     Given the artificial inflation allegedly present in the prices of Sesen Bio Common Stock and Call Options, Plaintiffs' theory of damages is effectively that investors paid too much for stock and call options during the Settlement Class Period.  As for the Sesen Bio Put Options, Plaintiffs' theory implies that investors did not get paid enough for writing (*i.e.*, selling) put options during the Settlement Class Period.  Consistent with this theory of damages, the prices of Sesen Bio Common Stock and Call Options declined significantly after the relevant truth was revealed on the alleged Corrective Disclosure Dates,[14] while the prices of the Put Options increased significantly.  These price changes reflect the dissipation of the alleged artificial inflation present

---

[14] My understanding is that Plaintiffs allege Defendants' false and misleading statements and/or omissions were corrected on August 13, 2021, August 16, 2021, and August 18, 2021 (the "Corrective Disclosure Dates").  *See* Complaint, ¶¶7, 9, and 11.

in the prices of Sesen Bio Common Stock and Call Options, as well as the alleged artificial deflation present in the prices of the Put Options, during the Settlement Class Period.[15, 16]

11.     To illustrate the reactions of these three securities, Figure 1 below compares the price of Sesen Bio Common Stock to the prices of Call and Put Options prior to and after the alleged Corrective Disclosures in August 2021.[17]  In this example, the Call and Put Options have a strike price of $4.00 and an expiration date of September 17, 2021.[18]  On June 17, 2021, approximately two months prior to the alleged Corrective Disclosures, Sesen Bio Common Stock closed at $4.50 per share, and the Call Option was trading at approximately $1.58 per underlying share.[19]  However, following the series of alleged Corrective Disclosures, Sesen Bio Common Stock fell to $1.31, thereby rendering the Call Option virtually worthless.

---

[15] "Price impact can be shown either by an increase in price following a fraudulent public statement or a decrease in price following a revelation of the fraud." *Erica P. John Fund, Inc. v. Halliburton Co.*, 718 F.3d 423, 434 (5th Cir. 2013), *vacated and remanded on other grounds*, *Halliburton II*, 134 S. Ct. 2398 (U.S. 2014).

[16] *See also, e.g.*, Gold, Kevin L., Eric Korman and Ahmer Nabi, "Federal Securities Acts and Areas of Expert Analysis," *Litigation Services Handbook, The Role of the Financial Expert*, 6th ed., Ed. Roman L. Weil, Daniel G. Lentz, and Elizabeth A. Evans, John Wiley & Sons, Inc., 2017, Ch. 27, pp. 12–17, and 26 at footnote 56, discussing "'seller' suits in which sellers claim the price was depressed as a result of the fraud."

[17] Historical "end-of-day" summary data for Sesen Bio Call and Put Options during the Settlement Class Period was obtained from the CBOE.  (*See* https://datashop.cboe.com/option-eod-summary describing the CBOE DataShop's "Option EOD Summary" data.)  The CBOE "daily summary contains two market snapshots, one at 15:45 U.S. Eastern and another at end-of-day."  According to the CBOE, the 15:45 snapshot "is used for analytics as it is considered a more accurate representation of market liquidity compared to end-of-day." (*Ibid.*)

[18] An option series is defined as a set of call or put options with the same expiration date and strike price.  According to the CBOE data, during the Settlement Class Period, a total of 95 call option series and 95 put option series were traded.  The expiration dates for these options ranged from January 15, 2021 to February 18, 2022; the strike prices ranged from $1.00 to $9.00.

[19] Herein, option prices are estimated based on the average of the bid and ask price for the option series using the 15:45 snapshot in the CBOE EOD Summary data.

**Figure 1**



12. With respect to the Put Option, a writer of the option would have received approximately $1.13 per underlying share on June 17, 2021. However, following the series of alleged Corrective Disclosures in August 2021, the price of the Put Option increased to approximately $2.73 per underlying share. If the Put Option had been exercised at that time, the option writer would have been obligated to purchase the stock for $4.00 when it was trading at only $1.31, thereby incurring a total loss of $1.56 per underlying share (*i.e.*, $4.00 - $1.31 - $1.13).

13. Plaintiffs' theory of damages is that the actual losses incurred by investors who purchased Sesen Bio Common Stock and/or Call Options during the Settlement Class Period, as well as the losses incurred by investors who wrote Put Options, would have been largely avoided had the market prices of these securities not been tainted by Defendants' alleged misstatements

and omissions.  For instance, had it been known that the $4.50 closing price of Sesen Bio Common Stock on June 17, 2021 was really closer to $1.00, an economically rational investor would never have agreed to write a put option, with a strike price of $4.00 and an expiration date of September 17, 2021, for only $1.13 per underlying share.  Indeed, they would have insisted on a considerably higher price as compensation for writing a put option that could have been immediately exercised for a payoff of -$3.00 to the writer.

14.     Consistent with these principles of financial economics, the proposed distribution of the Net Settlement Fund under the Plan of Allocation is based on the actual losses investors incurred when the relevant truth was allegedly revealed on the Corrective Disclosure Dates.  In accordance with *Dura,* the Plan of Allocation only calculates a Recognized Loss for those investors who retained Sesen Bio Common Stock, Call Options, and/or written Put Options through at least one alleged Corrective Disclosure, and thereby suffered economic loss upon the revelation of the alleged fraud.[20]

## IV.     Maximum Recovery for Options

15.     During the Settlement Class Period, Sesen Bio Call and Put Option trading accounted for less than 2.0% of the total dollar trading volume for Sesen Bio Securities during the Settlement Class Period.[21]  As such, Settlement proceeds available for Sesen Bio Call Options purchased during the Settlement Class Period and Sesen Bio Put Options written during the Settlement Class Period are limited to a total amount equal to 2.0% of the Net Settlement Fund.  Thus, if the cumulative Recognized Loss amounts for Call and Put Option claims exceeds 2.0% of

---

[20] *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005) ("*Dura*").

[21] During the Settlement Class Period, the total dollar trading volume for Sesen Bio Call and Put Option was approximately $45.4 million; the total dollar trading volume for Sesen Bio Common Stock was approximately $4,025.1 million.  (Source: Bloomberg.)

all Recognized Losses, then the Recognized Loss for Call and Put Option claims will be reduced proportionately until they collectively equal 2.0% of all Recognized Losses.  In the event that the Net Settlement Fund, allocated as such, is sufficient to pay 100% of the options-based claims, any excess amount will be used to pay the balance on the remaining claims for Sesen Bio Common Stock purchases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 13, 2023, at Redwood City, California.

Zachary Nye, Ph.D.

**Exhibit 1**



702 MARSHALL STREET, SUITE 200
REDWOOD CITY, CA  94063
650.298.0200
WWW.SCGINC.COM

## Zachary R. Nye
*Email:* zach@scginc.com

### Education

**Ph.D. – University of California, Irvine**                                         2009
Finance                                                                  Irvine, California

- Dissertation: Macro-Augmented Volatility Forecasting.

- Research Interests: Market efficiency of underlying and derivative securities, volatility forecasting, risk management, financial econometrics, valuation and corporate finance.

- Teaching Experience: Corporate Finance, Investments, and Risk Management.

**M.Sc. – London Business School**                                               2004
Finance                                                                  London, England

- Earned distinction for Masters Thesis on the informational efficiency of credit-linked notes.

**A.B. – Princeton University**                                                   2001
Economics                                                             Princeton, New Jersey

### Employment History

**Vice President**                                                    Summer 2015 – present
Stanford Consulting Group, Inc.                                       Redwood City, California

The Stanford Consulting Group, Inc. provides economic research and expert testimony for business litigation, as well as regulatory and legislative proceedings.

Responsibilities include:

- quantifying economic damages (*e.g.*, present value of expected future earnings, price inflation, lost profits, unjust enrichment, reasonable royalties);

- enterprise, project, equity, debt, derivative-security and intellectual-property valuation;

- assessing the informational efficiency of financial securities;

- analyzing fairness opinions related to corporate mergers and acquisitions;

- econometric modeling and analysis;

- marginal cost analysis;

- preparing expert reports and declarations;

- providing deposition and trial testimony; and

- supporting counsel in preparation for cross examination of opposing experts.

**Senior Consultant**                                              Summer 2009 – Summer 2015
Stanford Consulting Group, Inc.                                       Redwood City, California

**Exhibit 1**

| | |
|---|---|
| **Associate** | Summer 2004 – Summer 2005 |
| Stanford Consulting Group, Inc. | Redwood City, California |
| | |
| **Mortgage Consultant** | Fall 2002 – Summer 2003 |
| Woolwich PLC | Oxford, UK |
| | |
| **Trading Desk Specialist** | Fall 2001 – Summer 2002 |
| Merrill Lynch, Defined Asset Funds | Plainsboro, New Jersey |

---

### Academic Research

Nye, Zachary and Mark Washburn, 2013, "Macro-Augmented Volatility Forecasting," *Western Decision Sciences Institute Proceedings*. Paper presented at the WDSI Annual Meeting, Long Beach, California, March 27, 2013. Winner of the 2013 Best Theoretical/Empirical Research Paper Awards.

Nye, Zachary and Philippe Jorion, 2009, "Macro-Augmented Volatility Forecasting," Working Paper, University of California at Irvine.

Nye, Zachary and Timothy C. Johnson, 2005, "Market Efficiency's Hidden Teeth: An Unambiguous Test for Derivative Securities," Working Paper, London Business School.

---

### Testimony

Halman Aldubi Provident and Pension Funds Ltd., et al. v. Teva Pharmaceuticals Industries Limited, et al., United States District Court, Eastern District of Pennsylvania, Case No. 2:20-cv-04660-KSM
| | |
|---|---|
| Deposition | November 4, 2022 |

John V. Ferris, et al. v. Wynn Resorts Limited, et al., United States District Court, District of Nevada, Case No. 2:18-cv-00479-GMN-DJA
| | |
|---|---|
| Deposition | August 26, 2022 |

Ali Karimi, et al. v. Deutsche Bank AG, et al., United States District Court, Southern District of New York, Case No. 1:22-cv-02854-JSR
| | |
|---|---|
| Deposition | August 12, 2022 |

Teresa Doskocz, et al. v. ALS Lien Services, et al., Superior Court of California, County of Contra Costa, Case No. C17-01486
| | |
|---|---|
| Deposition | April 23, 2018 |
| Deposition | March 8, 2022 |
| Deposition | April 14, 2022 |
| Trial | April 29, 2022 |

Paul Hayden, et al. v. Portola Pharmaceuticals, Inc., et al., United States District Court, Northern District of California, Case No. 3:20-cv-00367-VC
| | |
|---|---|
| Deposition | March 30, 2022 |

United States of America ex rel. Lori Morsell, et al. v. Symantec Corporation, United States District Court for the District of Columbia, Civil Action No. 12-cv-0800 (RC)
| | |
|---|---|
| Deposition | March 13, 2019 |
| Trial | March 22, 2022 |

**Exhibit 1**

United States of America ex rel. Tiffany Montcrieff, et al. v. Peripheral Vascular Associates, P.A., United States District Court for the Western District of Texas, San Antonio Division, Civil Action No. SA-17-CV-00317-XR
  Deposition                July 31, 2020
  Trial                     February 14, 2022

In re Advance Auto Parts, Inc. Securities Litigation, United States District Court, District of Delaware, Case No. 1:18-CV-00212-RGA
  Deposition                July 14, 2020
  Deposition                September 30, 2021

In re Allergan PLC Securities Litigation, United States District Court, Southern District of New York, Civil Action No. 18-CV-12089-CM
  Deposition                May 19, 2020
  Deposition                September 27, 2021

Gabby Klein, et al. v. Altria Group, Inc., et al., United States District Court, Eastern District of Virginia, Richmond Division, Case No. 3:20-cv-00075-DJN
  Deposition                August 31, 2021

In re Tahoe Resources, Inc. Securities Litigation, United States District Court, District of Nevada, Case No. 2:17-cv-01868-RFB-NJK
  Deposition                August 4, 2021

Hawaii Structural Ironworkers Pension Trust Fund, et al. v. AMC Entertainment Holdings, Inc., et al., United States District Court, Southern District of New York, Case 1:18-cv-00299-AJN-SLC
  Deposition                July 9, 2020
  Deposition                July 28, 2021

In re Mylan N.V. Securities Litigation, United States District Court, Southern District of New York, Case No. 1:16-CV-07926 (JPO)
  Deposition                November 22, 2019
  Deposition                July 20, 2021

Oregon Laborers Employers Pension Trust Fund, et al. v. Maxar Technologies Inc., et al., United States District Court, District of Colorado, Case No. 1:19-cv-00124-WJM-SKC
  Deposition                May 28, 2021

Roei Azar, et al. v. Yelp, Inc., et al., United States District Court, Northern District of California, Case No. 3:18-cv-00400-EMC
  Deposition                March 2, 2021

Roofers' Pension Fund, et al. v. Joseph C. Papa, et al., United States District Court, District of New Jersey, Civil Action No. 2:16-cv-02805-MCA-LDW
  Deposition                April 2, 2019
  Deposition                January 14, 2021

Utah Retirement Systems, et al. v. Healthcare Services Group, Inc., et al., United States District Court, Eastern District of Pennsylvania, Case No. 2:19-cv-01227-ER
  Deposition                December 10, 2020

Matt Karinski, et al. v. Stamps.com, Inc., et al., United States District Court, Central District of California, Case No. 2:19-cv-01828-MWF-SK
  Deposition                August 14, 2020

Alexandre Pelletier, et al. v. Endo International PLC, et al., United States District Court, Eastern District of New Pennsylvania, Civil Action No. 2:17-cv-05114-MMB
  Deposition                July 27, 2020

Page | 3

**Exhibit 1**

In re Zillow Group, Inc. Securities Litigation, United States District Court, Western District of Washington at Seattle, Case No. 2:17-cv-01387-JCC

       Deposition                  March 10, 2020

Joseph Prause, et al. v. TechnipFMC plc, et al., United States District Court, Southern District of Texas, Houston Division, Case No. 4:17-cv-02368

       Deposition                  February 5, 2020
       Deposition                  March 9, 2020

In re Quorum Health Securities Litigation, United States District Court, Middle District of Tennessee, Case No. 3:16-cv-02475

       Deposition                  August 17, 2018
       Deposition                  January 14, 2020

In re Snap Inc. Securities Litigation, United States District Court, Central District of California, Western Division, Case No. 2:17-cv-03679-SVW-AGR

       Deposition                  December 13, 2019

Jet Capital Master Fund, L.P., et al. v. American Realty Capital Properties, Inc., et al., United States District Court, Southern District of New York, Case No. 1:15-cv-00307-AKH

       Deposition                  July 26, 2019

City of Pontiac General Employees' Retirement System, et al. v. Dell Inc., et al., United States District Court, Western District of Texas, Austin Division, Case No. 1:15-cv-00374-LY

       Deposition                  April 19, 2017
       Deposition                  November 6, 2018

Pirnik v. Fiat Chrysler Automobiles N.V., et al., United States District Court, Southern District of New York, Case No. 1:15-CV-07199-JMF

       Deposition                  February 2, 2018
       Deposition                  September 13, 2018

Bradley Cooper, et al. v. Thoratec Corporation, et al., United States District Court, Northern District of California, Oakland Division, Case No. 4:14-cv-00360-CW

       Deposition                  March 6, 2018

L-3 Communications Corporation, et al. v. Serco, Inc., United States District Court for the Eastern District of Virginia, Case No. 1:15-cv-701-GBL-JFA

       Deposition                  October 22, 2015
       Deposition                  October 18, 2017

In re Juno Therapeutics, Inc., United States District Court of Western District of Washington at Seattle, Case No. C16-1069RSM

       Deposition                  October 4, 2017

Brad Mauss, et al. v. NuVasive, Inc., et al., United States District Court, Southern District of California, Case No.: 13-cv-02005-JM

       Deposition                  December 20, 2016
       Deposition                  August 28, 2017

In re Akorn, Inc. Securities Litigation, United States District Court, Northern District of Illinois, Eastern Division, Case No. 15-CV-01944

       Deposition                  June 21, 2017

**Exhibit 1**

In re Ocwen Financial Corporation Securities Litigation, United States District Court, Southern District of Florida, Case 14-81057-CIV-WPD

        Deposition                  September 23, 2016

        Deposition                  March 28, 2017

Stephen Calfo, et al. v. John P. Messina, Sr., et al., United States District Court, Southern District of New York, Civil Action No. 15 Civ. 04010 (LGS)

        Deposition                  January 5, 2017

In re EZCORP, Inc. Securities Litigation, United States District Court, Southern District of New York, Case No. 14-cv-6834 (ALC)

        Deposition                  October 14, 2016

Arthur Menaldi, et al. v. Och-Ziff Capital Management Group LLC, et al., United States District Court, Southern District of New York, No. 14-CV-03251-JPO

        Deposition                  October 3, 2016

Keith Thomas, et al. v. MagnaChip Semiconductor Corp., et al., United States District Court, Northern District of California, Case No. 3:14-cv-01160-JST

        Deposition                  September 16, 2016

In re Rocket Fuel, Inc. Securities Litigation, United States District Court, Northern District of California, Oakland Division, Case No. 4:14-cv-03998-PJH

        Deposition                  September 14, 2016

Barbara Strougo, Individually and on Behalf of All Others Similarly Situated v. Barclays PLC, et al., United States District Court, Southern District of New York, Case No. 14-cv-5797 (SAS)

        Deposition                  August 11, 2015

        Evidentiary Hearing     November 5, 2015

        Deposition                  June 16, 2016

In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation, United States District Court, District of New Jersey, Case Numbers: 05-cv-5060; 07-cv-4021; 07-cv-4022; 07-cv-4023; 07-cv-4024; 07-cv-4546; 11-cv-6259; and 15-cv-518

        Deposition                  December 6, 2013

        Deposition                  October 1, 2015

Richard Thorpe and Darrel Weisheit, Individually and on Behalf of All Others Similarly Situated v. Walter Investment Management Corp., et al., United States District Court, Southern District of Florida, Case No. 1:14-cv-20880-UU

        Deposition                  September 16, 2015

City of Austin Police Retirement System, *Individually and on Behalf of All Others Similarly Situated* v. Kinross Gold Corporation, et al., United States District Court, Southern District of New York, Civil Action No. 1:12-cv-01203-VEC-KNF

        Deposition                  November 19, 2014

In re El Paso Partners, L.P. Derivative Litigation, Court of Chancery of the State of Delaware, C.A. No. 7141-CS

        Deposition                  September 24, 2013

        Trial                       November 12 and 13, 2014

L-3 Communications Corporation, et al. v. Jaxon Engineering & Maintenance, Inc., et al., United States District Court for the District of Colorado, Civil Action No. 10-cv-02868-MSK-KMT

        Deposition                  August 7, 2014

**Exhibit 1**

Axa Corporate Solutions Assurance, et al. v. Honeywell International, Inc., et al., Superior Court of the State of Arizona in and for the County of Maricopa, No. CV2011-019334
          Deposition                    February 24, 2014

In re Heckmann Corporation Securities Litigation, United States District Court for the District of Delaware, Case No. 1:10-cv-00378-LPS-MPT
          Deposition                    November 9, 2012